

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **JOHN SCHEMITSCH**<br>*Senior Counsel*<br>phone: (212) 356-3539<br>fax: (212) 356-1148<br>jschemit@law.nyc.gov |

January 5, 2023

**VIA ECF**
Honorable Brian Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:   <u>Justin Sherwood v. City of New York, et al.</u>, 22-cv-7505 (BC)

Your Honor:

        I am a Senior Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendant City of New York.  Defendant writes to respectfully request a thirty-day extension of time to answer or other respond to the Complaint from January 6, 2023 to February 6, 2023, as well as an adjournment of the initial conference presently scheduled for January 24, 2023 at 6:00 p.m., until a date and time after defendant answers that is convenient to the Court in order to allow this office to investigate the claims alleged in the Complaint.  These are the first of such requests, which are made with plaintiff's consent.

        By way of background, plaintiff alleges, *inter alia*, claims of First Amendment Retaliation for reporting cars that were illegally parked in bike lanes, sidewalks, and bus stops.  There are several reasons for seeking an enlargement of time in this matter.  In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations set forth in the Complaint.  The undersigned was only recently assigned this matter and this office has not yet received any documents in order to investigate the allegations set forth in the Complaint.  Moreover plaintiff has advised that he intends to file an Amended Complaint within the next few weeks.  This extension of time and corresponding adjournment of the Initial Conference would permit this office to investigate and evaluate the claims in the complaint, properly respond to the allegations therein, and thereafter have a meaningful and productive Initial Conference.

        Additionally, according to the civil docket sheet, one of the individually named defendants, Officer John Madera, has been served with process in this case.  This office, however, has not discussed with Officer Madera the manner of service and we make no

representation herein as to the adequacy of service upon him. Assuming that Officer Madera was properly served, this enlargement may also allow this office time to conduct an inquiry to determine whether it will represent him in this action. See General Municipal Law § 50(k); Mercurio v. City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law). Finally, as this office has not discussed representation with Officer Brown, this request for an extension of time is not made on his behalf. However, given the time involved in determining the representation of an employee of the New York City Police Department, and in the interest of judicial economy, we hope that the court may, *sua sponte*, extend his time to respond as well.

        Thank you for your consideration herein.

        Respectfully submitted,

        /s/
        John Schemitsch
        *Senior Counsel*

cc:    **VIA ECF**
      *All Counsel of Record*