UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| JUSTIN SHERWOOD,<br><br>                                                                  Plaintiff,<br><br>                  -against-<br><br>THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT ("NYPD") DEPUTY INSPECTOR ADEEL S. RANA, AND NYPD OFFICER JOHN MADERA,<br><br>                                                    Defendants. | **DEFENDANT CITY OF NEW YORK'S ANSWER TO THE COMPLAINT**<br><br>22-CV-7505 (BMC)<br><br>**JURY TRIAL DEMANDED** |

------------------------------------------------------------------------ x

Defendant City of New York, by its attorney, Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for its answer to the Complaint, respectfully alleges, as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

2. Denies the allegations set forth in paragraph "2" of the Complaint, except admits that the City of New York is a municipal corporation organized under the laws of the State of New York and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint, except admits that Deputy Inspector Rana is an employee of the New York City Police Department.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint, except admits that Officer Madera is an employee of the New York City Police Department.

5. Denies the allegations set forth in paragraph "5" of the Complaint, except admits that Deputy Inspector Rana and Officer Madera are employees of the New York City Police Department.

6. States the allegations set forth in paragraph "6" of the Complaint are legal conclusions to which no response is required.

7. States the allegations set forth in paragraph "7" of the Complaint are legal conclusions to which no response is required.

8. States the allegations set forth in paragraph "8" of the Complaint are legal conclusions to which no response is required, except admits that Deputy Inspector Rana and Officer Madera are employees of the New York City Police Department.

9. States the allegations set forth in paragraph "9" of the Complaint are legal conclusions to which no response is required.

10. Denies the allegations set forth in paragraph "10" of the Complaint.

11. Denies the allegations set forth in paragraph "11" of the Complaint.

12. Denies the allegations set forth in paragraph "11" of the Complaint, except admits plaintiff purports to proceed as stated therein.

13. Denies the allegation set forth in paragraph "13" of the Complaint, except admits plaintiff purports to invoke the jurisdiction of the Court as stated therein.

14. Denies the allegation set forth in paragraph "14" of the Complaint, except admits plaintiff purports to invoke the jurisdiction of the Court as stated therein.

15. Denies the allegation set forth in paragraph "15" of the Complaint, except admits plaintiff purports to base venue as stated therein.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Denies the allegations set forth in paragraph "19" of the Complaint, except admit that this case was filed on December 9, 2022.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint, except respectfully refers the Court to the publication reference therein for its content.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint, except respectfully refers the Court to the publications reference therein for their content.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint.

52. Denies the allegations set forth in paragraph "52" of the Complaint.

53. Denies the allegations set forth in paragraph "53" of the Complaint.

54. Denies the allegations set forth in paragraph "54" of the Complaint.

55. In response to the allegations set forth in paragraph "55" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

56. Denies the allegations set forth in paragraph "56" of the Complaint.

57. Denies the allegations set forth in paragraph "57" of the Complaint.

58. Denies the allegations set forth in paragraph "58" of the Complaint.

59. Denies the allegations set forth in paragraph "59" of the Complaint.

60. Denies the allegations set forth in paragraph "60" of the Complaint.

61. Denies the allegations set forth in paragraph "61" of the Complaint.

62. Denies the allegations set forth in paragraph "62" of the Complaint.

63. In response to the allegations set forth in paragraph "63" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

64. Denies the allegations set forth in paragraph "64" of the Complaint.

65. States the allegations set forth in paragraph "65" of the Complaint are legal conclusions to which no response is required.

66. States the allegations set forth in paragraph "66" of the Complaint are legal conclusions to which no response is required.

67. Denies the allegations set forth in paragraph "67" of the Complaint.

68. Denies the allegations set forth in paragraph "68" of the Complaint.

69. Denies the allegations set forth in paragraph "69" of the Complaint.

70. Denies the allegations set forth in paragraph "70" of the Complaint.

71. Denies the allegations set forth in paragraph "71" of the Complaint.

72. Denies the allegations set forth in paragraph "72" of the Complaint.

73. Denies the allegations set forth in paragraph "73" of the Complaint.

74. In response to the allegations set forth in paragraph "74" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

75. States the allegations set forth in paragraph "75" of the Complaint are legal conclusions to which no response is required.

76. Denies the allegations set forth in paragraph "76" of the Complaint, including subparts.

77. Denies the allegations set forth in paragraph "76" of the Complaint.

**FIRST AFFIRMATIVE DEFENSE:**

78. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

79. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and was not the proximate result of defendants.

**THIRD AFFIRMATIVE DEFENSE:**

80. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**FOURTH AFFIRMATIVE DEFENSE:**

81. Plaintiff has failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

**FIFTH AFFIRMATIVE DEFENSE:**

82. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

**SIXTH AFFIRMATIVE DEFENSE:**

83. Defendant Deputy Inspector Rana had no personal involvement in the incidents alleged in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE:**

84. Punitive damages cannot be assessed against defendant City of New York.

**EIGHTH AFFIRMATIVE DEFENSE:**

85. Plaintiff has failed to mitigate his alleged damages.

**WHEREFORE,** defendants requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       January 9, 2023

                                               HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of
  New York
*Attorney for Defendant City*
100 Church Street, Room 3-209
New York, New York 10007
(212) 356-3539

By:

    /s/
_____
John Schemitsch
*Senior Counsel*

cc:     **VIA ECF**
        *All Counsel of Record*