**Gideon Orion Oliver**
—ATTORNEY AT LAW—
He/him/his

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914*

*Not for service

January 19, 2023

**BY ECF**
Hon. Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Justin Sherwood v. City of New York, et al.,</u> 22-cv-7505 (BMC)

Your Honor:

      I am co-counsel for Plaintiff Justin Sherwood in the above-captioned matter. I write in compliance with the Court's December 12, 2022 scheduling order (ECF 6) jointly with opposing counsel to provide the Court with "a brief description of the case, including factual, jurisdictional, and legal basis for the claim(s) and defense(s); and addressing any contemplated motions."

      **Plaintiff's section:** All of the factual allegations below are taken from the Complaint. At all relevant times, Plaintiff Justin Sherwood has reported people who park illegally in bike lanes, sidewalks and bus stops in his downtown Brooklyn neighborhood, to the City through its 311 service. Many of those Mr. Sherwood reports are affiliated with the New York City Police Department ("NYPD") or other City agencies. This lawsuit centers on a September 10, 2021 incident, in which Mr. Sherwood made a number of such 311 complaints, after which he received a phone call from a blocked number. In response, Defendant NYPD Officer John Madera called Mr. Sherwood from a blocked number, falsely identifying himself as Josh Hader, a New York City 311 operator. (Mr. Sherwood only learned it was in fact Defendant Madera who had called him as a result of a subsequent New York City Civilian Complaint Review Board ("CCRB") investigation). Among other things, Defendant Madera mentioned that the location Mr. Sherwood had complained about was in front of a NYPD transit precinct. He also threatened Mr. Sherwood that, because Mr. Sherwood had submitted multiple 311 complaints, he might be barred from submitting 311 complaints altogether going forward.

      After Defendant Madera's call impersonating a 311 operator, Mr. Sherwood complained to the CCRB, the New York City Police Department's Internal Affairs Bureau, the City's Department of Investigation and New York City Council Member Stephen Levin.

Through Council Member Levin, Mr. Sherwood learned that Defendant NYPD Inspector Adeel S. Rana – who was, upon information and belief, Defendant Madera's supervisor – was aware of the September 10, 2021 incident, and apparently did not take action to investigate, supervise, or discipline his subordinates, including Defendant Madera, related to the incident.

On November 8, 2022, the CCRB informed Mr. Sherwood that it had substantiated allegations of discourtesy, abuse of authority, and making a false statement to the CCRB, and recommended that the NYPD impose a Command Discipline and bring Charges and Specifications, against Defendant Madera related to the incident. Aside from that investigation and recommendation, the City has not taken any steps to supervise or discipline the individual Defendants, as far as Plaintiff is aware.

The Complaint pleads the following claims:

1. First Amendment retaliation against the individual Defendants;
2. Municipal liability against Defendant City of New York, including based on a theory that the City has failed to supervise and/or discipline Defendant Madera and other City employees who have engaged in similar misconduct; and
3. Claims under New York state law, including, but not limited to: *Prima facie* tort, intentional and negligent infliction of emotional distress, negligent hiring, screening, retention, supervision, and/or training; and violations of Mr. Sherwood's rights under the New York State Constitution.

As to the state law claims, as pleaded in the Complaint, Plaintiff has initiated an action in New York County Supreme Court seeking leave to file a Notice of Claim related to Plaintiff's state law claims out of time. That action has since been assigned New York County Supreme Court Index No. 160550/2022 and the Order to Show Cause filed by Plaintiff as Petitioner is currently returnable on January 26, 2023, and will likely be adjourned to February 23, 2023.

The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367. Venue is proper pursuant to 28 U.S.C. § 1391, *et seq.,* in the Eastern District of New York, where Defendant City of New York resides, and where the majority of the actions complained of herein occurred.

On January 16, 2023, Mr. Sherwood filed an action against Defendant City of New York and Rana and a number of other NYPD members raising similar claims to those at issue in this lawsuit arising from similar instances of retaliation in response to Mr. Sherwood's making 311 complaints by other individual NYPD members on other dates, which has been assigned Index No. 23-cv-00282. Plaintiff marked the case as related to this one. The Court has not yet assigned a judge or issued summonses. On January 17, 2023, I sent defense counsel in this matter a courtesy copy of the complaint in the second action.

Plaintiff intends to move to amend the complaint in this matter, preferably after the outcome of the pending state court application with respect to the late notice of claim, including, but not limited to (1) to amplify the pleadings as to the municipal liability claim; (2) to reflect the

outcome of the state court applications as to the state law claims; and (3) to add a claim under New York Civil Rights Law § 79-P.

**Defendant's section:** Plaintiff in this matter alleges that on September 10, 2021, he observed eight vehicles parked on Schermerhorn Street in Brooklyn, New York in a bike lane and/or on sidewalks, and that he then made 311 complaints regarding these vehicles. Plaintiff claims he thereafter received a phone call from an individual who identified himself as a 311 operator, and who informed plaintiff that he might be barred from submitting complaints to 311 going forward as he had submitted multiple complaints. Plaintiff claims that this individual who called him was not, in fact, a 311 operator, but was defendant NYPD Officer John Madera, and that the NYPD's Civilian Complaint Review Board and Internal Affairs Bureau investigated the incident, resulting in disciplinary charges brought against Officer Madera. Plaintiff further alleges that Deputy Inspector Rana, was Officer Madera's Commanding Officer at this time, should have known about any such conduct and investigated, intervened, or disciplined Madera.

Defendant City of New York has asserted defenses, *inter alia*, that the Complaint fails to state a claim upon which relief can be granted, that the plaintiff has not complied with New York General Municipal Law Section 50(e), and that defendant Deputy Inspector Rana[1] has no personal involvement in the incidents alleged in the Complaint.

First, defendant City anticipates moving to dismiss this case on grounds that plaintiff has failed to state a claim against the City of New York. To state a claim for municipal liability under Monell v. Dep't of Social Services, 436 U.S. 658, 690 (1978), a plaintiff must alleged at least one of the following: (1) the existence of a formal policy, officially promulgated or adopted by a municipality, (2) the official responsible for establishing policy, with respect to the subject matter in question to the specific action, caused the alleged violation of the plaintiff's rights, (3) the existence of an unlawful practice by subordinate officials so permanent and well settled to constitute "custom or usage," with proof that this practice was so manifest as to imply the acquiescence of policy-making officials, or (4) a failure to train or supervise that amounts to "deliberate indifference" to the rights of those with whom the municipality's employee's interact. Here, plaintiff's claim should be dismissed as he merely states conclusory allegations of municipal policy and practice and fails to allege facts from which the court may infer an actual causal link between the alleged custom or policy and alleged constitutional violation. See, e.g., Cuevas v. City of New York, No. 07-CV-4169 (LAP), 2009 U.S. Dist. LEXIS 114984, at *12 (S.D.N.Y. Dec. 7, 2009).

---

[1] This office has determined that Inspector Rana is eligible for representation by this Office pursuant to General Municipal Law 50-k and is in the final stages of memorializing that agreement. Representation of Inspector Rana should be resolved by the initial conference on January 24, 2023. This Office has decided to decline representation of Officer Madera pursuant to the General Municipal Law, and is in the process of informing Officer Madera of this decision so that he can obtain separate counsel in this matter.

Second, plaintiff has not filed a timely notice of claim under New York General Municipal Law Section 50(e), as noted in the Complaint.  As such, plaintiff' state law claims fail, including any *respondeat superior* claims against defendant City.

Finally, upon resolving the issue of representation for Deputy Inspector Rana, defendant Rana anticipates moving to dismiss the claims against him for his lack of personal involvement. "In order to state a plausible claim for relief under Section 1983, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation." Rodrigues v. Inc. Vill. of Mineola, No. 16-CV-1275 (JFB)(GRB), 2016 U.S. Dist. LEXIS 187859, at *7 (E.D.N.Y. June 16, 2016).  Plaintiff alleges no involvement in this incident of Deputy Inspector Rana, beyond an apparent supervisory liability claim, which is not viable in a Section 1983 action. See Tangreti v. Bachmann, 983 F.3d 609, 619 (2d. Cir 2020) (a plaintiff must plead that the supervisor violated the Constitution by their "own conduct, not by reason of [the defendant's] supervision of others who committed the violation").

The parties thank Your Honor for the Court's attention to these matters.

Respectfully submitted,

/S/

Gideon Orion Oliver