UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JUSTIN SHERWOOD,

          Plaintiff,

  -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT ("NYPD") DEPUTY INSPECTOR ADEEL S. RANA, AND NYPD OFFICER JOHN MADERA

          Defendants.

----------------------------------------------------------------X

**ANSWER WITH CROSS-CLAIMS**

22-CV-7505 (BMC)

Jury Trial Demanded

  Defendant NEW YORK CITY POLICE OFFICER JOHN MADERA, by his attorneys Worth, Longworth and London LLP, hereby answers Plaintiff's Complaint as follows:

## PARTIES

1. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 1.

2. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 2.

3. Admit the allegations contained in paragraph 3.

4. Admit the allegations contained in paragraph 4.

5. Admit the allegations contained in paragraph 5.

6. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 6, except admit that at all relevant times mentioned in the complaint Defendant NEW YORK CITY POLICE OFFICER JOHN MADERA was performing his duties lawfully, under color of law and within the scope of his employment as a New York City Police Officer.

1

7. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 7, except admit that at all relevant times mentioned in the complaint Defendant NEW YORK CITY POLICE OFFICER JOHN MADERA was performing his duties lawfully, under color of law and within the scope of his employment as a New York City Police Officer.

8. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 8, except admit that at all relevant times mentioned in the complaint Defendant NEW YORK CITY POLICE OFFICER JOHN MADERA was performing his duties lawfully, under color of law and within the scope of his employment as a New York City Police Officer.

9. Deny the allegations contained in paragraph 9.

10. Deny the allegations contained in paragraph 10.

11. Deny the allegations contained in paragraph 11.

12. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 12.

## JURISDICTION AND VENUE

13. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 13.

14. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 14.

15. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 15.

## ON PLAINTIFF'S STATE LAW CLAIMS

16. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 16.

17. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 17.

18. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 18.

19. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 19.

## RELEVANT FACTS

20. Admit the allegations contained in paragraph 20.

21. Admit the allegations contained in paragraph 21.

22. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 22.

23. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 23.

24. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 24.

25. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 25.

26. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 26.

27. Admit the allegations contained in paragraph 27.

28. Admit the allegations contained in paragraph 28.

29. Admit the allegations contained in paragraph 29.

30. Admit the allegations contained in paragraph 30.

31. Admit the allegations contained in paragraph 31.

32. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 32.

33. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 33 except admit there was a CCRB investigation and NYPD investigation.

34. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 34.

35. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 35, except admit there was an IAB investigation.

36. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 36, except admit there was an IAB investigation.

37. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 37, except admit there is a recording of the phone call.

38. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 38.

39. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 39.

40. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 40.

41. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 41.

42. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 42.

43. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 43.

44. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 44.

45. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 45.

46. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 46.

47. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 47.

48. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 48.

49. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 49 except admit there was a CCRB investigation.

50. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 50 except admit those charges were substantiated.

51. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 51.

52. Deny the allegations contained in paragraph 52.

53. Deny the allegations contained in paragraph 53.

54. Deny the allegations contained in paragraph 54.

### AS FOR AN ANSWER TO THE FIRST CLAIM FOR RELIEF

**First Amendment Retaliation**

**Against the Individual Defendants**

**Pursuant to 42 U.S.C. Section 1983 for violating Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution**

55. In response paragraph 55, Defendant NEW YORK CITY POLICE OFFICER JOHN MADERA repeats and reiterates each and every response set forth in paragraphs 1-54 as if the same were fully set forth herein.

56. Deny the allegations contained in paragraph 56.

57. Deny the allegations contained in paragraph 57.

58. Deny the allegations contained in paragraph 58.

59. Deny the allegations contained in paragraph 59.

60. Deny the allegations contained in paragraph 60.

61. Deny the allegations contained in paragraph 61.

62. Deny the allegations contained in paragraph 62.

**AS FOR AN ANSWER TO THE SECOND CLAIM FOR RELIEF**

Municipal Liability

Against Defendant City of New York

*Pursuant to 42 U.S.C. § 1983 and Monell v. Department of Social Services, 436 U.S. 658 (1978) for Defendants' Violations of Plaintiff's Rights Under the First Amendment to the United States Constitution*

63. In response paragraph 63, Defendant NEW YORK CITY POLICE OFFICER JOHN MADERA repeats and reiterates each and every response set forth in paragraphs 1-62 as if the same were fully set forth herein.

64. Deny the allegations contained in paragraph 64.

65. Admit the allegations contained in paragraph 65.

66. Deny the allegations contained in paragraph 66.

67. Deny the allegations contained in paragraph 67.

68. Deny the allegations contained in paragraph 68.

69. Deny the allegations contained in paragraph 69.

70. Deny the allegations contained in paragraph 70.

71. Deny the allegations contained in paragraph 71.

72. Deny the allegations contained in paragraph 72.

73. Deny the allegations contained in paragraph 73.

## AS FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

### Violations of New York State Law

### Against All Defendants

*Pursuant to the New York State Common Law and the New York State Constitution*

74. In response paragraph 74, Defendant NEW YORK CITY POLICE OFFICER JOHN MADERA repeats and reiterates each and every response set forth in paragraphs 1-73 as if the same were fully set forth herein.

75. Deny allegations contained in paragraph 75, except admit that at all relevant times mentioned in the complaint Defendant NEW YORK CITY POLICE OFFICER JOHN MADERA was performing his duties lawfully, under color of law and within the scope of his employment as a New York City Police Officer.

76. Deny the allegations contained in paragraph 76, including sub-paragraphs a. through e.

77. Deny the allegations contained in paragraph 77.

### DEMAND FOR JURY TRIAL

78. Paragraph 78 is a jury demand to which no response is required.

### AS FOR A FIRST AFFIRMATIVE DEFENSE

79. Plaintiff's Complaint fails to state a claim upon which relief can be granted as against Defendant NEW YORK CITY POLICE OFFICER JOHN MADERA.

### AS FOR A SECOND AFFIRMATIVE DEFENSE

80. The actions of Defendant NEW YORK CITY POLICE OFFICER JOHN MADERA, as a sworn Police Officer of Defendant CITY OF NEW YORK, were justified and done in good faith, in that Defendant NEW YORK CITY POLICE OFFICER JOHN MADERA

reasonably believed that he was exercising his duties lawfully, and was acting within his statutory and constitutional powers.

## AS FOR A THIRD AFFIRMATIVE DEFENSE

81. Defendant NEW YORK CITY POLICE OFFICER JOHN MADERA acted reasonably and in good faith in discharging his duties and responsibilities and as such is entitled to qualified immunity.

## AS FOR A FOURTH AFFIRMATIVE DEFENSE

82. Upon information and belief, the injuries or damages alleged in the Complaint were or may have been caused in whole or in part by parties now or hereafter to be named as Co-Defendants or Third-Party Defendants and accordingly the liability of Defendant NEW YORK CITY POLICE OFFICER JOHN MADERA may be limited by the provisions of Article 16 of the CPLR.

## AS FOR A FIFTH AFFIRMATIVE DEFENSE

83. That any sums or consideration paid or promised to Plaintiff by any person(s) or corporation(s) claimed to be liable for the injuries or damages alleged in the Complaint shall reduce any judgment rendered in favor of Plaintiff as against Defendant NEW YORK CITY POLICE OFFICER JOHN MADERA to the extent the greater of either sums or consideration paid or promised to Plaintiff or the amount of the joint tortfeasor's equitable share(s) of the damages in accordance with General Obligations Law § 15-108 et. seq.

## AS FOR AN SIXTH AFFIRMATIVE DEFENSE

84. Plaintiff's Complaint fails to set forth facts sufficient to constitute deprivation of any constitutional rights or other basis for civil rights claim.

## AS FOR A SEVENTH AFFIRMATIVE DEFENSE

85. Any award for recovery of the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings, or other economic loss claimed by Plaintiff shall be reduced to the extent that any such cost or expense was or will with reasonable certainty be replaced or indemnified from any collateral source pursuant to CPLR § 4545.

## AS FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT THE CITY OF NEW YORK

86. All of the acts of Defendant NEW YORK CITY POLICE OFFICER JOHN MADERA were performed under color of law and, within the scope of his duty and within the scope of his employment as a New York City Police Officers, and any liability to Plaintiff must be assumed by his employer, Defendant CITY OF NEW YORK, pursuant to the principle of Respondeat Superior.

87. Pursuant to this principle of law, if Plaintiff recovers any judgment against Defendant NEW YORK CITY POLICE OFFICER JOHN MADERA, then said Defendant is entitled to recover the amount of such judgment from Defendant CITY OF NEW YORK.

## AS FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT THE CITY OF NEW YORK

88. All of the actions of Defendant NEW YORK CITY POLICE OFFICER JOHN MADERA were performed within the performance of his duty and within the scope of his employment as a New York City Police Officer, and any liability to Plaintiff must be assumed by Defendant CITY OF NEW YORK pursuant to NYS General Municipal Law § 50-k.

89. Any damages sustained by the Plaintiff at the time or place mentioned in Plaintiff's Complaint are embraced within the provisions of NYS General Municipal Law § 50-k.

10

90. Pursuant to this provision of NYS General Municipal Law § 50-k., if Plaintiff recovers any judgment against Defendant NEW YORK CITY POLICE OFFICER JOHN MADERA then said Defendant is entitled to indemnification and/or contribution to recover the amount of such judgment from the Defendant CITY OF NEW YORK.

**WHEREFORE**, Defendant NEW YORK CITY POLICE OFFICER JOHN MADERA respectfully demands judgment against Plaintiffs as follows:

(a) Dismissing Plaintiff's Complaint in its entirety;

(b) Over and against Defendant, CITY OF NEW YORK for the amount of any judgment obtained against Defendant NEW YORK CITY POLICE OFFICER JOHN MADERA;

(c) Granting Defendant NEW YORK CITY POLICE OFFICER JOHN MADERA costs, disbursements, expenses of the action, reasonable attorney's fees, and such other and further relief as this Court deems just and proper.

Dated: New York, New York
       February 3RD, 2023

Yours, etc.,

_____/s/_____
Douglas LaBarbera (DL 3880)
WORTH, LONGWORTH & LONDON, LLP
*Attorneys for Defendant Madera*
111 John Street - Suite 640
New York, New York
10038  (212) 964-8038

CC: **<u>VIA ECF</u>**

Remy Green
Elena Louisa Cohen
Cohen Green PLLC
*Attorneys for Plaintiff*
1639 Centre Street
Suite 216
Ridgewood, NY 11385

Gideon Orion Oliver
Attorney at Law
*Attorneys for Plaintiff*
277 Broadway
Suite 1501
New York, NY 10007

John Edmund Schemitsch
New York City Law Department
*Attorneys for Defendant City of New York*
100 Church Street
New York, NY 10007