# WORTH, LONGWORTH & LONDON, LLP

ATTORNEYS AND COUNSELLORS AT LAW

111 JOHN STREET, SUITE 640
NEW YORK, N.Y. 10038
TELEPHONE: (212) 964-8038
FACSIMILE: (212) 964-8164

February 7, 2023

**VIA ECF**

Hon. Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

       Re:    Sherwood v. City of New York et, al.,
                  22-CV-7505 (BMC)

Your Honor,

      I represent Defendant New York City Police Officer John Madera ("Officer Madera") in the above-referenced matter. I write to respectfully request the Court terminate Plaintiff's pending request for a Clerk's Certificate of Default. Counsel for all parties consent to this request.

      By way of background, Plaintiff served Officer Madera with the Summons and Complaint on December 20th, 2022, by leaving the papers with a person of suitable age and discretion at the NYPD's 84th precinct. (*see*, ECF Document #11) Officer Madera was out sick at the end of December and received the papers on January 4th, 2022 when he came back to work. On or about January 5th, 2022, Officer Madera filed his Request for Legal Assistance to the NYC Law Department. On January 5th, 2022, the NYC Law Department appeared on behalf of Defendant City of New York only, and asked for an extension of time for all Defendants to answer, which the Court denied. (*see*, ECF Document #12-13) On January 9th, 2023, the NYC Law Department filed an Answer on behalf of Defendant City of New York only. (*see*, ECF Document # 14) In anticipation of the initial status conference scheduled for January 24th, 2023, the parties filed a joint letter wherein counsel for Defendant City of New York indicated the Law Department determined it could not represent Officer Madera. (*see*, ECF Document #15 at pg. 3 FN. 1) Upon information and belief, at the January 24th, 2023, counsel for Defendant City of New York asked the Court to *sua sponte* extend Officer Madera's time to answer which the Court declined to. Upon information and belief, at the conference the Court also invited Plaintiff to request a Clerk's Certificate of Default, which he did the following day, January 25th, 2023. (*see*, ECF Document #19) Subsequently, the NYC Law Department advised Officer Madera, for the first time, that it was declining to represent him by sending him a letter dated January 26th, 2023. On February 3rd, 2022, the undersigned filed a Notice of Appearance and Answer with cross-claims on behalf of Officer Madera. (*see*, ECF Document #22-24)

The basis for the request is that Officer Madera's delay in answering is the result of the Law Department's delay in making a representation decision. As mentioned above, the City did not notify Officer Madera that it could not represent him until January 26th, 2023 after his deadline to answer had passed and after the initial status conference and request for a Certificate of Default. Given the timing of the representation decision, I respectfully submit that Officer Madera could not have answered before the request for a certificate of default was made. Counsel for Plaintiff has graciously consented to terminate the request now that Officer Madera has appeared and answered.

For the reasons set forth above, I respectfully request that the Court terminate Plaintiff's pending request for a Clerk's Certificate of Default. We thank the Court for its time and consideration of this matter.

Respectfully Submitted,

_____/s/_____
Doug LaBarbera (DL 3880)

CC: **VIA ECF**

Remy Green
Elena Louisa Cohen
Cohen Green PLLC
*Attorneys for Plaintiff*
1639 Centre Street
Suite 216
Ridgewood, NY 11385

Gideon Orion Oliver
Attorney at Law
*Attorneys for Plaintiff*
277 Broadway
Suite 1501
New York, NY 10007

John Edmund Schemitsch
New York City Law Department
*Attorneys for Defendant City of New York*
100 Church Street
New York, NY 10007