Index No. 22-cv-7505 (BMC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JUSTIN SHERWOOD,

                                        Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                                        Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

***HON. SYLVIA O. HINDS-RADIX***
*Corporation Counsel of the City of New York*
    *Attorney for Defendants City of New York and*
    *Officer Tiagom Reis*
    *100 Church Street*
    *New York, N.Y.  10007*

    *Of Counsel:  John Schemitsch*
    *Tel:  (212) 356-3539*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 2

STANDARD OF REVIEW ....................................................................................................... 3

ARGUMENT ............................................................................................................................. 4

      POINT I ........................................................................................................... 4

           PLAINTIFF FAILS TO STATE A FIRST AMENDMENT RETALIATION CLAIM AGAINST DEFENDANT OFFICER REIS ................................................. 4

      POINT II .......................................................................................................... 7

           PLAINTIFF'S MUNICIPAL LIABILITY CLAIM FAILS AS A MATTER OF LAW .......................................................... 7

      POINT III ........................................................................................................ 10

           PLAINTIFF'S STATE LAW CLAIMS FAIL AS A MATTER OF LAW ............................................................................. 10

CONCLUSION ........................................................................................................................ 11

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

5 Borough Pawn v. City of New York, 640 F. Supp. 2d 268 (S.D.N.Y. 2009) ........................... 8-9

Amron v. Moran Stanley Inv. Advisors Inc., 464 F.3d 338 (2d Cir. 2006) ..................................... 3

Batista v. Rodriguez, 702 F. 2d 393 (2d Cir. 1983) ....................................................................... 5

Brodeur v. City of New York, No. 99 Civ. 661 (WHP), 2002 U.S. Dist. LEXIS
    4500, 2002 WL 424688 (S.D.N.Y. Mar. 18, 2002) ............................................................. 8-9

City of Canton v. Harris, 489 U.S. 378 (1989) .............................................................................. 7

City of St. Louis v. Praprotnik, 485 U.S. 112 (1985) .................................................................... 7

Colombo v. O'Connell, 310 F.3d 115 (2d Cir. 2002) .................................................................... 5

Connick v. Thompson, 563 U.S. 51 (2011) ............................................................................... 9-10

Conopco Inc. v. Roll International, 231 F.3d 82 (2d Cir. 2000) ................................................ 3-4

Crawford-El v. Britton, 93 F.3d 813, 320 U.S. App. D.C. 150 (D.C. Cir. 1996) ....................... 5-6

Cuevas v. City of New York, No. 07-CV-4169 (LAP), 2009 U.S. Dist. LEXIS
    114984 (S.D.N.Y. Dec. 7, 2009) ............................................................................................ 8

Curley v. Village OF Suffern, 268 F.3d 65 (2d 2001) ................................................................ 5-7

Davidson v. Chestnut, 193 F.3d 144 (2d Cir. 1999) ...................................................................... 5

Dawes v. Walker, 239 F.3d 489 (2d Cir. 2001) ............................................................................. 5

Dunkelberger v. Dunkelberger, No. 14-CV-3877, 2015 U.S. Dist. LEXIS 133814,
    2015 WL 5730605 (S.D.N.Y. Sept. 30, 2015) ....................................................................... 4

Dwares v. City of New York, 985 F.2d 94 (2d Cir. 1993) ............................................................. 9

Felder v. Casey, 487 U.S. 131 (1988) .......................................................................................... 10

Grandon v. Merrill Lynch & Co., 147 F.3d 184 (2d Cir. 1998) .................................................... 3

Hardy v. New York City Health & Hosps. Corp., 164 F.3d 789 (2d Cir. 1999) .......................... 11

Hartman v. Moore, 547 U.S. 250 (2006) ....................................................................................... 6

**Cases**                                                                                                                                                                                       **Pages**

Jenkins v. City of New York, 478 F.3d 76 (2d Cir. 2007)..................................................................7

Lehal v. Cent. Falls. Dept. Facility Corp., 2016 U.S. Dist. 177587 (S.D.N.Y.)......................... 7-8

Matthews v. City of New York, 2016 U.S. Dist. LEXIS 136907 (S.D.N.Y.) ............................. 7-8

Monell v. Dep't of Social Services, 436 U.S. 658 (1978) ............................................................ 7-9

Nieves v. Bartlett, 139 S. Ct. 1715 (May 28, 2019) ..................................................................... 4-6

Overhoff v. Ginsburg Dev., LLC, 143 F. Supp. 2d 379 (S.D.N.Y. 2001).......................................8

Paycom Billing Servs. v. Mastercard Intl, Inc., 467 F.3d 283 (2d Cir. 2006) ................................3

Pembaur v. City of Cincinnati, 475 U.S. 469 (1986)......................................................................7

Saimels v. Air Transp. Local 504, 992 F.2d 12 (2d Cir. 1993) .......................................................4

Schroeder v. Dept. of Veterans Affairs, 2008 U.S. Dist. LEXIS 93586 (D. Conn.
    Jun 1 , 2009)..............................................................................................................................5

Sorlucco v. New York City Police Dep't, 971 F.2d 864 (2d Cir. 1992).........................................7

Stewart v. Riviana Foods Inc., No. 16-CV-6157, 2017 U.S. Dist. LEXIS 146665,
    2017 WL 4045952 (S.D.N.Y. Sept. 11, 2017)..........................................................................4

Troy v. City of New York, 2014 U.S. LEXIS 136339 (S.D.N.Y. Sep. 25, 2014)...........................5

**Statutes**

Fed. R. Civ. P. 12(b)(6)...................................................................................................................1

N.Y. Gen. Mun. Law § 50-e .........................................................................................................11

42 U.S.C. § 1983................................................................................................................... 1, 3-4, 9

## PRELIMINARY STATEMENT

On August 13, 26, September 10, and October 18, 2021, plaintiff made 311 complaints regarding vehicles which he alleged were illegally parked. Thereafter, plaintiff alleges he received various phone calls and communications from individually named defendants Officer Reis, Detective Sturman, Officer Sturman, and Officer Madera.[1] Plaintiff alleges Officer Reis called plaintiff, identified himself as a member of the NYPD and hung up without providing his name. Plaintiff alleges that this communication by Officer Reis and others made by the remaining individually named defendants were retaliatory.[2] and brings a claim of First Amendment Retaliation against the individually named defendants. Plaintiff further brings a claim of municipal liability against defendant City of New York. Plaintiff's claims against Officer Reis and the City of New York fail as a matter of law. For that reason and the reasons set forth below, defendants respectfully seek to dismiss plaintiff's claims under Section 1983 of First Amendment Retaliation, municipal liability,[3] and ensuing state law claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] This office represents only Officer Tiagom Reis and the City of New York. This motion is brought only on their behalf.

[2] Plaintiff alleges separately that after he made 311 complaints on three separate occasions, Detective Sturman called plaintiff, argued with him and said, "Stop calling, dickhead;" Officer Madera called plaintiff, gave fake name and stated he was a 311 operator, and told plaintiff he might be barred from making 311 complaints; and Officer Sturman and Detective Sturman sent plaintiff a text message that read, "Keep fucking around," and called his number eight times.

[3] Defendants are aware that it is Your Honor's general preference and practice to stay the municipal liability claim, however, as the Court has not formally stayed the claim at this time, defendants move to dismiss it.

## STATEMENT OF FACTS

On August 13, 2021, plaintiff made various 311 complaints regarding vehicles that he alleged were illegally parked in the vicinity of the 84th Precinct and Transit District 30. See First Amended Complaint, ECF No. 26, at ¶ 48. Officer Tiagom Reis called plaintiff and identified himself as a member of the NYPD. Id. at ¶¶ 48, 50. Plaintiff requested Officer Reis's name, but he did not provide one and ended the call. Id. at ¶ 48. Plaintiff made a complaint of this incident to the Civilian Complaint Review Board ("CCRB"), which investigated and found substantiated allegations against Officer Reis of "Abuse of Authority and Discourtesy," recommending a "Command Discipline B." Id. at ¶¶ 49-50. Plaintiff does not allege any further contact with Officer Reis and asserts no further allegations against Officer Reis.

On August 26, 2021, plaintiff again made various 311 complaints regarding vehicles that he alleged were illegally parked in the vicinity of the 84th Precinct and Transit District 30. Id. at ¶ 52. Detective Sturman contacted plaintiff by phone and offered to set up a meeting between plaintiff and an NYPD Neighborhood Coordination Officer. Id. at ¶ 52. The two argued, resulting in Det. Sturman ending the call and saying, "Stop calling, dickhead!" Id. at ¶ 53. On September 10, 2021, plaintiff again made various 311 complaints regarding illegally parked vehicles, and received a call from a blocked number, who he alleges was Officer Madera. Officer Madera identified himself as "Josh Hader," a 311 operator, who informed plaintiff that he might be barred from submitting 311 complaints due to submitting multiple complaints. Id. at ¶¶ 57-58, 62-65. On October 18, 2021, plaintiff again made various 311 complaints regarding illegally parked vehicles. Id. at ¶ 88-92. Plaintiff thereafter received a text message from phone number 631-685-5448, which read, "Keep fucking around." Id. at ¶ 94. Plaintiff then received eight phone calls from a blocked phone number in succession. Id. at ¶ 96. Plaintiff reported the

August 26, September 10, and October 18, 2021 incidents to the CCRB. Id. at ¶¶ 54, 75, and 99-100.  In connection with the August 26, 2021 incident, CCRB investigated and substantiated allegations against Detective Sturman of "Offensive Language and Discourtesy," recommending a "Command Discipline A." Id. at ¶55.  In connection with the September 10, 2021 incident, CCRB investigated and substantiated allegations against Officer Madera of discourtesy, abuse of authority, and making a false statement to CCRB, recommending "Charges and Specifications," an administrative disciplinary proceeding, be brought against Officer Madera. Id. at ¶¶ 71, 76-77.  In connection with the October 18, 2021 incident, CCRB investigated and substantiated two allegations against Detective Sturman and Officer Sturman of "Discourtesy," recommending a "Command Discipline B." Id. at ¶¶ 121-122.

## STANDARD OF REVIEW

Defendants move to dismiss the First Amended Complaint against Officer Reis and the City of New York for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court is required to accept the material facts alleged in the amended complaint as true and to construe all reasonable inferences in the nonmoving party's favor. See Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998).

Conclusory statements cannot "substitute for minimally sufficient factual allegations." Paycom Billing Servs. v. Mastercard Intl, Inc., 467 F.3d 283, 289 (2d Cir. 2006) (internal quotations omitted); see Amron v. Morgan Stanley Inv. Advisors Inc., 464 F.3d 338, 344 (2d Cir. 2006) (noting that "bald assertions and conclusions of law will not suffice" to defeat a motion to dismiss) (internal quotations omitted).  A motion under Rule 12(b)(6) should be

granted if an affirmative defense, or other reason barring relief, is apparent from the face of the complaint. Conopco, Inc. v. Roll International, 231 F.3d 82, 86-87 (2d Cir. 2000).

In deciding a Rule 12(b)(6) motion, a court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which judicial notice may be taken." Saimels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993). "Generally, a court may incorporate documents referenced where (1) [the] plaintiff relies on the materials in framing the complaint, (2) the complaint clearly and substantially references the documents, and (3) the document's authenticity or accuracy is undisputed." Stewart v. Riviana Foods Inc., No. 16-CV-6157, 2017 U.S. Dist. LEXIS 146665, 2017 WL 4045952, at *6 (S.D.N.Y. Sept. 11, 2017) (emphasis omitted) (collecting cases); see also Dunkelberger v. Dunkelberger, No. 14-CV-3877, 2015 U.S. Dist. LEXIS 133814, 2015 WL 5730605, at *5 (S.D.N.Y. Sept. 30, 2015) ("To be incorporated by reference, the complaint must make a clear, definite, and substantial reference to the documents, and to be integral to a complaint, the plaintiff must have (1) actual notice of the extraneous information and (2) relied upon the documents in framing the complaint.") (citations omitted).

## ARGUMENT

### POINT I

**PLAINTIFF FAILS TO STATE A FIRST AMENDMENT RETALIATION CLAIM AGAINST DEFENDANT OFFICER REIS**

Plaintiff's First Amendment retaliation claim fails as matter of law as against Officer Reis, as he committed no constitutional violation. In order to state a claim for First Amendment retaliation, "a plaintiff must establish that constitutionally protected conduct was a 'substantial' or 'motivating' factor in the challenged governmental action." Nieves v. Bartlett,

139 S. Ct. 1715, 1736 (May 28, 2019) (citations omitted). "This timeworn standard is by no means easily satisfied." Id. A plaintiff must demonstrate that the conduct he engaged in is a protected right. See Troy v. City of New York, 2014 U.S. LEXIS 136339 at *17 (S.D.N.Y. Sep. 25, 2014). Further, a plaintiff must demonstrate evidence of a retaliatory motive. See Nieves, 139 S. Ct. at 1736; Curley v. Village of Suffern, 268 F.3d 65, 73 (2d Cir. 2001). A plaintiff must further demonstrate that defendants actions had "some actual, non-speculative chilling effect." Colombo v. O'Connell, 310 F.3d 115, 117 (2d Cir. 2002). Plaintiff here has failed to meet these elements, and, as such, his First Amendment retaliation claim as against Officer Reis should be dismissed.

First, plaintiff has not alleged a cognizable injury. The Second Circuit has recognized that "[m]ere rudeness or inconvenience, however unpleasant," cannot give rise to an injury cognizable under the First Amendment." Troy, 2014 U.S. LEXIS at *17 (dismissing out of hand a First Amendment retaliation claim for a rude comment made by a police officer) (citing Batista v. Rodriguez, 702 F. 2d 393, 398 (2d Cir. 1983). Moreover, simply hanging up on a plaintiff who is making a grievance claim is insufficient to state a claim for any constitutional violation. See e.g., Schroeder v. Dept. of Veterans Affairs, 2008 U.S. Dist. LEXIS 93586 at *1-2 (D. Conn. Jun 1 , 2009). Further, *de minimis* acts of retaliation do not chill speech; adverse action is conduct that "would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights . . . . Otherwise, the retaliatory act is simply de minimis, and therefore outside the ambit of constitutional protection." Dawes v. Walker, 239 F.3d 489, 492-93 (2d Cir. 2001) (citations omitted); see also Davidson v. Chestnut, 193 F.3d 144, 150-51 (2d Cir. 1999) (de minimis acts of retaliation do not chill the exercise of constitutional rights, and thus are insufficient to support a First Amendment retaliation claim);

5

Crawford-El v. Britton, 93 F.3d 813, 826, 320 U.S. App. D.C. 150 (D.C. Cir. 1996) (en banc) (approving similar standard on the ground that "some non-de minimis showing of injury is necessary"), vacated on other grounds, 523 U.S. 574, 118 S. Ct. 1584, 140 L. Ed. 2d 759 (1998)). Plaintiff makes no allegations against Officer Reis other than that he identified himself as an NYPD member, and "refused to give his name and hung up." First Amended Complaint, ECF No. 26 at ¶ 48. Simply put, even with a finding of substantiated wrongdoing by the CCRB, a police officer not giving his name to a plaintiff and hanging up is insufficient to state a claim.

Second, plaintiff had not demonstrated a retaliatory motive. A defendant's retaliatory motive can be established by circumstantial evidence. Hartman v. Moore, 547 U.S. 250, 260 (2006). Here, however, plaintiff does not show any retaliatory motive, and "if evidence of retaliatory motive is weak, or evidence of non-retaliatory motive is strong, but-for causation will generally be lacking." Nieves, 139 S. Ct. at 1736. He does not allege that Officer Reis failed to respond to his 311 complaints – indeed, he recognizes that Officer Reis did respond by contacting him. Moreover, this is the first incident that plaintiff alleges – and he does not allege that there was any retaliatory motive behind Officer Reis simply not stating his name and hanging up the phone. Plaintiff further makes no allegations that Officer Reis told plaintiff to stop calling, told him he would not be able to make 311 complaints, or sent threatening text messages.[4] Moreover, plaintiff makes no allegations that Officer Reis contacted any of the other individually named defendants, informed them of his actions with plaintiff, or worked with them.

Finally, plaintiff cannot show evidence of a chilling effect on his behavior from the alleged incident of Officer Reis not providing his name and hanging up the phone. "[W]here

---

[4] Those allegations, if true, would not necessarily rise to a constitutional violation to support a First Amendment retaliation claim.

6

a party can show no change in his behavior, he has quite plainly shown no chilling of his First Amendment right to free speech." Curley v. Village of Suffern, 268 F.3d 65, 73 (2d Cir. 2001). Here, plaintiff pleads that he continued on numerous occasions after the August 13, 2021 incident, to make 311 complaints of illegally parked vehicle – demonstrating that any conduct by Officer Reis had no effect on plaintiff's behavior.

## POINT II

### PLAINTIFF'S MUNICIPAL LIABILITY CLAIM FAILS AS A MATTER OF LAW

In order to state a Section 1983 claim against a municipality, a plaintiff must allege that the municipality itself caused the alleged constitutional deprivation. City of Canton v. Harris, 489 U.S. 378, 385 (1989). To state a claim for municipal liability, a plaintiff must alleged at least one of the following: (1) the existence of a formal policy, officially promulgated or adopted by a municipality, see Monell v. Dep't of Social Services, 436 U.S. 658, 690 (1978); (2) the official responsible for establishing policy, with respect to the subject matter in question to the specific action, caused the alleged violation of the plaintiff's rights, see Pembaur v. City of Cincinnati, 475 U.S. 469, 482-84 (1986) (plurality opinion); (3) the existence of an unlawful practice by subordinate officials so permanent and well settled to constitute "custom or usage," with proof that this practice was so manifest as to imply the acquiescence of policy-making officials, see City of St. Louis v. Praprotnik, 485 U.S. 112, 127-30 (1985) (plurality opinion), Sorlucco v. New York City Police Dep't, 971 F.2d 864, 871 (2d Cir. 1992); or (4) a failure to train or supervise that amounts to "deliberate indifference" to the rights of those with whom the municipality's employee's interact, see City of Canton, at 388 (1989); Jenkins v. City of New York, 478 F.3d 76, 94 (2d Cir. 2007). "At the pleading stage, a plaintiff 'must allege facts tending to support, at least circumstantially, an inference that [the alleged] municipal policy or

custom exists." Lehal v. Cent. Falls. Dept. Facility Corp., 2016 U.S. Dist. 177587 at *19 (S.D.N.Y.) (quoting Matthews v. City of New York, 2016 U.S. Dist. LEXIS 136907). Conclusory allegations will not satisfy a plaintiff's pleading obligations for a municipal liability claim. Id. at *19-20.

In the instant case, plaintiff appears to be asserting a municipal liability claim against the City of New York for alleged *de facto* policies, practices, and customs of allowing NYPD members to fail to respond appropriately to 311 complaints about illegally parked vehicles, and a failure to train, supervise and discipline. First, plaintiff does not adequately allege that there was any failure by NYPD officers to respond to 311 complaints themselves. Instead, plaintiff alleges that the responses by the individual defendants were inappropriate and done in retaliation for his exercise of his First Amendment rights. Plaintiff does not raise sufficient allegations to support his claim. Where a plaintiff, in his complaint, fails to identify the existence of any municipal policy or custom that caused the alleged constitutional violation, any claims against the municipality must be dismissed. See, e.g., Overhoff v. Ginsburg Dev., LLC, 143 F. Supp. 2d 379, 389 (S.D.N.Y. 2001) (dismissing complaint against municipality pursuant to Rule 12(b)(6) where plaintiff failed to plead a Monell claim). Thus, a plaintiff's claim should be dismissed where he merely states conclusory allegations of municipal policy and practice and fails to allege facts from which the court may infer an actual causal link between the alleged custom or policy and alleged constitutional violation. See, e.g., Cuevas v. City of New York, No. 07-CV-4169 (LAP), 2009 U.S. Dist. LEXIS 114984, at *12 (S.D.N.Y. Dec. 7, 2009) ("Baldly asserting that Plaintiff's injuries are the result of the City's policies does not show this Court what the policy is or how that policy subjected Plaintiff to suffer the denial of a constitutional right."); 5 Borough Pawn v. City of New York, 640 F. Supp. 2d 268, 299-300

8

(S.D.N.Y. 2009) (citing Iqbal in support of dismissal of a Monell claim where the plaintiffs' assertion of an unconstitutional policy was based on "nothing more than their unsupported supposition"); Brodeur v. City of New York, No. 99 Civ. 661 (WHP), 2002 U.S. Dist. LEXIS 4500, at *7, 2002 WL 424688 (S.D.N.Y. Mar. 18, 2002) (dismissing claim when complaint "flatly assert[ed] that the City had a policy" but contained no factual allegations sufficient to establish a municipal policy or custom).  Further, the "mere assertion…that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support at least circumstantially, such an inference[.]" See Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993).

In the instant case,  plaintiff alleges only instances of constitutional violations directed at one person, himself and in a limited geographical area around the vicinity of the 84th Precinct and Transit District 30.  He does not allege that any other instances of constitutional violation of officers against individuals who made 311 complaints.[5]  Moreover, plaintiff's allegations that this is a *de facto* policy is not supported by plaintiff's own contention that the actions of the individually named defendants was investigated, substantiated, and that they received disciplinary action.[6]

Further, as to plaintiff's second basis for a Monell claim is of an alleged lack of supervision, specifically a failure to train, supervise, investigate, and discipline police officers, plaintiff's municipal liability claim again fails.  Here, to prevail on a §1983 inadequate training

---

[5] Plaintiff alleges at various points instances where officers do not respond to 311 complaints for parking, but that is not germane to the underlying constitutional violation asserted here that the NYPD has a *de facto* policy of how officers should respond to the 311 complainant himself.

[6] As discussed *supra d*efendants do not however concede that the actions of Officer Reis rose to the level of a constitutional violation.

claim the plaintiff must demonstrate: (1) a specific training deficiency; (2) municipal officials in charge of training policy were deliberately indifferent about those deficiencies; and (3) a close causal connection, aka, "moving force" or "direct causal link", between the inadequate training and the violation of the plaintiff's federally protected rights. "[S]howing merely that additional training would have been helpful in making difficult decisions does not support [§1983] municipal liability." Connick v. Thompson, 563 U.S. 51, 66- 67 (2011).  Here, plaintiff cannot show deliberate indifference or a direct causal link.  Indeed, plaintiff recognizes in his First Amended Complaint that the actions of the individually named officers were investigated, substantiated, and the officers were disciplined for the alleged constitutional violation – as such, plaintiff's claim cannot stand.  Accordingly, plaintiff's municipal liability claim against defendant City of New York for should be dismissed.

## POINT III

### PLAINTIFF'S STATE LAW CLAIMS FAIL AS A MATTER OF LAW

Plaintiff asserts various state law claims, which further fail as a matter of law. Namely, plaintiff has not filed a Notice of Claim, and therefore his state law claims are forfeited.[7]

Federal courts apply state "notice-of-claim" requirements to state-law claims entertained by way of supplemental jurisdiction. See, e.g., Felder v. Casey, 487 U.S. 131, 151 (1988). In New York, a notice of claim is a condition precedent to bringing a personal injury

---

[7] Defendants note for the Court that, as pled and represented by plaintiff, he has initiated special proceedings in New York Supreme Court, seeking leave to file a notice of claim out of time under Index Nos. 160550/2022 and 150464/2023, pertaining solely to the September 10, 2021 and October 18, 2021 incidents.  Upon information and belief, these actions are pending, which may affect the outcome of this motion point asserted by defendants.  However, at this time, there is no Notice of Claim.

action, including common law assault, against a municipal corporation.  See N.Y. Gen. Mun. Law § 50-e; Hardy v. New York City Health & Hosps. Corp., 164 F.3d 789, 793 (2d Cir. 1999). New York's notice-of-claim law requires such a written notice to be filed within 90 days of the claim's accrual.  N.Y. Gen. Mun. Law § 50-e.  Plaintiff does not allege in his Complaint that he filed a timely notice of claim for the underlying allegations.

In conjunction with Plaintiff's failure to assert a municipal policy or custom attributable to his alleged damages, his noncompliance with the established protocol to bring personal injuries acts again the City, as established in state law, deprives him of any avenue of securing liability against the City.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss plaintiff's claims against the City of New York and Officer Reis, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Date:   New York, New York
        February 21, 2023

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the
  City of New York
*Attorney for Defendants City of New York, and Officer Reis*
New York, New York 10007
(212) 356-3539
jschemit@law.nyc.gov

By:   /s/
      John Schemitsch
      *Senior Counsel*

cc:   **BY ECF**
      ALL COUNSEL OF RECORD

11