UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JUSTIN SHERWOOD,

                                        Plaintiff,

           -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT ("NYPD") OFFICER JOHN MADERA, NYPD
OFFICER TIAGOM REIS, NYPD OFFICER ARTHUR
STURMAN, and NYPD DETECTVIVE SAMANTHA STURMAN.

                                        Defendants.

-----------------------------------------------------------------X

**ANSWER TO FIRST**
**AMENDED COMPLAINT**
**WITH CROSS-CLAIMS**

22-CV-7505 (BMC)

<u>JURY TRIAL</u>
<u>DEMANDED</u>

        Defendant NEW YORK CITY POLICE OFFICER ARTHUR STURMAN, by his

attorneys Worth, Longworth and London, LLP, hereby answers Plaintiff's First Amended

Complaint as follows:

### **PRELIMINARY STATEMENT**

1.      Admit the allegations contained in paragraph 1.

2.      Admit the allegations contained in paragraph 2.

3.      Admit the allegations contained in paragraph 3.

4.      Deny knowledge and information sufficient to form a belief as to the allegations

        contained in paragraph 4.

5.      Deny knowledge and information sufficient to form a belief as to the allegations

        contained in paragraph 5.

6.      Deny knowledge and information sufficient to form a belief as to the allegations

        contained in paragraph 6.

7.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 7.

8.      Deny the allegations contained in paragraph 8.

9.      Deny the allegations contained in paragraph 9.

10.     Deny the allegations contained in paragraph 10.

11.     Deny the allegations contained in paragraph 11.

12.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 12.

13.     Deny the allegations contained in paragraph 13.

14.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 14.

15.     Deny the allegations contained in paragraph 15 except admit there were investigations.

16.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 16 except admit that Defendant NEW YORK CITY POLICE OFFICER ARTHUR STURMAN was never disciplined.

17.     Deny the allegations contained in paragraph 17.

18.     Deny the allegations contained in paragraph 18.

19.     Deny the allegations contained in paragraph 19.

**<u>PARTIES</u>**

20.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 20.

21.     Admit the allegations contained in paragraph 21.

22.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 22.

23.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 23.

24.     Admit the allegations contained in paragraph 24.

25.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 25 except admit that he was assigned to the NYPD's Field Training Unit in October of 2020.

26.     No response required to paragraph 26.

27.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 27 except admit that Arthur and Samantha Sturman were.

28.     In response to paragraph 28 admit only that at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICER ARTHUR STURMAN was performing his duties lawfully, under color of law and within the scope of his employment as a New York City Police Officer.

29.     Deny the allegations contained in paragraph 29 except admit that at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICER ARTHUR STURMAN was performing his duties lawfully, under color of law and within the scope of his employment as a New York City Police Officer.

30.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 30 except admit that at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICER ARTHUR STURMANwas performing

his duties lawfully, under color of law and within the scope of his employment as a New York City Police Officer.

31.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 31.

32.     Deny the allegations contained in paragraph 32.

33.     Deny the allegations contained in paragraph 33.

34.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 34.

## JURISDICTION

35.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 35.

36.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 36.

37.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 37.

## VENUE

38.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 38.

## ON PLAINTIFF'S STATE LAW CLAIMS REGARDING THE SEPTEMBER 10, 2021 INCIDENT

39.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 39.

4

40.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 40.

41.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 41.

42.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 42.

43.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 43.

## ON PLAINTIFF'S STATE LAW CLAIMS REGARDING THE OCTOBER 18, 2021 INCIDENT

44.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 44.

45.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 45.

46.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 46.

47.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 47.

48.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 48.

## ADDITIONAL FACTS

49.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 49.

50.     Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 50.

51.     Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 51.

### The August 26, 2021 incident (involving Defendant Det. Sturman)

52.     Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 52.

53.     Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 53.

54.     Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 54.

55.     Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 55.

56.     Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 56.

### The September 10, 2021 incident (involving Defendant Madera)

57.     Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 57.

58.     Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 58.

59.     Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 59.

60.     Deny knowledge and information sufficient to form a belief as to the allegations
         contained in paragraph 60.

61.     Deny knowledge and information sufficient to form a belief as to the allegations
         contained in paragraph 61.

62.     Deny knowledge and information sufficient to form a belief as to the allegations
         contained in paragraph 62.

63.     Deny knowledge and information sufficient to form a belief as to the allegations
         contained in paragraph 63.

64.     Deny knowledge and information sufficient to form a belief as to the allegations
         contained in paragraph 64.

65.     Deny knowledge and information sufficient to form a belief as to the allegations
         contained in paragraph 65.

66.     Deny knowledge and information sufficient to form a belief as to the allegations
         contained in paragraph 66.

67.     Deny knowledge and information sufficient to form a belief as to the allegations
         contained in paragraph 67.

68.     Deny knowledge and information sufficient to form a belief as to the allegations
         contained in paragraph 68.

69.     Deny knowledge and information sufficient to form a belief as to the allegations
         contained in paragraph 69.

70.     Deny knowledge and information sufficient to form a belief as to the allegations
         contained in paragraph 70.

71.     Deny knowledge and information sufficient to form a belief as to the allegations
         contained in paragraph 71.

72.     Deny knowledge and information sufficient to form a belief as to the allegations
         contained in paragraph 72.

73.     Deny knowledge and information sufficient to form a belief as to the allegations
         contained in paragraph 73.

74.     Deny knowledge and information sufficient to form a belief as to the allegations
         contained in paragraph 74.

75.     Deny knowledge and information sufficient to form a belief as to the allegations
         contained in paragraph 75.

76.     Deny knowledge and information sufficient to form a belief as to the allegations
         contained in paragraph 76.

77.     Deny knowledge and information sufficient to form a belief as to the allegations
         contained in paragraph 77.

78.     Deny knowledge and information sufficient to form a belief as to the allegations
         contained in paragraph 78.

79.     Deny knowledge and information sufficient to form a belief as to the allegations
         contained in paragraph 79.

80.     Deny knowledge and information sufficient to form a belief as to the allegations
         contained in paragraph 80.

81.     Deny knowledge and information sufficient to form a belief as to the allegations
         contained in paragraph 81.

82.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 82.

83.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 83.

84.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 84.

85.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 85.

86.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 86.

### *The October 18, 2021 incident (involving the Sturman Defendants)*

87.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 87.

88.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 88.

89.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 89.

90.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 90.

91.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 91.

92.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 92.

93.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 93.

94.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 94.

95.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 95.

96.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 96.

97.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 97.

98.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 98.

99.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 99.

100.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 100.

101.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 101.

102.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 102.

103.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 103.

104.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 104.

105.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 105.

106.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 106 except admit there was an IAB investigation.

107.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 107.

108.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 108.

109.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 109.

110.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 110.

111.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 111.

112.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 112.

113.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 113.

114.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 114.

115.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 115.

116.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 116.

117.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 117.

118.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 118.

119.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 119.

120.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 120.

121.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 121 except admit that CCRB did substantiate 2 allegations against Arthur Sturman.

122.    Deny the allegations contained in paragraph 122 as to Defendant NEW YORK CITY POLCIE OFFICER ARTHUR STURMAN,

***Additional facts and incidents related to Mr. Sherwood's municipal liability claim***

123.    Deny the allegations contained in paragraph 123.

124.    Deny the allegations contained in paragraph 124.

125.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 125.

126.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 126.

127.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 127 including sub-paragraphs (a.) and (b).

128.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 128.

129.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 129.

130.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 130.

131.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 131.

132.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 132.

133.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 133.

134.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 134.

135.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 135.

136.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 136.

137.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 137.

138.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 138.

139.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 139.

140.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 140.

141.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 141.

142.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 142.

143.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 143.

144.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 144.

145.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 145.

146.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 146.

147.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 147.

148.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 148.

149.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 149.

150.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 150.

151.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 151.

152.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 152.

153.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 153.

154.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 154.

155.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 155.

156.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 156.

157.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 157.

158.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 158.

159.    Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 159.

160.    Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 160.

161.    Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 161.

162.    Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 162.

163.    Deny knowledge and information sufficient to form a belief as to the allegations
contained in paragraph 163.

## AS FOR AN ANSWER TO THE FIRST CLAIM FOR RELIEF

### First Amendment Retaliation

### Against the Individual Defendants

### Pursuant to 42 U.S.C. Section 1983 for violating Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution

164.    In response paragraph 164, Defendant NEW YORK CITY POLICE OFFICER ARTHUR
STURMAN repeats and reiterates each and every response set forth in paragraphs 1-163 as if
the same were fully set forth herein.

165.    Deny the allegations contained in paragraph 165.

166.    Deny the allegations contained in paragraph 166.

167.    Deny the allegations contained in paragraph 167.

168.    Deny the allegations contained in paragraph 168.

169.    Deny the allegations contained in paragraph 169.

170.    Deny the allegations contained in paragraph 170.

### AS FOR AN ANSWER TO THE SECOND CLAIM FOR RELIEF

**Municipal Liability**

**Against Defendant City of New York**

***Pursuant to 42 U.S.C. § 1983 and Monell v. Department of Social Services, 436 U.S. 658 (1978) for Defendants' Violations of Plaintiff's Rights Under the First Amendment to the United States Constitution***

171.    In response paragraph 171, Defendant NEW YORK CITY POLICE OFFICER ARTHUR STURMAN repeats and reiterates each and every response set forth in paragraphs 1-170 as if the same were fully set forth herein.

172.    Deny the allegations contained in paragraph 172.

173.    Deny the allegations contained in paragraph 173.

174.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 174.

175.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 175.

176.    Deny the allegations contained in paragraph 176.

177.    Deny the allegations contained in paragraph 177.

178.    Admit the allegations contained in paragraph 178.

179.    Deny the allegations contained in paragraph 179.

180.    Deny the allegations contained in paragraph 180.

181.    Deny the allegations contained in paragraph 181.

182.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 182.

183.    Deny the allegations contained in paragraph 183.

184.    Deny the allegations contained in paragraph 184.

185.    Deny the allegations contained in paragraph 185.

186.    Deny the allegations contained in paragraph 186.

187.    Deny the allegations contained in paragraph 187.

188.    Deny the allegations contained in paragraph 188.

## AS FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

### Violations of New York State Law

### Against All Defendants

***Pursuant to the New York State Common Law and the New York State Constitution***

189.    In response paragraph 189, Defendant NEW YORK CITY POLICE OFFICER ARTHUR STURMAN repeats and reiterates each and every response set forth in paragraphs 1-188 as if the same were fully set forth herein.

190.    Deny allegations contained in paragraph 190, except admit that at all relevant times mentioned in the complaint Defendant NEW YORK CITY POLICE OFFICER ARTHUR STURMAN was performing his duties lawfully, under color of law and within the scope of his employment as a New York City Police Officer.

191.    Deny the allegations contained in paragraph 191, including sub-paragraphs a. through f.

192.    Deny the allegations contained in paragraph 192.

## AS FOR A FIRST AFFIRMATIVE DEFENSE

193.    Plaintiff's Complaint fails to state a claim upon which relief can be granted as against Defendant NEW YORK CITY POLICE OFFICER ARTHUR STURMAN.

## AS FOR A SECOND AFFIRMATIVE DEFENSE

194.    The actions of Defendant NEW YORK CITY POLICE OFFICER ARTHUR

STURMAN, as a sworn Police Officer of Defendant CITY OF NEW YORK, were justified

and done in good faith, in that Defendant NEW YORK CITY POLICE OFFICER ARTHUR

STURMAN reasonably believed that he was exercising his duties lawfully, and was acting

within his statutory and constitutional powers.

## AS FOR A THIRD AFFIRMATIVE DEFENSE

195.    Defendant NEW YORK CITY POLICE OFFICER ARTHUR STURMAN acted

reasonably and in good faith in discharging his duties and responsibilities and as such is

entitled to qualified immunity.

## AS FOR A FOURTH AFFIRMATIVE DEFENSE

196.    Upon information and belief, the injuries or damages alleged in the Complaint were or

may have been caused in whole or in part by parties now or hereafter to be named as Co-

Defendants or Third-Party Defendants and accordingly the liability of Defendant NEW

YORK CITY POLICE OFFICER ARTHUR STURMAN may be limited by the provisions of

Article 16 of the CPLR.

## AS FOR A FIFTH AFFIRMATIVE DEFENSE

197.    That any sums or consideration paid or promised to Plaintiff by any person(s) or

corporation(s) claimed to be liable for the injuries or damages alleged in the Complaint shall

reduce any judgment rendered in favor of Plaintiff as against Defendant NEW YORK CITY

POLICE OFFICER ARTHUR STURMAN to the extent the greater of either sums or

consideration paid or promised to Plaintiff or the amount of the joint tortfeasor's equitable

share(s) of the damages in accordance with General Obligations Law § 15-108 et. seq.

## AS FOR AN SIXTH AFFIRMATIVE DEFENSE

198.     Plaintiff's Complaint fails to set forth facts sufficient to constitute deprivation of any

constitutional rights or other basis for civil rights claim.

## AS FOR A SEVENTH  AFFIRMATIVE DEFENSE

199.     Any award for recovery of the cost of medical care, dental care, custodial care or

rehabilitation services, loss of earnings, or other economic loss claimed by Plaintiff shall be

reduced to the extent that any such cost or expense was or will with reasonable certainty be

replaced or indemnified from any collateral source pursuant to CPLR § 4545.

## AS FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT
## THE CITY OF NEW YORK

200.     All of the acts of Defendant NEW YORK CITY POLICE OFFICER ARTHUR

STURMAN were performed under color of law and, within the scope of his duty and within

the scope of his employment as a New York City Police Officers, and any liability to

Plaintiff must be assumed by his employer, Defendant CITY OF NEW YORK, pursuant to

the principle of Respondeat Superior.

201.     Pursuant to this principle of law, if Plaintiff recovers any judgment against Defendant

NEW YORK CITY POLICE OFFICER ARTHUR STURMAN, then said Defendant is

entitled to recover the amount of such judgment from Defendant CITY OF NEW YORK.

## AS FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT
## THE CITY OF NEW YORK

202.     All of the actions of Defendant NEW YORK CITY POLICE OFFICER ARTHUR

STURMAN were performed within the performance of his duty and within the scope of his

employment as a New York City Police Officer, and any liability to Plaintiff must be

assumed by Defendant CITY OF NEW YORK pursuant to NYS General Municipal Law § 50-k.

203.     Any damages sustained by the Plaintiff at the time or place mentioned in Plaintiff's Complaint are embraced within the provisions of NYS General Municipal Law § 50-k.

204.     Pursuant to this provision of NYS General Municipal Law § 50-k., if Plaintiff recovers any judgment against Defendant NEW YORK CITY POLICE OFFICER ARTHUR STURMAN then said Defendant is entitled to indemnification and/or contribution to recover the amount of such judgment from the Defendant CITY OF NEW YORK.

        **WHEREFORE**, Defendant NEW YORK CITY POLICE OFFICER ARTHUR STURMAN respectfully demands judgment against Plaintiffs as follows:

        (a)     Dismissing Plaintiff's Complaint in its entirety;

        (b)     Over and against Defendant, CITY OF NEW YORK for the amount of any judgment obtained against Defendant NEW YORK CITY POLICE OFFICER ARTHUR STURMAN;

        (c)     Granting Defendant NEW YORK CITY POLICE OFFICER ARTHUR STURMAN costs, disbursements, expenses of the action, reasonable attorney's fees, and such other and further relief as this Court deems just and proper.

Dated: New York, New York
        March 8th, 2023

                        Yours Truly,

                        _____/s/_____
                        BY: Doug LaBarbera (DL 3880)
                        WORTH, LONGWORTH & LONDON, LLP.
                        *Attorneys for Defendant P.O. Sturman*
                        111 John Street, Suite 640
                        New York, NY 10038
                        (212) 964-8038

21

CC:     **<u>VIA ECF</u>**

     Remy Green
     Elena Louisa Cohen
     Cohen Green PLLC
     *Attorneys for Plaintiff*
     1639 Centre Street
     Suite 216
     Ridgewood, NY 11385

     Gideon Orion Oliver
     Attorney at Law
     *Attorneys for Plaintiff*
     277 Broadway
     Suite 1501
     New York, NY 10007

     John Edmund Schemitsch
     New York City Law Department
     *Attorneys for Defendant City of New York*
     100 Church Street
     New York, NY 10007

     James M. Moschella
     John W. Burns
     Karasyk & Moschella, LLP
     233 Broadway
     Suite 2340
     New York, NY 10279