Index No. 22-cv-7505 (BMC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JUSTIN SHERWOOD,

                               Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                               Defendant.

**MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
   *Attorney for Defendants City of New York and*
   *Officer Tiagom Reis*
   *100 Church Street*
   *New York, N.Y. 10007*

   *Of Counsel: John Schemitsch*
   *Tel: (212) 356-3539*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT

      POINT I

            PLAINTIFF'S ARGUMENTS DO NOT SALVAGE HIS FIRST AMENDMENT RETALIATION CLAIM AGAINST DEFENDANT OFFICER REIS ................................................................. 1

      POINT II

            PLAINTIFF'S MUNICIPAL LIABILITY CLAIM FAILS ................................................................................................ 5

CONCLUSION ...................................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases**                                                                                                                       **Page(s)**

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)......................................................................................................................3

Connick v. Thompson,
    563 U.S. 51 (2011).....................................................................................................................5, 6

DeShaney v. Winnebago County Dept. of Soc. Servs.,
    489 U.S. 189 (1989)......................................................................................................................5

Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals,
    282 F.3d 83 (2d Cir. 2002)............................................................................................................2

Nieves v. Bartlett,
    139 S. Ct. 1715 (May 28, 2019)...................................................................................................2

Overhoff v. Ginsburg Dev., LLC,
    143 F. Supp. 2d 379 (S.D.N.Y. 2001)..........................................................................................5

Town of Castle Rock, Colo. v. Gonzales,
    545 U.S. 748 (2005)......................................................................................................................5

**Statutes**

42 U.S.C. § 1983.................................................................................................................................1, 3

Fed. R. Civ. P. 12(b)(6)......................................................................................................................1, 7

**PRELIMINARY STATEMENT**

Plaintiff, through his Opposition to NYC Defendants' Motion to Dismiss, fails to substantively rebut the arguments made in the moving papers. Plaintiff's arguments in response appear to conflate separate claims alleged against co-defendants with the single incident involving Officer Reis for which plaintiff cannot support a claim for First Amendment retaliation. Moreover, plaintiff's arguments in support of his municipal liability claim fall flat. For the reasons set forth in defendants' Motion to Dismiss and the reasons set forth below, defendants respectfully seek dismissal of plaintiff's claims under Section 1983 of First Amendment Retaliation against Officer Reis, municipal liability, and state law claims for incidents on August 13 and 26, 2021 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

**ARGUMENT**

**POINT I**

**PLAINTIFF'S ARGUMENTS DO NOT SALVAGE HIS FIRST AMENDMENT RETALIATION CLAIM AGAINST DEFENDANT OFFICER REIS**

Plaintiff's arguments asserted in his opposition as to the alleged nature of the interaction between Officer Reis and plaintiff do not salvage his First Amendment retaliation claim.

---

[1] As noted in defendants' letter to the Court dated March 1, 2023, defendants upon information and belief, New York County Supreme Court granted plaintiff leave to file two notices of claim related to the September 10, 2021 and October 18, 2021 incidents, *nunc pro tunc*. As such, defendants withdraw the portion of their Motion to Dismiss which seeks dismissal of plaintiff's state law claims arising from the September 10, 2021 and October 18, 2021 incidents for failure to file a timely notice of claim. Defendants maintain their motion to dismiss as to the remaining alleged dates of August 13 and 26, 2021. (See ECF No.33).

First, plaintiff alleges in his opposition that he adequately pled a retaliatory motive, despite a lack of facts permitting that such a motive can be inferred. A court may generally infer retaliatory intent from the actions of defendants. See Dougherty v. Town of N. Hempstead Bd. Of Zoning Appeals, 282 F.3d 83, 91 (2d Cir. 2002). Here, however, plaintiff's sole allegations of Officer Reis's actions are that after plaintiff "made 311 complaints regarding illegally parked vehicles in the vicinity of the 85th Precinct and/or TD30, a caller identified himself as a NYPD member, but refused to give his name and hung up." (First Amended Complaint, ECF No. 26 at ¶48).[2] Now, however, plaintiff claims that Officer Reis hanging up the phone without providing his name is a 'harassing phone call.'[3] Plaintiff does not allege that Office Reis threatened him, told him to stop calling, or even that his demeanor was rude. Plaintiff alleges no circumstantial evidence to support a retaliatory motive in this context – his sole allegation is that Officer Reis called him, did not give his name, and hung up the phone. As such, the Supreme Court's analysis in Nieves v. Bartlett is on point here. "[I]f evidence of retaliatory motive is weak, or evidence of non-retaliatory motive is strong, but-for causation will generally be lacking." 139 S. Ct. 1715, 1736 (May 28, 2019).

Instead of pointing to allegations in the complaint that would support a retaliatory motive by defendant Reis, plaintiff attempts to conflate the alleged actions of co-defendants Officer Sturman, Detective Sturman, and Officer Madera, and impute their actions to the discrete

---

[2] This argument further is without merit as plaintiff asserts a municipal liability claim, discussed *infra*, alleging that officers were not responding to 311 calls regarding parking. Plaintiff seems to be opposing his own arguments, alleging that officers are not responding to 311 complaints, but are not supposed to call in response at all.

[3] Plaintiff now alleges that this phone call being made in the first place by Officer Reis was harassing. Plaintiff does not, however, in the First Amended Complaint, allege that this phone call was harassing in any way, nor does he allege anything beyond that mere fact that Officer Reis called him and hung up the phone without giving his name. Nor does plaintiff claim that he even asked for Officer Reis's name. Simply put, there is nothing retaliatory in an officer hanging up a phone without giving his name, let alone anything that circumstantially shows an intent to retaliate.

2

claim asserted against Officer Reis.  This is entirely without support – particularly as the alleged actions of these other individuals occurred separately from Officer Reis and weeks to months after the alleged incident involving Officer Reis.

Second, plaintiff does not adequately plead anything in the First Amended Complaint indicating a chilling effect or cognizable injury in order to maintain a First Amendment retaliation claim.  Plaintiff alleges instead that the actions of all defendants together arose to a 'blizzard' of retaliatory conduct – this is inapposite to the claim asserted against Officer Reis.  Plaintiff does not allege any collaboration or coordination between the individual defendant officers involved in the First Amended Complaint – though in his opposition he alleges this was a pattern of intimidation.  Plaintiff in his opposition thus improperly conflates the alleged actions of Officer Sturman, Officer Madera, and Detective Sturman with the alleged actions of Officer Reis.  As discussed *supra*, plaintiff's allegations of Officer Reis's actions are limited to calling plaintiff and hanging up without providing a name – plaintiff seemingly seeks to now amend his complaint to claim that Officer Reis should be held liable for the actions of other officers on separate later occasions.  It is well-settled in this Circuit that the personal involvement of defendants in a constitutional violation is a prerequisite to an award of damages under § 1983.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).  Here, plaintiff cannot seek to hold Officer Reis liable for actions done by others that plaintiff does not plead Officer Reis had any involvement in, nor does he plead that Officer Reis was even aware of these other later actions

Moreover, plaintiff, through the allegations made in his pleadings, does not any chilling effect or cognizable injury as caused by the alleged conduct of Officer Reis.  Namely, plaintiff alleges that he continued to make 311 complaints following Officer Reis calling him on

3

August 13, 2021.[4] Plaintiff can hardly argue at that Officer Reis not providing his name and hanging up the phone had any chilling effect or cognizable injury as plaintiff alleges that he continued to do the very conduct he alleges was protected by the First Amendment. As to concrete harm, plaintiff in his opposition points to a number of threats made by co-defendants, but not any concrete action done by Officer Reis, or harm suffered by plaintiff as caused by Officer Reis. Instead, plaintiff seems to allege that merely making a phone call to plaintiff, without discussing the contents or tone of phone call, is sufficient to cause cognizable injury – including a 'blizzard of chill,' solely by Officer Reis.

Plaintiff further recognizes the weakness of his arguments as to the claim asserted against Officer Reis and requests that, should the Court dismiss the claims against Officer Reis, it do so without prejudice. Plaintiff provides no support for this argument and it should be denied as plaintiff appears to be seeking a second bite at the apple, in order to obtain discovery for claims he brought without merit.

As such, the Court should dismiss the First Amendment retaliation claims against Officer Reis. Further, as discussed in defendants' motion, plaintiff did not file a notice of claim for the alleges August 13, 2021 incident, and as such, his state law claims against Officer Reis must fail as well.

---

[4] Specifically, plaintiff alleges that on August 26, 2021 he made 311 complaints, on September 10, 2021 he made at least eight 311 complaints, and on October 18, 2021 he made at least eleven 311 complaints (See First Amended Complaint, ECF No. 26 at ¶¶ 52, 57-60, 88-92).

4

## POINT II

## PLAINTIFF'S MUNICIPAL LIABILITY CLAIM FAILS

Plaintiff fails to rebut defendants arguments that his municipal liability claim under Monell is improperly pled. Specifically, plaintiff acknowledges that he solely raises municipal liability claims as to an alleged custom or practice by members of the NYPD to fail to respond appropriately to 311 complaints about illegally parked vehicles, and a failure to train, supervise, and discipline about the way to respond to these complaints.

First, plaintiff does not sufficiently allege a custom or practice of failure by NYPD members to respond to 311 complaints themselves in support of his claim. Instead, despite arguing otherwise in his opposition, plaintiff merely provides conclusory allegations of a municipal policy and practice. See, e.g., Overhoff v. Ginsburg Dev., LLC, 143 F. Supp. 2d 379, 389 (S.D.N.Y. 2001). Indeed, plaintiff alleges instances of constitutional violations directed at plaintiff, in and around the vicinity of the 84th Precinct and Transit District 30. Plaintiff attempts to bootstrap this limited allegation by alleging generally that the City has a history of 'ignoring, dismissing, and neglecting 311 complaints.' This is not a valid claim as the Supreme Court has repeatedly held that there is no civilian entitlement to law enforcement action. DeShaney v. Winnebago County Dept. of Soc. Servs., 489 U.S. 189, 197 n.3 (1989); Town of Castle Rock, Colo. V. Gonzales, 545 U.S. 748, 761 (2005) ("It is common sense that all police officers must use some discretion in deciding when and where to enforce city ordinances."). To this extent plaintiff cannot rely on these alleged instances, and his municipal liability claim for an alleges practice or policy fails.

Second, as to plaintiff's municipal liability theory predicated on a failure to train, supervise, investigate, and discipline police officers, plaintiff's municipal liability claim again fails. Plaintiff has pointed to "no direct causal link" between the alleged inadequate training and

5

violation of a constitutional right. See e.g., Connick v. Thompson, 563 U.S. 51, 66- 67 (2011). Further, plaintiff claims both that the officers were investigated and disciplined, and that this discipline would have been insufficient. This argument holds no water for a failure to train, investigate, and discipline municipal liability claim. It is inapposite to claim that the officers received inadequate training and were not investigated, while also alleging that they were, in fact, investigated and recommended for discipline. Further, plaintiff has not alleged any deliberate indifference, as required for a failure to train and supervise claim. See id. Indeed, plaintiff's allegations that each alleged incident was investigated and discipline recommended demonstrates that there was an appropriate response and no deliberate indifference. As such, plaintiff's claim cannot stand. Accordingly, plaintiff's municipal liability claim against defendant City of New York for should be dismissed.

**CONCLUSION**

For the foregoing reasons and those set forth in NYC defendants' Motion to Dismiss, the Court should dismiss plaintiff's claims against the City of New York and Officer Reis, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Date:   New York, New York
        March 20, 2023

                                                         HON. SYLVIA O. HINDS-RADIX
                                                         Corporation Counsel of the
                                                            City of New York
                                                         *Attorney for Defendants City of New York, and Officer Reis*
                                                         New York, New York 10007
                                                         (212) 356-3539
                                                         jschemit@law.nyc.gov

                                                  By:            /s/
                                                            John Schemitsch
                                                            *Senior Counsel*

cc:    **BY ECF**
        ALL COUNSEL OF RECORD

7