UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------X
JUSTIN SHERWOOD,

                        Plaintiff,                **Docket No.:** 22-cv-07505 (BMC)

    -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT ("NYPD") OFFICER
JOHN MADERA, NYPD OFFICER TIAGOM REIS,
NYPD OFFICER ARTHUR STURMAN, and
NYPD DETECTIVE SAMANTHA STURMAN,

                        Defendants.
---------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DET. SAMANTHA STURMAN'S MOTION TO DISMISS PLAINTIFF'S INITIAL COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

 

**KARASYK & MOSCHELLA, LLP**
John W. Burns, Esq.
233 Broadway, Suite 2340
New York, New York 10279
212-233-3800
jburns@kmattorneys.com

*Attorneys for Defendant Detective Samantha Sturman*

*Of Counsel:*   *John W. Burns*
                  *James M. Moschella*

**Table of Contents**

Table of Authorities. .................................................................................................................. ii

PRELIMINARY STATEMENT ...............................................................................................1

STATEMENT OF RELEVANT PLED FACTS .......................................................................2

FIRST AMENDED COMPLAINT –
FIRST AMENDMENT RETALIATION CAUSE OF ACTION. ..............................................4

STANDARD OF REVIEW ........................................................................................................4

ARGUMENT ............................................................................................................................. 5

    POINT I: PLAINTIFF HAS FAILED TO PLEA
    THAT DET. STURMAN RETALIATED AGAINST
    HIM FOR REPORTING NYPD VEHICLES TO 311. .................................................... 5

    POINT II: PLAINTIFF HAS FAILED TO MAKE OUT
    ANY CLAIMS AS TO DET. STURMAN PURSUANT
    TO THE FOURTEENTH AMENDMENT ................................................................... 10

    POINT III: THE COURT SHOULD DECLINE
    SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S
    STATE LAW CLAIMS ................................................................................................ 11

CONCLUSION. ...................................................................................................................... 11

## **Table of Authorities**

**Cases:**

*Batista v. Rodriguez*, 702 F.2d 393, 398
(2d Cir. 1983) ............................................................................................................................. 8

*Bowles v. New York*, 37 F. Supp. 2d 608
(S.D.N.Y. 1999) ......................................................................................................................... 8

*Chenensky v. N.Y. Life Insurance Co.*, 942 F. Supp. 2d 388, 393
(S.D.N.Y. 2013) ....................................................................................................................... 11

*Collins v. Goord*, 438 F. Supp. 2d 399, 419
(S.D.N.Y. 2006) ......................................................................................................................... 5

*Davis v. Goord*, 320 F.3d 346, 353
(2d Cir. 2003) ............................................................................................................................. 5

*Diesel v. Town of Lewisboro*, 232 F.3d 92, 107
(2d Cir. 2000) ............................................................................................................................. 5

*Dilello v. Coviello*, 2021 U.S. Dist. Lexis 19131
(S.D.N.Y. Feb. 1, 2021) ..................................................................................................... 4,9,10

*Dolan v. Connolly*, 794 F.3d 290, 294
(2d Cir. 2015) ............................................................................................................................. 4

*Dougherty v. Town N. Hempstead Bd. of Zoning Appeals*,
282 F3d 83 (2nd Cir 2002). ...................................................................................................... 10

*Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 194
(2d Cir. 1994) ......................................................................................................................... 5,10

*Liner v. Ward*, 754 F. Supp. 32
(SDNY 1991) ............................................................................................................................. 8

*Mateo v. Bristow*, 2013 U.S. Dist. LEXIS 106478,
2013 WL 3863865, at *6 (S.D.N.Y. July 16, 2013) .................................................................. 5

*McGowan v. Town of Evans*, 2017 U.S. Dist.
LEXIS 149509 *26, 27. (W.D.N.Y.) .......................................................................................... 8

*Nieves v. Bartlett*, 139 S. Ct. 1715 (2019)..................................................................................9

*Phillips v. Bowen*, 278 F.3d 103, 109
(2d Cir. 2002) ................................................................................................................. 5

*Cf. Schroeder v. Dept. of Veterans Affairs*, No. 08-cv-351(MRK),
2008 U.S. Dist. LEXIS 93586, 2009 WL 1531953......................................................................8

*Troy v. City of New York*, 2014 U.S. Dist.
LEXIS 136339* (S.D.N.Y.) ............................................................................................ 8,9

*Wright v. Smith*, 21 F.3d 496, 501
(2nd Cir. 1994) ............................................................................................................... 10

*Zherka v. Amicore*, 634 F.3d 642, 643
(2nd Cir. 2011) .............................................................................................................. 6,9

**Statutes:**

New York Civil Rights Law § 79-P ................................................................................................1

Fed. R. Civ. Pro. 12(b)(6)................................................................................................*passim*

28 U.S.C. § 1367. ........................................................................................................... 11

42 U.S.C. § 1983. ......................................................................................................... *passim*

**PRELIMINARY STATEMENT**

Plaintiff, Justin Sherwood ("Plaintiff"), brings this action under 42 U.S.C. § 1983 and 1988, and under New York State Law, *inter alia*, for alleged violations of the First and Fourteenth Amendments of the United States Constitution. Plaintiff has named as Defendants the City of New York, New York City Police Department ("NYPD") Officer John Madera, NYPD Detective Samantha Sturman, NYPD Officer Arthur Sturman, and NYPD Officer Tiagom Reis ("Defendants").

Plaintiff brings federal claims under 42 U.S.C. § 1983 against NYPD Detective Samantha Sturman ("Det. Sturman") for retaliation against Plaintiff for engaging in speech and/or conduct protected by the First Amendment arising from events on August 26, 2021 and October 18, 2021. *See,* First Amended Complaint Docket No. 26 (the "FAC") at ¶ 52-56, 87-122. Plaintiff further asserts common law claims of a *prima facie* tort, intentional and negligent infliction of emotional distress, that Defendants violated New York Civil Rights Law § 79-P, and a claim that Defendants violated Plaintiff's rights pursuant to the New York State Constitution. *See,* FAC ¶ 164-170, 189-192.

Plaintiff's complaint fails to state a cognizable and viable cause of action against defendant Det. Sturman in regards to Plaintiff's federal claims of allegedly violating his First and Fourteenth Amendment rights, because the complaint fails to set forth any facts which would render a §1983 retaliation claim against defendant Det. Sturman.

Accordingly, Defendant Det. Sturman respectfully requests that the Court grant her motion, pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), and that the above-mentioned claims be dismissed as against her.

## STATEMENT OF RELEVANT PLED FACTS[1]

Plaintiff has made numerous complaints regarding motor vehicles parked in violation of New York City Rules and Regulations concerning parking in bike lanes, sidewalks, and bus stops, in his neighborhood, downtown Brooklyn to the City of New York. Plaintiff made his complaints through New York City's 311 non-emergency call service. (*See,* FAC ¶1-4) Plaintiff alleges that some of his complaints have been responded to with harassment and/or retaliation by NYPD employees. (*See,* FAC ¶7) Specifically, Plaintiff alleges two incidents involving Det. Sturman.

On August 26, 2021, Det. Sturman called Plaintiff in an effort to resolve the numerous 311 complaints he made that day. Det. Sturman offered to set up a meeting between Plaintiff and a NYPD Community Affairs Officers and Neighborhood Coordination Officer ("NCO") for the 84th Precinct. Plaintiff declined the offer to discuss his complaints to 311. Plaintiff then told Det. Sturman to "Go fuck off." Det. Sturman then stated, "Stop calling dickhead." The phone call ended approximately one minute and three seconds after it began[2] (*See,* Plaintiff's Opposition to Defendant City's Motion to Dismiss, ECF Dkt. 43, Exhibit 1, Pg 3). Plaintiff shortly thereafter filed a complaint to New York City Civilian Complaint Review Board ("CCRB") against Det. Sturman. CCRB substantiated allegations of "Offensive Language" and "Discourtesy" and recommended "Command Discipline A." (*See,* FAC ¶ 52-56)

---

[1] While we contest the validity of the account given of this incident in the plaintiff's Complaint, as per the rules surrounding motions to dismiss under Rule 12, the facts must be accepted as set forth in the Complaint. Unless otherwise stated, all of the following facts are taken directly from the FAC.

[2] While Fed. R. Civ. P. 12(b)(6) would ordinarily confine Defendant Sturman to only the Plaintiff's pleadings we have the benefit of Plaintiff's Opposition to co-Defendant City of New York's motion to dismiss in ECF Dkt # 43 with Exhibits.

On October 18, 2021, *StreetsblogNYC* reported about past incidents of Plaintiff's 311 complaints[3]. The blog article included the August 26, 2021 incident and it mentioned Det. Sturman. Also on October 18, 2021, shortly after the article was released, Plaintiff again observed many cars parked in violation of City signage. Some of the vehicles had various city and/or other governmental parking placards displayed. Plaintiff took pictures of the parked vehicles and submitted 11 separate complaints to the City *via* 311. That same day, Plaintiff received a number of calls and a text from blocked phone numbers. The only text message he received was "Keep fucking around." (*see,* FAC ¶ 94) Plaintiff answered one of the blocked cell phone calls. The caller identified himself as Lieutenant (Lt.) Charles. Lt. Charles denied sending a text message. Plaintiff declined Lt. Charles offer to come to the 84th Precinct to meet with the NCO to resolve his complaints. On October 18, 2021, Plaintiff reported, the above mentioned, text message to CCRB and received a case number. (*see,* FAC ¶ 100) Subsequently, Plaintiff filed complaints with various elected officials; provided information for another *StreetsblogNYC* article; contacted the New York City Department of Investigation ("DOI"); was in contact with NYPD Internal Affairs Bureau ("IAB"). Plaintiff fully cooperated with these various investigative groups, including CCRB.

The resolution of the two CCRB complaints was that the comment by Det. Sturman at the end of the August 26, 2021 telephone call was found to be in violation of two categories of CCRB's jurisdiction: Discourtesy and Offensive Language[4].

---

[3] ECF Dkt #43, Exhibit 2

[4] N.Y.C. Charter Chapter 18-A §440 sets out the limited jurisdiction of CCRB. CCRB can receive, investigate, and make findings and recommendations or complaints from the public of alleged police misconduct involving four limited categories of jurisdiction: excessive **Force, Abuse of Authority, Discourtesy,** and use of **Offensive** language. This is commonly known as **FADO** jurisdiction.

While CCRB recommended a Command Discipline A & B and formalized training. The NYPD have now preferred formal charges and specifications and have rejected CCRB's Command Discipline recommendation.

As to the October 18, 2021 incident CCRB has substantiated that incident as a violation of its an "Abuse of Authority" as the text was classified as a verbal threat of force; and "Discourtesy Word". CCRB recommended Command Discipline B. However, there has been no further action from the NYPD as to whether it has accepted or rejected the CCRB's recommendation.

### FIRST AMENDED COMPLAINT – FIRST AMENDMENT RETALIATION CAUSE OF ACTION

Plaintiff claim against Det. Sturman is for retaliation against him for engaging in speech or conduct protected by the First Amendment. However, for the reasons set out below the Plaintiff's complaint as to Det. Sturman must be dismissed as the elements of a claim pursuant to 42 U.S.C. § 1983 First Amendment and Fourteenth Amendment are not plead thus requiring a dismissal of the FAC pursuant to Fed. R. Civ. P. 12 (b)(6).

### STANDARD OF REVIEW

In deciding a Fed. R. Civ. P. 12(b) (6) motion, the Court evaluates the sufficiency of the operative complaint to ascertain whether the three elements of a First Amendment retaliation claim are plead. *Dilello v. Coviello*, 2021 U.S. Dist. Lexis 19131 (S.D.N.Y. Feb. 1, 2021) set forth the standard of review.

> "To adequately plead a First Amendment retaliation claim, a plaintiff must plausibly allege (i) he engaged in constitutionally protected speech or conduct, (ii) a defendant took adverse action against him, and (iii) the protected speech and adverse action are causally connected. *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015).

4

With respect to the first element, it is well established that '[t]he right to complain to public officials and to seek administrative and judicial relief are protected by the First Amendment.' *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994). (plaintiff commencing Article 78 proceedings, attending public meetings and hearings, and complaining to building inspector alleged zoning violations plausibly alleged the first element of First Amendment retaliation claim).

With respect to the second element, an 'adverse action' is 'retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights.' *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003). A verbal threat may constitute an adverse action if it sufficiently "direct and specific" to deter a similarly-situated individual of ordinary firmness from exercising his or her constitutional rights, *see, Mateo v. Fischer*, 682 F. Supp. 2d 423, 434 (S.D.N.Y. 2010), as can destruction of property. *See, Collins v. Goord*, 438 F. Supp. 2d 399, 419 (S.D.N.Y. 2006) (damage to an inmate's typewriter plausibly constituted adverse action in retaliation for filing grievances). Additionally, a "combination of seemingly minor incidents [may] form the basis of a constitutional retaliation claim" when viewed in the aggregate. *See, Phillips v. Bowen*, 278 F.3d 103, 109 (2d Cir. 2002).

With respect to the third element, a plaintiff must allege a causal connection 'sufficient to support the inference that the [protected] speech played a substantial part' in the adverse action. *Diesel v. Town of Lewisboro*, 232 F.3d 92, 107 (2d Cir. 2000). 'Courts may infer a retaliatory motive from a variety of factors, including the timing' of the alleged retaliatory action and its 'temporal proximity' to the initial grievance or complaint. *Mateo v. Bristow*, 2013 U.S. Dist. LEXIS 106478, 2013 WL 3863865, at *6 (S.D.N.Y. July 16, 2013). "*Id* *8

## ARGUMENT

### POINT I:

### PLAINTIFF HAS FAILED TO PLEA THAT DET. STURMAN RETALIATED AGAINST HIM FOR REPORTING NYPD VEHICLES TO 311.

Plaintiff alleges that Det. Sturman retaliated against him, which prevented him from exercising his First Amendment rights. However, even if the alleged facts are true, Plaintiff does not set forth a viable federal constitutional claim against Det. Sturman upon which relief can be granted. In order to prevail in a §1983 retaliation claim: "Under the law of this Circuit, the

5

viability of a *prima facie* First Amendment retaliation claim depends on context. Private citizens alleging retaliation for their criticism of public officials must show that they engaged in protected speech, persons acting under the color of state law took adverse action against them in retaliation resulted in "actual chilling" of their exercise of their constitutional right to free speech." *Zherka v. Amicore*, 634 F.3d 642, 643 (2nd Cir. 2011).

Plaintiff's activity on its face clearly meets the first element that when making his complaints, no matter how numerous, to 311 concerning alleged NYPD vehicles parked in violation of New York City Rules and Regulations, he was engaged in protected activity.

Plaintiff's pleadings, however, fail to satisfy the remaining two elements to defeat a Fed. R. Civ. P. 12 (b)(6) motion. The alleged actions of Defendant Det. Sturman did not deter Plaintiff from continuing to make complaints to 311 concerning NYPD vehicles parked in violation of NYC Rules and Regulations or to continue to report and make complaints regarding Det. Sturman in particular and other members of the NYPD in general. Moreover, Plaintiff continued to exercise his First Amendment rights by providing information to *StreetsblogNYC*, communication with governmental officials and investigative governmental bodies with jurisdiction over the conduct and activities of the NYPD and its members.

Plaintiff's pleadings attempts to advance his claims that he suffered injury in that the alleged harassment and retaliation of and by Det. Sturman caused him "fear and emotional distress by interfering with, limiting, and casting a chill on Mr. Sherwood's ability and willingness to continue to engage in that reporting." (*See*, FAC ¶ 90)

However, this is clearly not true. There are multiple events in Plaintiff's FAC that occur after the August and October 2021 incidents. After the alleged incident on August 26, 2021, Plaintiff;

6

- Continued to make calls and complaints to 311;

- Called CCRB to make a complaint about Det. Sturman.

After the alleged incident on October 18, 2021, Plaintiff;

- Called CCRB to file a second complaint against Det. Sturman and continued to cooperate with that investigative body;

- Made eleven (11) additional calls to 311 on October 18, 2021 concerning NYPD vehicles parked in violation of New York City Rules and Regulations;

- Contacted NYPD IAB and filed a complaint against Det. Sturman;

- Contacted New York City DOI and filed a complaint;

- Contacted various elected officials;

- On October 19, 2021 contacted NYPD PRIDE spoke with PO/Det Abreu;

- Contacted the reporter for *StreetsblogNYC* and was an anonymous source for further information. Moreover, Plaintiff continued to contact the *StreetsblogNYC* reporter up to the day after the herein complaint was filed in this Court.

What is the "adverse action" that Det. Sturman took against Plaintiff ? What has Plaintiff plead to show he was actually deterred from exercising his constitutional rights? What is the "direct and specific" verbal threats that Plaintiff can point to? It is respectfully submitted that Det. Sturman ending her call with Plaintiff on August 26, 2021 by saying "Stop calling (311) dickhead," was in response to Plaintiff telling her to "Fuck off" after he refused Det. Sturman's offer to resolve his 311 calls does not constitute adverse action. How is that adverse action?

The October 18, 2021 text message "keep fucking around," Plaintiff has failed to show any sufficiently direct and specific adverse action in connection to this text alleged to be

7

connected to Det. Sturman. While not conceding that Det. Sturman did text him, again where is the adverse action and related required injury?

The case law is clear that inappropriate, rude, cruel, and insensitive language does not rise to the level of a constitutional violations. *McGowan v. Town of Evans*, 2017 U.S. Dist. LEXIS 149509 *26, 27. (W.D.N.Y.). In *McGowan*, the Plaintiff testified that during both her arrest and post-arrest detention the police officers taunted and teased her, used foul language and were generally cruel and insensitive. In discussing her causes of action the Court relied upon *Liner v. Ward*, 754 F. Supp. 32 (SDNY 1991) ("rude, inconsiderate, and insulting language by a police officer while effectuating an arrest are insufficient and do not give rise to a constitutional violations); *Bowles v. New York*, 37 F. Supp. 2d 608 (SDNY 1999) ("verbal harassment or threats do not constitute violations of any federally protected rights and are therefore not actionable pursuant to 42 U.S.C. § 1983") *Id* *26.

In *Troy v. City of New York*, 2014 U.S. Dist. LEXIS 136339* (S.D.N.Y.) Plaintiff's First Amendment claims was based upon a NYPD Detective telling Plaintiff to "stop babbling" during a telephone conversation. The *Troy* Court found:

> "... However, any such claim must be dismissed out of hand, as '[m]ere rudeness or inconvenience, however unpleasant;' cannot give rise to an injury cognizable under the First Amendment. *Batista v. Rodriguez*, 702 F.2d 393, 398 (2d Cir. 1983) (finding that administrative tribunal's rude treatment of plaintiffs did not violate the First Amendment). To otherwise 'suggest that rude and inconsiderate treatment of complainants... is prohibited by the First Amendment is to trivialize the significance of the right to petition the government, making of [*18] the Constitution a font of tort law, and converting federal courts into small-claims tribunals.' *Id.* (quotation marks omitted omitted). *Cf. Schroeder v. Dept. of Veterans Affairs*, No. 08-cv-351(MRK), 2008 U.S. Dist. LEXIS 93586, 2009 WL 1531953, at *1-2 (D. Conn. June 1, 2009) (finding that plaintiff's allegation that defendant personnel had 'hung up on him when he called to check on his claim' was insufficient to state a claim for any constitutional violation). Accordingly, Plaintiff's claim is dismissed to the extent that it is based upon Detective Vergona's rude comment." *Id**17-18

8

Furthermore, Plaintiff does not meet the third element either. The U.S. Supreme Court in *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019) held that in order to prevail on such a claim, the Plaintiff must establish a "causal connection between the Defendants' "retaliatory animus" and the Plaintiff's subsequent injury." It is not simply that the defendant acted in a retaliatory manner and that the Plaintiff sustained an injury, but the retaliation had to have caused the injury.

In this case, what Plaintiff here alleges was retaliatory conduct, was not a cause for his injuries.

Neither the August 26, 2021 telephone conversation, nor the alleged October 18, 2021 text message deterred the Plaintiff from making further 311 complaints about parking rules and regulations violations, complaining about Det. Sturman to both CCRB, IAB, and NYPD, and speaking to the press, media, and elected officials satisfy this element of showing an actual chilling based upon his own admitted conduct. It is respectfully submitted that this Court should dismiss with prejudice any causes of action as they are alleged against Det. Sturman.

The Plaintiff is required to plea and show he suffered an "actual chill" to his free speech rights as a result of adverse action taken by Det. Sturman. While we cannot find any adverse action exist in Plaintiff's FAC, we are at a complete loss to determine what the "actual chill" to his speech has been. The alleged particular injuries under New York State Law are not sufficiently tangible to serve as a substitute for "actual chilling." Hurt feelings for a bruised ego are not by themselves the stuff of constitutional tort. *See*, *Zherka v. Amicone*, 634 F3d. 642, 645-46 (2d Cir. 2011).

Plaintiff was never threatened by Det. Sturman with any type of retaliation. She never threatened to arrest him or in fact did arrest him. (*See*, *Dilello, supra; Troy, supra*).

9

Det. Sturman did not threaten nor did she destroy any property belonging to Plaintiff (*See*, *Dilello, supra*). Nor did she threaten to take adverse action against Plaintiff by threatening to not enforce a law or prevent him from making future complaints to 311 (*Dougherty v. Town N. Hempstead Bd. of Zoning Appeals*, 282 F3d 83 (2nd Cir 2002) (threat of a revocation of a building permit); *Gagliardi; supra* (threat to not enforce a zoning law).

Simply put with respect to Det. Sturman there is absolutely no facts to support that she engaged in conduct that resulted in an "actual chill" to Plaintiff's free speech constitutional rights. It is well settled in this Circuit that personal involvement of a defendant in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983. *Wright v. Smith*, 21 F.3d 496, 501 (2nd Cir. 1994).

Therefore, the herein FAC must be dismissed as to her in its entirety.

The absence of a constitutional cause of action does not leave this Plaintiff without some redress. Both of his CCRB claims were substantiated by that investigative body and to date the NYPD are treating the August 2021 allegations with the possibility of penalty of suspension and not just re-instruction as recommended by CCRB. While Plaintiff may claim CCRB found Det. Sturman "Abused her Authority" according to CCRB, that finding is not the equivalent as what is required to make out a constitutional claim for a violation of the First Amendment.

## POINT II:

### PLAINTIFF HAS FAILED TO MAKE OUT ANY CLAIMS AS TO DET. STURMAN PURSUANT TO THE FOURTEENTH AMENDMENT.

For the reasons set out above, Plaintiff has failed to assert any violations of his procedural or substantive due process rights under the Fourteenth Amendment.

## POINT III:

## THE COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS.

As Plaintiff does not have a viable cognizable federal claim this Court should decline to exercise supplemental jurisdiction over the state law claims that are pendent or ancillary to the federal claims pursuant to 28 U.S.C. § 1367.

Should the Court grant Det. Sturman's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) it is respectfully requested that the Court decline to exercise it supplemental jurisdiction, and dismiss the Plaintiff's FAC as to Det. Sturman in its entirety. There is no reason that Plaintiff could not refile any of his state law claims in a state Court. *See, Chenensky v. N.Y. Life Insurance Co.*, 942 F. Supp. 2d 388, 393 (S.D.N.Y. 2013).

## CONCLUSION

For all the foregoing reasons, defendant Det. Sturman's motion for a dismissal pursuant to Fed. R. Civ. P. 12(b)(6), dismissing Causes of Action one (1) and three (3) should be granted in its entirety, and for such other relief as this Court deems just and proper.

Dated: New York, New York
      April 6, 2023

Respectfully submitted,

KARASYK & MOSCHELLA, LLP

*John W. Burns*
By: John W. Burns, Esq.
Attorneys for Defendant S. Sturman
233 Broadway, Suite 2340
New York, New York 10279
(212) 233-3800
Jburns@kmattorneys.com

11