UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JUSTIN SHERWOOD,

                                    Plaintiff,

    -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE       22-CV-7505 (BMC)
DEPARTMENT ("NYPD") OFFICER JOHN MADERA, NYPD
OFFICER TIAGOM REIS, NYPD OFFICER ARTHUR
STURMAN, and NYPD DETECTVIVE SAMANTHA STURMAN.

                                    Defendants.
-----------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NEW YORK CITY POLICE OFFICER JOHN MADERA AND ARTHUR STURMAN'S MOTION FOR PARTIAL DISMISSAL PURSANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c)**

Doug LaBarbera, Esq.
*Associate*

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ........................................................................................... 1

**STATEMENT OF FACTS** ................................................................................................... 1

**STANDARD OF REVIEW** .................................................................................................. 3

**ARGUMENT** ........................................................................................................................ 4

**POINT I.**

   PLAINTIFF FAILS TO SATIFY THE ELEMENTS OF HIS FIRST
   AMENDMENT RETALIATION CLAIM. ...................................................................... 4

**POINT II.**

   THE COURT SHOULD DECLINE TO RETAIN SUPPLEMENTAL
   JURISDICTION OVER PLAINTIFF'S PENDENT STATE LAW CLAIMS ............. 7

**CONCLUSION** ..................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal,
    556 U.S. 662 (2009). ........................................................................................................ 3

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007). ..................................................................................................... 3, 6

Carnegie-Mellon Univ. v. Cohill,
    484 U.S. 343 (1988). ........................................................................................................ 8

City of Chicago v. Int'l Coll. of Surgeons,
    522 U.S. 156 (1997). ........................................................................................................ 8

Cleveland v. Caplaw Enters.,
    448 F.3d 518 (2d Cir. 2006). ............................................................................................ 4

Curley v. Vill. of Suffern,
    268 F.3d 65 (2d Cir. 2001). .............................................................................................. 5

De Jesus v. Sears, Roebuck & Co., Inc.,
    87 F.3d 65 (2d Cir. 1996). ................................................................................................ 3

Dorsett v. Cnty. of Nassau,
    732 F.3d 157 (2d Cir. 2013). ............................................................................................ 5

Fezzani v. Bear, Stearns & Co.,
    384 F. Supp. 2d 618 (S.D.N.Y. 2004). ............................................................................. 4

Gonzalez v. Red Apple Grp., Inc.,
    No. 21CIV508LDHVMS, 2022 WL 987425,
    (E.D.N.Y. Feb. 5, 2022). .................................................................................................. 9

Kolari v. New York-Presbyterian Hosp.,
    455 F.3d 118, (2d Cir. 2006). ....................................................................................... 7, 8

Laird v. Tatum,
    408 U.S. 1 (1972). ............................................................................................................ 5

Leeds v. Meltz,
    85 F.3d 51 (2d Cir. 1996). ................................................................................................ 4

Mangino v. Inc. Vill. of Patchogue,
    739 F. Supp. 2d 205 (E.D.N.Y. 2010). ............................................................................. 4

Republic of Iraq v. ABB AG,
    768 F.3d 145 (2d Cir. 2014). ............................................................................................ 8

Singer v. Fulton Cnty. Sheriff,
    63 F.3d 110 (2d Cir. 1995). .............................................................................................. 5

Spear v. Town of W. Hartford,
 954 F.2d 63 (2d Cir. 1992). ................................................................................. 5

United Mine Workers v. Gibbs,
 383 U.S. 715 (1966). ........................................................................................... 7

Williams v. Town of Greenburgh,
 535 F.3d 71 (2d Cir. 2008). ................................................................................. 4

Zherka v. Amicone,
 634 F.3d 642 (2d Cir. 2011). ............................................................................... 6

**Statutes**

28 U.S.C. § 1367(a) ..................................................................................................... 7, 8

42 U.S.C. § 1983 ...................................................................................................... 1, 7, 9

Fed. R. Civ. P. 12(b)(6) ................................................................................................. 3, 4

Fed. R. Civ. P. 12(c) .................................................................................................. 1, 4, 7

N.Y.S. Const. Article I Section 8 ...................................................................................... 8

N.Y.S. Const. Article I Section 9 ...................................................................................... 8

New York Civil Rights Law §79-P .................................................................................... 8

## PRELIMINARY STATEMENT

In his First Amended Complaint, Plaintiff Justin Sherwood ("Plaintiff") brings claims against Defendant New York City Police Officers John Madera and Arthur Sturman (Officers Madera & Sturman) for First Amended Retaliation pursuant to 42 U.S.C. § 1983, and violation of the laws of the State of New York.

Officers Madera and Sturman now move this Court for an Order (1) dismissing Plaintiff's First Amendment Retaliation claim pursuant to Federal Rule of Civil Procedure 12(c) and (2) declining to retain supplemental jurisdiction over Plaintiff's remaining claims brought pursuant to the laws of the State of New York.

## STATEMENT OF FACTS

For purposes of this motion to dismiss, all facts are derived from Plaintiff's First Amended Complaint and accepted as true. Plaintiff "has reported individuals who bark illegally in bike lanes, sidewalks and bus stops in his neighborhood, downtown Brooklyn to Defendant City of New York through its 311 service." (*see*, Declaration of Douglas LaBarbera "LaBarbera Decl." Ex. A First Amended Complaint at ¶ 1) "Mr. Sherwood has lodged many such 311 complaints related to the illegally parked vehicles near two NYPD locations – the 84th Precinct and Transit Division 30." (Id. at ¶ 4) Plaintiff made "311 reports regarding vehicles he believed were illegally parked near the NYPD's 84th Precinct and TD30 on August 13th, August 26th, September 10th, and October 18th, of 2021." (Id. at ¶ 8)

**September 10th, 2021, incident**

On September 10th, 2021, Plaintiff observed many vehicles parked on the Schermerhorn street bike lane and/or sidewalk. (Id. at ¶ 57) He took photos of the conditions and made eight separate 311 complaints. (Id. at ¶ 58-60) The complaints were closed with the status "the

Police Department responded to the complaint and determined that police action was not necessary." (Id. at ¶ 61) At 2:42 pm that day, Officer Madera called Plaintiff, from a blocked number, and falsely identified himself as Josh Hader a NYC 311 Operator. (Id. at ¶ 62-64) Officer Madera stated, in sum and substance, that since Plaintiff was submitting multiple complaints, he might be barred from submitting complaints to 311 altogether going forward. (Id. at ¶ 65) He also mentioned the location that Plaintiff was complaining about was in front of a NYPD Transit Precinct TD 30. (Id. at ¶ 66) Plaintiff made complaints to the NYC Civilian Complaint Review Board and NYPD Internal Affairs Bureau about the September 10th, 2021, incident. (Id. at ¶ 72 & 75) As mentioned above, Plaintiff continued to make 311 complaints after September 10th, 2021. Specifically, Plaintiff made eleven 311 Complaints on October 18th, 2021. (Id. at ¶ 90-92)

**October 18th, 2021 incident**

On October 18th, 2021, Plaintiff saw cars parked on the "300 Block of Jay Street bike lane and/or sidewalk, in violation of City signage" that displayed city or government parking placards. (Id. at ¶ 88 to 89) Plaintiff took photos of the vehicles and submitted eleven separate 311 Complaints. (Id. at ¶ 90-92) The complaints were closed with the status "[t]he Police Department responded to the complaint and with the information available observed no evidence of the violation at that time." (Id. at ¶ 93) At 1:52 pm Plaintiff received a text from 631-685-5448 a number unknown to him that said "keep fucking around." (Id. at ¶ 94) Plaintiff received around eight calls from blocked numbers that afternoon which he did not pick up. (Id. at ¶ 96) Plaintiff later received a call from a blocked number and someone who identified himself as Lt. Charles asked Plaintiff to meet with a Neighborhood Coordination Officer to discuss his concerns, but Plaintiff declined. (Id. at ¶ 97-98) Plaintiff asked Lt. Charles if he had sent the

2

text message and he denied doing so and recommended Plaintiff call 911 to report the incident. (Id. at ¶ 98)  Plaintiff reported the text message and calls from blocked numbers to the CCRB. (Id. at ¶ 99)  Plaintiff also communicated with NYC Council Member Stephen Levin about the harassment on October 18th, 2021.  (Id. at ¶ 101)  On October 19th, 2021, Plaintiff communicated with then Council Member Elect Lincoln Restler about the incident who urged Plaintiff to call 1-800-PRIDE-PD, which he did. (Id. at ¶ 104)  Later in October of 2021, Plaintiff made a Complaint about the incident to the City's Department of Investigation. (Id. at ¶ 105)  The website StreetsblogNYC has reported about the incidents that Plaintiff describes in his First Amended Complaint. (Id. at ¶ 67-69, 103)

## STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept all of the factual allegations as true and "draw all inferences in plaintiff's favor."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  However, Plaintiff must "allege enough facts to state a claim to relief that is plausible on its face." Id.  "Plaintiff's claim for relief is only plausible on its face when it contains more than an unadorned, the-defendant- unlawfully-harmed me accusation." Id.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Where a plaintiff "has not nudged [his or her] claims across the line from conceivable to plausible,[the] complaint must be dismissed." Twombly, 550 U.S. at 570.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  A court is "not bound to accept as true a legal conclusion that is couched as a factual allegation." Id. *see also*, De Jesus v. Sears, Roebuck & Co., Inc., 87 F.3d 65, 70 (2d Cir. 1996), ("A complaint which

3

consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)"). "[W]hile the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). "Failure to sufficiently plead the elements of a cause of action is grounds for dismissal." Fezzani v. Bear, Stearns & Co., 384 F. Supp. 2d 618, 630 (S.D.N.Y. 2004). "The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).

## ARGUMENT

### POINT I.

### PLAINTIFF FAILS TO SATIFY THE ELEMENTS OF HIS FIRST AMENDMENT RETALIATION CLAIM.

Since Plaintiff cannot satisfy the third element of his First Amendment Retaliation claim, that Officer Madera and Sturman's actions adversely affected Plaintiff's speech or caused him concrete harm, that claim should be dismissed.

The Second Circuit has "described the elements of a First Amendment retaliation claim in several ways, depending on the factual context." Williams v. Town of Greenburgh, 535 F.3d 71, 76 (2d Cir. 2008). "In the context of a private citizen's action against public officials, the plaintiff must show that: (1) [the plaintiff] has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by [a plaintiff's] exercise of that right; and (3) defendants' actions effectively chilled the exercise of [plaintiff's] First Amendment right." Mangino v. Inc. Vill. of Patchogue, 739 F. Supp. 2d 205, 247 (E.D.N.Y. 2010).

4

"In order to meet the third element, or the chilling requirement, a plaintiff must come forward with evidence showing either that (1) defendants silenced him or (2) defendants' actions had some actual, nonspeculative chilling effect on his speech." Id. at 248. "The Supreme Court has held that [a]llegations of a subjective chill are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." Id. *citing* Laird v. Tatum, 408 U.S. 1, 13–14 (1972). "Where a party can show no change in his behavior, he has quite plainly shown no chilling of his First Amendment right to free speech." Curley v. Vill. of Suffern, 268 F.3d 65, 73 (2d Cir. 2001), *see also*, Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 120 (2d Cir. 1995), (*finding* no chilling effect where, after an arrest, the plaintiff continued to publish his newspaper through which he criticized the village government), *see also*, Spear v. Town of W. Hartford, 954 F.2d 63, 67 (2d Cir. 1992) (*finding* no chilling effect where, after the filing of a lawsuit, the plaintiff continued to write criticizing editorials in the same manner as before the lawsuit.) In Dorsett v. Cnty. of Nassau, 732 F.3d 157, 161 (2d Cir. 2013), the Second Circuit clarified that "[c]hilled speech is not the *sine qua non* of a First Amendment claim." "A plaintiff has standing if he can show *either* that his speech has been adversely affected by the government retaliation or that he has suffered some other concrete harm." Id. Notwithstanding these pronouncements, the Dorsett court affirmed the district court's dismissal of plaintiff's First Amendment Retaliation claim since the retaliation "did not curtail Plaintiff's free speech." Id.

Here, Plaintiff has failed to plead facts that demonstrate his speech was adversely affected or that he suffered concrete harm because of the call or text message. Plaintiff's behavior did not change at all because of Officer Madera's phone call or the Sturman text message as he continued to protest the NYPD's handling of 311 calls. As evidenced Plaintiff's allegations concerning October 18th, 2021, one month after receiving the call, Plaintiff continued

5

to make 311 complaints. Plaintiff also actively campaigned with local politicians regarding his use of 311 after both incidents. After receiving the phone call from Officer Madera, Plaintiff also provided information to StreetsblogNYC for an article that was published about his 311 complaints. In his Amended Complaint, Plaintiff alleges that "[on] the morning of October 18th, 2021, Julianne Cuba reported in StreetsblogNYC about the August 13th, August 26th, and September 10th, 2021, incidents." (LaBarbera Decl. Ex A. – First Amended Complaint at ¶ 67) In an article published on January 23rd, 2023, Julianne Cuba identified Plaintiff as the "once anonymous tipster," who provided information for the articles. [1]

      Plaintiff's First Amended Complaint also fails to allege any concrete harm that resulted from either Officer Madera's phone call or the Sturman text message. "Hurt feelings or a bruised ego are not by themselves the stuff of constitutional tort." Zherka v. Amicone, 634 F.3d 642, 645–46 (2d Cir. 2011). "Where chilling is not alleged, other forms of tangible harm will satisfy the injury requirement, since standing is no issue whenever the plaintiff has clearly alleged a *concrete* harm independent of First Amendment chilling." Id. Although Plaintiff's First Amended Complaint makes a cursory reference to "emotional injury," in Zherka, the Second Circuit expressly refused to decide whether "allegations of emotional and psychological harm would establish compensable injury in a First Amendment retaliation claim." Id. at 646–47 In any event, as was the case in Zherka, here, although Plaintiff referenced emotional injury in cursory fashion, as pleaded, "the allegations are insufficient to establish facial plausibility under the standard set by *Bell Atlantic Corp. v. Twombly.*" Id.

---

[1] https://nyc.streetsblog.org/2023/01/23/tipster-sues-nypd-for-harassment-over-311-complaints-about-illegal-parking/

6

In response to similar arguments made by Co-Defendant City of New York regarding Plaintiff's lack of harm, Plaintiff raises a fear of unspecified future retaliation as a harm that resulted from Defendant's conduct. But the law is clear that the harm alleged must be "tangible," or "concrete" to meet the constitutional standard. It is respectfully submitted that Plaintiff's fear of unspecified future retaliation is not sufficiently tangible or concrete for him to sustain his First Amendment retaliation claim.

As such, Plaintiff's First Amendment Retaliation claim, brought pursuant to 42 U.S.C. § 1983, should be dismissed pursuant to Federal Rule of Civil Procedure 12(c).

## POINT II

### THE COURT SHOULD DECLINE TO RETAIN SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S PENDENT STATE LAW CLAIMS

Should the Court dismiss Plaintiff's federal claims, the Court should not retain supplemental jurisdiction over Plaintiff's remaining New York State Law claims.[2]

"Federal district courts have supplemental jurisdiction over state-law claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "As the Supreme Court stated in discussing § 1367's predecessor judicial doctrine of pendent jurisdiction, however, this is traditionally a doctrine of discretion, not of plaintiff's right." Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 121–22 (2d Cir. 2006) citing United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). "Subsection (c) of § 1367 "confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

---

[2] Aside from the First Amendment Retaliation claim, Plaintiff maintains federal Monell claim against Defendant City of New York. Defendant City of New York has moved to dismissed this claim. (see, ECF Documents # 32)

7

district courts can refuse its exercise." Id. *citing* City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997). "Of particular relevance here, a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." Id. *citing* 28 U.S.C. § 1367(c)(3). "Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional values of judicial economy, convenience, fairness, and comity, in deciding whether to exercise jurisdiction." Id. *citing* Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 343 (1988). "In weighing these factors, the district court is aided by the Supreme Court's additional guidance in *Cohill* that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims." Kolari, 455 F.3d at 122 *citing* Cohill, 484 U.S. at 350.

Here, should the Court dismiss Plaintiff's federal claims, the balance of factors would weigh in favor of the Court declining to retain jurisdiction over the remaining state law claims. Each Defendant has now asked the Court to dismiss Plaintiff's federal claims early in this litigation "prior to the investment of significant judicial resources." Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 123 (2d Cir. 2006).  As such there would be "no extraordinary inconvenience or inequity occasioned by permitting the claims to be refiled in state court where they will be afforded a surer-footed reading of applicable law." Id.  Furthermore, should the Court dismiss Plaintiff's federal claims, this case will serve "no uniquely federal interest in the rules of decision to be applied, nor any conflict between a federal policy or interest and the use of state law" Republic of Iraq v. ABB AG, 768 F.3d 145, 172 (2d Cir. 2014).  Finally, Plaintiff raises novel and unique questions of New York State law.  Plaintiff raises the question of whether the type of conduct alleged violates New York Civil Rights Law §79-P, Article I. Section 8  and 9 of the Constitution of the state New York, or amounts to a prima facie tort as

8

defined by New York law. (LaBarbera Decl. Ex. A- First Amended Complaint at ¶ 191) It is respectfully submitted that these questions are best left for the New York courts since this case raises "issues of law requiring development of New York law." Gonzalez v. Red Apple Grp., Inc., No. 21CIV508LDHVMS, 2022 WL 987425, at *6 (E.D.N.Y. Feb. 5, 2022)

For the reasons set forth above, should the Court dismiss Plaintiff's federal claims, it is respectfully submitted that the Court should decline to retain supplemental jurisdiction of Plaintiff's remaining New York state law claims.

## CONCLUSION

For the reason set forth above, Defendant New York City Police Officers John Madera and Arthur Sturman respectfully requests the Court dismiss Plaintiff's claim for First Amend e t Retaliation pursuant to 42 U.S.C. § 1983 and decline to retain supplemental jurisdiction over his pended New York State law claims, together with such other and further relief as the Court deems appropriate.

We thank the Court for its time and consideration of this matter.

Dated: New York, New York
      April 20, 2023

                                      Respectfully Submitted,

                                      _____/s/_____
                                      By: Doug LaBarbera (DL 3880)
                                      WORTH LONGWORTH & LONDON LLP
                                      *Attorneys for Defendants Madera & Sturman*
                                      111 John Street, Suite 640
                                      New York, New York 10038
                                      (212) 964-8038

TO: **VIA ECF**

    Remy Green
    Elena Louisa Cohen
    Cohen Green PLLC
    *Attorneys for Plaintiff*
    1639 Centre Street
    Suite 216
    Ridgewood, NY 11385

    Gideon Orion Oliver
    Attorney at Law
    *Attorneys for Plaintiff*
    277 Broadway
    Suite 1501
    New York, NY 10007

    John Edmund Schemitsch
    New York City Law Department
    *Attorneys for Defendant City of New York*
    100 Church Street
    New York, NY 10007

    James M. Moschella
    John W. Burns
    Karasyk & Moschella, LLP
    233 Broadway
    Suite 2340
    New York, NY 10279