**Gideon Orion Oliver**
—ATTORNEY AT LAW—
He/him/his

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914*

*Not for service*

May 22, 2023

**BY ECF**
Hon. Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Justin Sherwood v. City of New York, et al.,* 22-cv-7505 (BMC)

Your Honor:

I am co-counsel for Plaintiff Justin Sherwood. I write to request that the Court extend the current deadline for fact discovery in the case by 90 days, from June 7, 2023 to September 5, 2023. There has been no prior application to extent the fact discovery deadline. Defendants consent.

In support of the application, a report from Plaintiff's perspective about the relevant case history and discovery status follows. The Court held the initial pretrial conference in this matter[1] on January 25, 2023. At the conference, the Law Department represented Defendant City of New York only. On January 27, 2023, the Law Department also appeared on behalf of Defendant Tiagom Reis. On February 3, 2023, counsel appeared for Defendant John Madera (ECF 23-24). On February 7, 2023, I filed the First Amended Complaint (ECF 26, the "FAC").

**Defendants' answers and motions to dismiss:** On February 21, 2023, Defendants City and Reis made their motion to dismiss. (ECF 31-33). On March 8, 2023, Defendant Madera answered the FAC. (ECF 38). Also on March 8, 2023, counsel appeared and answered the FAC on behalf of Defendant Arthur Sturman. (ECF 39-41). On March 13, 1023, Plaintiff filed his opposition to the motion to dismiss by Defendants City and Reis. (ECF 43-44), and on March 20, 2023, they filed their reply (ECF 45). That motion has been fully briefed since March 20, 2023. On April 6, 2023, Defendant Samantha Sturman filed her motion to dismiss (ECF 36-37). On April 20, 2023, Defendants Madera and Arthur Sturman filed their motion to dismiss (ECF 49-51). On May 11, 2023, Plaintiff filed his opposition to the motions to dismiss filed by Defendants Madera and the Sturman Defendants (ECF 53). On May 25, 2023, reply briefing on their motions to dismiss is due from Defendant Madera and the Sturman Defendants. So, by May 25, 2023, all three dismissal motions will be fully briefed.

---

[1] At the time, there were two related cases before the Court, but they were consolidated by January 30, 2023 order of the Court, and Plaintiff filed a single, Amended Complaint at the Court's direction on February 7, 2023 (the "First Amended Complaint," ECF 26).

1

**Initial disclosures:** On February 14, 2023, Plaintiff served his initial disclosures – including 420 documents – on Defendants City and Reis. On February 22, 2023, they served their initial disclosures, including 37 pages total. Plaintiff served his initial disclosures on Defendant Madera on February 24, 2023. On February 27, 2023, Defendant Madera served his initial disclosures, which included no documents. On March 3, 2023, Plaintiff supplemented his initial disclosures to Defendants City, Reis, and Madera by providing an additional 70 pages of records. Also on March 3, 2023, counsel appeared for Defendant Samantha Sturman. (ECF 34-35). On March 29, 2023, Defendant Arthur Sturman served his initial disclosures, which included no documents. As seen below, Defendant Samantha Sturman has not yet served initial disclosures.

**Interrogatories and Document Demands:** On February 28, 2023, Plaintiff served his first set of interrogatories and document demands on Defendants City, Reis, and Madera, and Defendants City and Reis served their first set of interrogatories and document demands on Plaintiff.

On April 25, 2023, with Plaintiff's consent as to the timing, Defendants City and Reis responded to Plaintiff's first set of interrogatories and document demands, disclosing around 40 pages of redacted documents only, without an accompanying privilege log. Defendant Reis's interrogatory responses are not verified.

On April 27, 2023, with Plaintiff's consent as to the timing, Defendant Arthur Sturman responded to Plaintiff's first set of interrogatories and document demands, disclosing two pages of records total. Defendant Sturman's interrogatory responses are not verified and the disclosures indicate Defendant Sturman had not consulted documents in responding to them.

On May 5, 2023, Plaintiff responded to the first set of interrogatories and document demands from Defendants City and Reis, providing over 1,600 additional documents, along with a privilege log. Plaintiff has since supplemented his initial disclosures and document production by disclosing additional documents.

On May 8, 2023, Defendant Madera responded to Plaintiff's first set of interrogatories and document demands, disclosing 10 pages of documents total, 4 of which are entirely redacted, without an accompanying privilege log. Defendant Madera's interrogatory responses are not verified and the disclosures indicate Defendant Madera had not consulted documents in responding to them.

On May 17, 2023, Plaintiff served Defendants City and Reis with a detailed letter outlining some of the deficiencies in their responses to Plaintiff's first set of interrogatories and document demands, requesting a meet and confer, and asking that Defendants City and Reis take immediate steps to correct the deficiencies on a specific timetable, with the first actions to take place on May 19, 2023.

Also on May 17, 2023, Plaintiff e-mailed counsel for Defendants Madera and Arthur Sturman regarding their responses to Plaintiff's first set of interrogatories and document demands. Plaintiff asked that Defendants Madera and Sturman provide verified responses based on a reasonable investigation of documents and other information related to the case no later than May 19, 2023. Additionally, as to Defendant Madera, Plaintiff asked that defense counsel provide a privilege log as well as a draft confidentiality order.

Also on May 17, 2023, Plaintiff e-mailed counsel for Defendant Samantha Sturman regarding Defendant Sturman's failure to provide initial disclosures and responses to Plaintiff's first set of interrogatories and document demands. I had previously raised Defendant Sturman's failure to participate in discovery with defense counsel and the issue was the topic of an April 13, 2023 meet and confer, at which time defense counsel was going to follow up to provide a date by which Defendant Sturman would provide initial disclosures and interrogatory and discovery responses. I followed up by e-mail on April 13, 2023 and again on May 8, 2023 and did not receive a response. In my May 17, 2023 e-mail, I asked that counsel for Defendant Sturman agree to provide initial disclosures and interrogatory and discovery responses by May 19, 2023, or let us know when we could meet and confer no later than May 19, 2023. Counsel has not yet responded.

Also on May 17, 2023, Plaintiff served Defendants with Plaintiff's second set of interrogatories and document demands, and asked that Defendants agree to provide responses by May 24, 2023, or meet and confer.

On May 19, 2023, Plaintiff's counsel and counsel for Defendants City and Reis met and conferred regarding the concerns raised in Plaintiff's May 17, 2023 letter. Counsel agreed to: provide a draft proposed confidentiality order no later than May 22, 2023; as well as to amend Defendants' responses to Plaintiff's first set of interrogatories and document demands, and to provide verified interrogatory responses from Defendant Reis that are based on a reasonable investigation of documents and other information related to the case, along with a privilege log, and supplemental document production, by May 26, 2023.[2]

On May 22, 2023, Plaintiff's counsel and counsel for Defendant Madera met and conferred about the concerns raised in Plaintiff's May 17, 2023 e-mail, during which Defendant Madera agreed to provide verified interrogatory responses from Defendant Reis that are based on a reasonable investigation of documents and other information related to the case, and responses to Plaintiff's second set of interrogatories and document demands, by May 24, 2023.

**Depositions.** Given the status of document discovery, no depositions have yet taken place. However, Plaintiff has noticed a number of depositions, none of which can proceed without the missing discovery. Specifically: On May 15, 2023, Plaintiff served a Notice of Deposition seeking testimony from the Individual Defendants pursuant to Fed.R.Civ.P. 30(b)(1) on May 29, May 30, June 1, and June 2, 2023. On May 16, 2023, Plaintiff served a Notice of Deposition seeking testimony pursuant to Fed.R.Civ.P. 30(b)(6) beginning on May 26, 2023 related to 17 separate topics. Also on May 16, 2023, Plaintiff served a Notice of Deposition seeking testimony pursuant to Fed.R.Civ.P. 30(b)(1) from two third-party NYPD witnesses, on June 5 and June 6, 2023.

**Conclusion:** As seen above, the reality is that, all told, Defendants have disclosed fewer than 100 pages of documents, many of which are redacted. Importantly, those documents do not include basic documents about the four underlying incidents, like activity logs, telephone logs, or records arising from the many City investigations referred to in the FAC regarding Mr. Sherwood's 311 complaints and the City's responses to them. Based on the current status of discovery, Plaintiff respectfully requests a 90-day extension of the June 7, 2023 fact discovery cutoff in this matter, to September 5, 2023. Thank you for your attention to this matter.

---

[2] Also on May 19, 2023, counsel for Defendants City and Reis stated that the Law Department would soon be representing Defendant Arthur Sturman.

Respectfully submitted,

/S/

Gideon Orion Oliver

4