AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| Sherwood ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 22-cv-7505 |
| The City of New York, et al. ) | |
| ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: TextNow
420 Wes Graham Way, Waterloo, Ontario, N2L 0J6, Canada
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached rider

| Place: Digitally, to Cohen&Green P.L.L.C. to: Protests@femmelaw.com; Remy@femmelaw.com | Date and Time: 06/07/2023 11:59 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/22/2023

| *CLERK OF COURT* | OR | /s/ Remy Green |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Justin Sherwood
, who issues or requests this subpoena, are:

Remy Green, Cohen&Green PLLC; 1639 Centre St., Ste 216, Ridgewood, NY 11385, remy@femmelaw.com; 9298889480

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 22-cv-7505

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

Case 1:22-cv-07505-BMC   Document 56-1   Filed 05/23/23   Page 3 of 8 PageID #: 486

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>**RIDER TO SUBPOENA TO TEXTNOW**</u>
<u>IN *SHERWOOD V. CITY OF NEW YORK ET AL.*, 22-CV-7505 (BMC) (EDNY)</u>

**BACKGROUND**

While not strictly necessary, Plaintiff provides a brief summary of the context of this subpoena, as it may be helpful in preparing a response and understanding the need to produce records here.

This case involves First Amendment claims about members of the New York Police Department (or "NYPD") harassing a citizen for lodging 311 complaints about the NYPD illegally parking vehicles. A variety of NYPD members made threatening phone calls with heavy breathing, sent threatening texts, and otherwise attempted to stop Mr. Sherwood — through intimidation — from forcing some measure of oversight to the NYPD's hypocritical abuse of parking law. *See generally*, Dkt. No. 26 (First Amended Complaint) ¶¶ 7-19; 48-122.

A key one of those incidents involved what appears to be a member of the NYPD using TextNow to mask their identity. On October 18, 2021, just after filing a series of eleven (about a large number of illegally parked NYPD vehicles) 311 complaints, Mr. Sherwood received a text from 631-685-5448 that said "Keep fucking around" (the "TextNow Message"). That text was sent through TextNow.

TextNow received, and acknowledged receipt of, a preservation notice dated January 22, 2022, placing it on notice it needed to preserve a wide array of data about the TextNow Message and the user associated with that message and the related phone number. TextNow also received, and acknowledged receipt of, a much more detailed preservation demand (referencing the earlier one) dated July 26, 2022.

This subpoena seeks all records related to that text.

# DEFINITIONS

1. The words and phrases used in this subpoena shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules").

2. This subpoena incorporates by reference the Uniform Definitions in Discovery Requests set out Local Rule 26.3(c).

3. The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring the scope of the request in which the word is used all responses that might otherwise construed to be outside its scope.

4. The term "document" shall have the full meaning ascribed to it in Fed.R.Civ.P. 34 and Local Rule 26.3(c) and include electronically stored information ("ESI"). Examples of documents and types of documents include, but are not limited to: any material, whether typed, handwritten, printed, taped or otherwise recorded; all tangible things from which information can be processed or transcribed; notes reflecting conversations; calendars; correspondence; manuals; diaries; memoranda; log entries' reports' records' drawings; graphs; charts; photographs; recorded video; recorded audio; e-mail, text messages, instant messages, and other digitized and electronically stored information; and all other records, including data compilations from which information can be obtained or translated, if necessary, into reasonably usable form. The term "document" shall include all drafts and versions of a record, whether sent or received or neither, including, but not limited to, the original, a copy (if the original is not available), any non-identical copy (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise), as well as all underlying, supporting, and preparatory material.

5. The "TextNow Message" refers to the October 18, 2021, 1:52 p.m. message from 631-685-5448.

## RECORDS AND INFORMATION SOUGHT

1. Please produced all documents within the TextNow's care, custody, or control concerning the TextNow Message, including, but not limited to:

   a. The message itself;

   b. All metadata concerning the TextNow Message;

   c. All records of any users that may be associated with the TextNow Message;

   d. Records of all IP addresses, email addresses, phone numbers, or any other records concerning who may have sent the TextNow Message;

   e. All backend information concerning the TextNow Message;

   f. Records of what device sent the TextNow Message; and

   g. Any other documents or information not specifically asked for here, but that TextNow regularly uses or collects concerning its users and messages.

2. To the extent not covered by Document Request 1, please produce all documents concerning the TextNow Message, the user that sent it, and the associated TextNow account, including, but not limited to (as listed in the preservation notice):

   a. User ID associated with the TextNow account holder or Number;

   b. Names of or associated with the account holder or Number;

   c. Date of birth of the account holder;

   d. Email addresses associated with the account holder or Number;

3

    e. Other phone numbers associated with the account or Number;

    f. The IP address that the Message was sent from;

    g. Any other IP addresses associated with the account holder or Number;

    h. The device ID of the device that sent the Message;

    i. Any other IP device IDs associated with the account holder or Number;

    j. The device type, setting, and operating system of the device that sent the Message;

    k. The device types, settings, and operating systems of devices associated with the account holder or Number;

    l. Records of Purchases made of TextNow services by the account holder;

    m. Contacts associated with the account holder or Number;

    n. All telephony log information;

    o. Messages sent and received by the account holder (including but not limited to voice, text, audio, picture, and video messages);

    p. Credit Card information of the account holder; and

    q. Latitude and Longitude coordinates and general physical location information derived from IP address and Wi-Fi access related to the account holder or Number.

3. Please identify the user who sent the TextNow Message.

4. To the extent not already covered by Document Requests 1 and 2, please produce all documents concerning all other use of TextNow by the user who sent the TextNow Message, including, but not limited to:

    a. full call/text details of any texts/calls sent by the user;

4

      b. any other accounts/numbers associated with their IP address, username, or phone number; and

      c. any other documents that TextNow keeps about the use of its services by a user.

5. Please produce documents sufficient to understand the process through which TextNow messages get assigned a number, and to understand whether that number is unique; whether a particular user will receive the same number if they use TextNow again; and the like.

6. Please produce all documents concerning when the user who sent the TextNow Message downloaded any TextNow application, and what devices that user installed the application on.