Index No. 22-cv-7505 (BMC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JUSTIN SHERWOOD,

                                                        Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                                                        Defendant.

**MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT OFFICER STURMAN'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(C)**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
    *Attorney for Defendants City of New York,*
    *Officer Tiagom Reis, and Officer Arthur*
    *Sturman*
    *100 Church Street*
    *New York, N.Y.  10007*

    *Of Counsel:  John Schemitsch*
    *Tel:  (212) 356-3539*

## PRELIMINARY STATEMENT

Plaintiff, through his Opposition to Defendant Officer Sturman's Motion to Dismiss, fails to substantively rebut the arguments made in the moving papers. Plaintiff's arguments in response conflate separate claims against co-defendants with the single incident purportedly involving Officer Sturman. Moreover, plaintiff does not rebut the arguments that he has not adequately pled that his speech was adversely effected or suffered concrete harm. For the reasons set forth in defendant Sturman's Motion to Dismiss and the reasons set forth below, defendant respectfully seeks dismissal of plaintiff's claims under Section 1983 of First Amendment Retaliation against Officer Sturman, and state law claims for the incident on October 18, 2021 pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## ARGUMENT

### POINT I

**PLAINTIFF'S ARGUMENTS DO NOT SALVAGE HIS FIRST AMENDMENT RETALIATION CLAIM AGAINST DEFENDANT OFFICER STURMAN**

Plaintiff's arguments asserted in his opposition as to the claims asserted against Officer Sturman do not salvage his First Amendment retaliation claim.

First, plaintiff does not adequately plead anything in the First Amended Complaint indicating either a chilling effect or some concrete harm in order to maintain a First Amendment retaliation claim. Zherka v. Amicone, 634 F.3d 642, 645–46 (2d Cir. 2011) (noting that in a First Amendment retaliation claim, a plaintiff must claim a chilling effect or otherwise concrete harm independent of a First Amendment chilling effect). Plaintiff, in his opposition, misstates the arguments made in defendant's motion, alleging that defendant only claims there

was no chilling effect, however, as noted in defendant's motion, plaintiff has not adequately pled either.

Instead of alleging a chilling effect on plaintiff's First Amendment speech, plaintiff instead alleges that the actions of all defendants together arose to a 'blizzard' of retaliatory conduct – this is inapposite to the claim asserted against Officer Sturman. Plaintiff does not allege any collaboration or coordination between the individual defendant officers involved in the First Amended Complaint – though in his opposition he alleges this was a pattern of intimidation. Plaintiff in his opposition thus improperly conflates the alleged actions of Officer Reis, Officer Madera, and Detective Sturman with the claims asserted against Officer Sturman. Indeed, beyond a single paragraph in plaintiff's opposition plaintiff only asserts conclusory allegations in his opposition that the October 18, 2021 incident had a chilling effect on his First Amendment actions, which is directly undercut by plaintiff's allegations in the First Amended Complaint that he continued to make 311 complaints and campaign with local politicians regarding using 311.

Second, plaintiff does not adequately plead any concrete harm in the First Amended Complaint. Plaintiff, in his opposition, compares this case to Pluma v. City of New York, 2015 WL 1623828 (S.D.N.Y. Mar. 31, 2015), which notes that in a First Amendment retaliation claim, a plaintiff may show that his speech has been chilled or "that he has suffered some other concrete harm." In Pluma, however, the Court makes clear that the concrete harm was a tangible physical injury, namely allegations that the plaintiff was pepper sprayed. In the instant matter, plaintiff simply does not assert a concrete harm – he makes no claim of physical, psychological, or economic injury, appearing to merely assert garden variety emotional damages. Indeed, the only possible other harm plaintiff claims in his opposition is that his phone number,

2

which plaintiff voluntarily provided when he filed a 311 complaint, was contacted on October 18, 2021 via text message. Here, however, plaintiff does not actually plead that Officer Sturman had any role in sending that message. Indeed, plaintiff claims that on October 18, 2021 he received a text message that said "Keep fucking around." from a number unknown to him, and that the Civilian Complaint Review Board substantiated allegations of abuse of authority and discourtesy against Officer Sturman, recommending discipline.[1] (See First Amended Complaint, ECF No. 26 at ¶¶ 94, 121, and 122). Plaintiff does not claim that Officer Sturman sent this text message or made any other call to plaintiff and as such, this falls far from the requirement of personal involvement required to maintain a 1983 action. See Tangreti v. Bachmann, 983 F.3d 609, 612 (2d. Cir 2020) (nothing that a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" (quoting Iqbal, 556 U.S. at 67)). It is well-settled in this Circuit that the personal involvement of defendants in a constitutional violation is a prerequisite to an award of damages under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Here, plaintiff cannot seek to hold Officer Sturman liable for actions done by others that plaintiff does not plead Officer Sturman had any involvement in.

## POINT II

### PLAINTIFF'S NEWLY ASSERTED CLAIMS SHOULD BE DENIED

Plaintiff, for the first time, in his opposition to defendant's motion seems to raise a claim of a First Amendment violation, apart from his claim of First Amendment retaliation. It

---

[1] Upon information and belief, the NYPD Police Commissioner determined that there was insufficient evidence to substantiate the allegations as to Officer Arthur Sturman and he did not receive any discipline. Upon information and belief, the charges remain pending against Detective Samantha Sturman pertaining to the same incident.

3

is well settled that a plaintiff "cannot amend [his] complaint by asserting new facts or theories for the first time in opposition to[a] motion to dismiss" <u>Peacock v. Suffolk Bus Corp.</u> 100 F. Supp. 3d 225, 231 (E.D.N.Y. Apr. 23, 2015) (quoting <u>K.D. v. White Plains Sch. Dist.</u>, 921 F. Supp. 2d 197, 209 n.8 (S.D.N.Y. 2013); <u>See also</u> <u>Wright v. Ernst & Young LLP</u>, 152 F.3d 169, 178 (2d Cir. 1998).  As such, the Court should not consider this newly added claim.

## POINT III

### PLAINTIFF'S REQUEST THAT THE COURT, IF IT DISMISSES THE FIRST AMENDMENT CLAIMS DO SO WITHOUT PREJUDICE SHOULD BE DENIED

Plaintiff, quizzically, and without any authority, requests that, should the Court dismiss any First Amendment based claims, it do so without prejudice as he does not have discovery.  Plaintiff's request has no basis, and appears to be an attempt to get another bite at the apple in order to amend his complaint and assert new claims.

## CONCLUSION

For the foregoing reasons and those set forth in Officer Sturman's Motion to Dismiss, the Court should dismiss plaintiff's claims against the City of New York and Officer Sturman, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

4

Date:       New York, New York
            May 25, 2023

                                             HON. SYLVIA O. HINDS-RADIX
                                             Corporation Counsel of the
                                               City of New York
                                             *Attorney for Defendants City of New York, Officer Reis,a nd Officer Arthur Sturman*
                                             New York, New York 10007
                                             (212) 356-3539
                                             jschemit@law.nyc.gov

                                           By:            /s/
                                                      John Schemitsch
                                                      *Senior Counsel*


cc:       **BY ECF**
           ALL COUNSEL OF RECORD

5