

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**JOHN SCHEMITSCH**
*Senior Counsel*
phone: (212) 356-3539
fax: (212) 356-1148
jschemit@law.nyc.gov

May 26, 2023

**VIA ECF**
Honorable Brian Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Justin Sherwood v. City of New York, et al., 22-cv-7505 (BMC)

Your Honor:

I am a Senior Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants City of New York, Officer Reis, and Officer Sturman. Defendants submit the following joint letter to respectfully request that the Court compel plaintiff to supplement his responses to defendants' First Set of Interrogatories and Request for Production of Documents ("discovery requests"). The parties met and conferred on these issues on May 26, 2023.

**Defendants' Position:**

By way of background, plaintiff alleges in his complaint, *inter alia*, that he received a phone call from Officer Reis, wherein Officer Reis hung up without providing his name, and received a text message, purportedly from Officer Sturman, in response to multiple 311 complaints plaintiff made on multiple dates. On February 28, 2023, defendants served their discovery requests. Plaintiff provided his responses on May 5, 2023. Plaintiff's responses to a number of requests were deficient, and defendants wrote to plaintiff on May 17, 2023, requesting plaintiff supplement his responses. Plaintiff refused to do so.

Defendants now respectfully request that the Court issue an order compelling plaintiff to supplement his responses to defendants' Interrogatories 1, 10, and 11, as well as Document Requests 21 and 25.

As to Interrogatory 1, which requests identifies of persons who "witnessed, were present at, or have knowledge of the Incident" or "of plaintiff's emotional injuries or damages arising from, or exacerbated by, the Incident[,]" plaintiff identified a number of individuals, including Jana Sherwood, Rachael Sherwood, Shephard Sherwood, Jordan Sherwood, Benita Trenk, Moriah Trenk, and Ari Trenk, however plaintiff noted that he is withholding their contact

and identifying information pending entry of a confidentiality order.  There is no privilege or other basis upon which plaintiff purports to withhold this information.

Interrogatories 10 and 11 and Document Request 21 seek information pertaining to plaintiffs' prior arrests and history of criminal proceedings.  Interrogatory 10 seeks information regarding plaintiff's prior and subsequent arrest history, including the state, country or jurisdiction of the arrest, date of the arrest, and the arrest charges.  Interrogatory 11 seeks information regarding whether plaintiff has been a defendant in a criminal proceeding, including the state, county, court, case or indictment number, date prosecution was initiated, and disposition.  Document Request 21 seeks executed releases for access to plaintiff's records that may be sealed pursuant to N.Y. C.P.L. §§ 160.50 and 160.55.

These records of plaintiff's prior and subsequent arrests, incarcerations, and prosecutions may be relevant to controvert plaintiff's purported damages due to emotional distress. See Duncan v. City of New York, No. 12-CV-1565 (ENV) (JO), 2013 U.S. Dist. LEXIS 11162, at *2 (E.D.N.Y. Jan. 28, 2013) ("I grant the defendants' motion to compel each plaintiff to authorize the release of prior arrest records pursuant to N.Y.C.P.L. § 160.50. The review of such records may lead to the discovery of admissible evidence on the issue of damages."); see also Schiller, et al. v. City of New York, 04-cv-7922-KMK-JCF (S.D.N.Y. Dec. 7, 2006) (per Mag. Judge Francis, granted City's motion to compel blanket 160.50 because other arrests relevant to his emotional distress damages and if the prior arrests involve disorderly conduct, parading without a permit or similar charges the records may lead to information that would cast doubt on his credibility regarding his contention the arrest lacked probable cause).  Moreover, as plaintiff asserts First Amendment retaliation claims and purports to have experienced a chill of his First Amendment rights, which plaintiff makes clear in his complaint involve interactions with police, media, and filing 311 claims for illegally parked vehicles, these records go to damages of plaintiff's purported chill with his interactions with the police.

As to Document Request 25, defendants requested documents and information pertaining to any legal or litigation funding.  Plaintiff denied this request without basis and citing no privilege for withholding beyond claiming that it seeks personal and private information and is not relevant.  This information may be relevant as to as plaintiff would likely have made statements or provided documents to a litigation funder on the basis of this case and its merits.  This information may also lead to admissible evidence as to credibility and damages. See Eastern Profit Corp. Ltd. v. Strategic Vision US, LLC, 2020 WL 7490107, at *8 (S.D.N.Y. Dec. 18, 2020) (noting that discovery as to litigation funding is discoverable and the identity of the person providing litigation funding is not protected by the attorney-client privilege or attorney work product doctrine.).

In sum, defendants respectfully request that the Court issue an Order compelling plaintiff to supplement his responses to Interrogatories 1, 10, and 11, as well as Document Requests 21 and 25 by no later than May 31, 2023.

Thank you for your consideration herein.

**Plaintiff's Position:**

Mr. Sherwood stands on his responses and objections to Interrogatory 1. Plaintiff has identified several family members with whom he communicated about his experiences by name and promised to provide the contact information requested once there is an appropriate confidentiality order in place. A confidentiality order is necessary before disclosing the private contact information, including phone numbers and addresses, of Mr. Sherwood's family members in light of the facts of this case, which, as the Court is aware, involves the mis-use of Mr. Sherwood's private contact information by the Defendants to harass and retaliate against him. Defendants have made no argument to Plaintiff, or showing to this Court, regarding their need to have this information on a non-confidential basis.

Mr. Sherwood also stands on his responses and objections to Interrogatories 10 and 11, and Document Request 21. Those discovery requests seek "private and sensitive information, including information pertaining to arrests or convictions that may be sealed, expunged, or otherwise nullified pursuant to court order or by operation of state law, that is not relevant to any party's claim or defense, and therefore exceeds the scope of Fed.R.Civ.P. 26(b)(1)." They are also "burdensome and not proportional to the needs of the case, considering that such discovery would have no value in resolving the issues in the case, as it is absent probative value." Moreover, "[d]isclosing [the] information [sought] would impose serious burdens on Plaintiff's privacy interests that would outweigh any potential benefit of disclosure to any issue in this litigation." The requests are also "overbroad and not proportional to the needs of the case in setting no time limitation on the responsive information sought and in setting no limitation on the type of arrest that would trigger a response." And, of course, the documents and information sought in Document Request 21 are subject to statutory sealing under New York Criminal Procedure Law Section 160.50, *et seq*.

An "[a]rrest without more does not … impeach the integrity or impar the credibility of a witness. It happens to the innocent as well as the guilty. Only a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness." *Michelson v. United States*, 335 US 469, 482 (1948); *see also United States v. Leonardi*, 612 F.2d 746, 757 (2nd Cir. 1980). Defendants have not shown that Plaintiff's arrest or criminal defense history, if any, would be admissible under Fed.R.Evid. 401, 402, 404(b), 608(b), 609(a)(2), or any other rule, provision of law, or theory of admissibility. Nor have they limited their requests to information or documents related to arrests, criminal proceedings, or convictions that *might* be relevant, if they exist. Under Fed.R.Evid. 403, the admission of any such information would be highly prejudicial and the prejudicial impact would exceed any potential probative value.

The only argument Defendants make in support of their fishing expedition here is the statement that the records and information sought "go to damages of plaintiff's purported chill with his interactions with the police." It is not even clear based on that sentence to Plaintiff what Defendants are, or mean to be, saying, or what claimed relationship there might be between any prior arrests or criminal defense history and Mr. Sherwood's damages in this case. The two cases Defendants cite in support of their proposed application to compel are inapplicable. The *Duncan v. City of New York*, No. 12-CV-1565 (ENV) (JO), 2013 U.S. Dist. LEXIS 11162 (E.D.N.Y. Jan. 28, 2013) that Defendants cite contains no explanation or reasoning for the decision, but it is clear from other reported decisions in the case that it involved false arrest and malicious prosecution

claims. The same is true with respect to *Schiller, et al. v. City of New York*, 04-cv-7922-KMK-JCF (S.D.N.Y. Dec. 7, 2006). *Schiller, et al. v. City of New York,* 04-cv-7922 (KMK)(JCF), was one of dozens of actions arising from the City's police responses to 2004 Republican National Convention protests, which also involved false arrest and malicious prosecution claims. Defendants cite no authority for disclosing arrest or criminal defense history information – let alone any such documents and information that may be subject to statutory sealing – in a case that involves First Amendment-based claims, and does not involve an arrest. The burden on Defendants' proposed motion to compel is, obviously, Defendants'. Here, they have not met it.

Plaintiff asks that the Court deny Defendants' application.

Plaintiff thanks Your Honor for the Court's time and attention to this matter.

Respectfully submitted,

John Schemitsch
*Senior Counsel*

cc: **VIA ECF**
*All Counsel of Record*