**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------X

JUSTIN SHERWOOD,

                                        Plaintiff,

                  -against-

THE CITY OF NEW YORK, et al.,

                                        Defendants.
--------------------------------------------------------------------X

**Index No. 22-cv-7505 (BMC)**

**PLAINTIFF'S RESPONSES AND
OBJECTIONS TO DEFENDANTS
CITY OF NEW YORK'S AND NEW
YORK CITY POLICE
DEPARTMENT OFFICER TIAGOM
REIS'S FIRST SET OF
INTERROGATORIES AND
REQUEST FOR PRODUCTION OF
DOCUMENTS**

        In accordance with Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiff

JUSTIN SHERWOOD**,** by his attorneys, provides the following responses and objections to

Defendants City of New York and New York City Police Department ("NYPD") Officer Tiagom

Reis's First Set of Interrogatories and Request for Production of Documents ("Defendants'

Requests"):

                                <u>**QUALIFICATIONS**</u>

        1.      The following responses are based upon information and documents presently known to

be available to Plaintiff. Plaintiff is continuing to search for documents and information responsive to

Defendants' Requests and therefore reserves the right to supplement these responses as may be

necessary if and when such documents or information become available to Plaintiff's counsel. Plaintiff

also reserves the right to object to the future disclosure of same.

        2.      Except where a fact is expressly admitted herein, Plaintiff makes no incidental or

implied admissions.

                                        1

3.      Plaintiff's response to any part of Defendants' Requests shall not be taken as an admission that Plaintiff accepts or admits the existence of any fact(s) set forth or presumed by Defendants' Requests.

4.      By responding to any request, Plaintiff does not concede the materiality of the subject to which it refers.

5.      Plaintiff's responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose of any of the documents or information produced or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

6.      Plaintiff objects to Defendants' Requests to the extent that they demand documents and/or information the disclosure of which is protected from disclosure on attorney-client, work product, or other, similar grounds, such as material prepared for litigation purposes. Plaintiff has not searched for or produced any such information or documents in responding to Defendants' Requests.

7.      The inadvertent production of any document or information that is privileged, prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or information or any other document or information or their subject matter, or of Plaintiff's right to object to the use of any such document or information by Defendants during any stage of the proceedings in this litigation or otherwise.

## PLAINTIFF'S RESPONSES TO DEFENDANTS' INTERROGATORIES

### Interrogatory No. 1

Identify all persons who: (a) witnessed, were present at, or have knowledge of the Incident, and (b) witnessed or have knowledge of plaintiff's emotional injuries or damages arising from, or caused

2

or exacerbated by, the Incident. If Plaintiff is unable to identify any person within the meaning of Local Civil Rule 26.3, describe each person's physical appearance.

**Response to Interrogatory No. 1:**

Plaintiff objects to the word "Incident" in the Interrogatory as vague because the Interrogatory it is not clear which of the many events described in the First Amended Complaint ("FAC") the use of the word "Incident" refers to in this context, particularly given the scope of Plaintiff's municipal liability claim.

Additionally, the phrases "were present at, or have knowledge of" are vague and unclear in the context of the sweeping use of the word "Incident" without further limitation or clarification.

Plaintiff also objects to this Interrogatory as overbroad in scope because it seeks to identify "all persons" who have "knowledge of the Incident," which, as written, includes untold numbers of people who may have learned about some aspect of the Incident.

Plaintiff further objects to this Interrogatory to the extent that it asks Plaintiff to provide home and business addresses and telephone numbers and therefore employs a definition of "identify" beyond the definition in Rule 26.3(c)(3) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), in violation of Local Rule 26.3.[1] Plaintiff limits his response to the information required by Local Civil Rule 26.3.

To the extent persons who witnessed, were present at, or have knowledge of the Incident, or witnessed or have knowledge of Plaintiff's emotional injuries or damages arising from, or caused or exacerbated by, the Incident, are identified in the e-mails and other electronic communications

---

[1]     Local Rule 26.3(a) and 26.3(c)(3) limit requests to "identify" with respect to persons to providing the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment.

disclosed with Plaintiff's February 7, 2023 Initial Disclosures made pursuant to Fed.R.Civ.P. 26(a)(1)(A) and herewith, Plaintiff refers Defendants to those documents referring to those individuals, pursuant to Fed.R.Civ.P. 33(d).

Beyond that, subject to and without waiving the foregoing objections, and limiting Plaintiff's response to persons whom Plaintiff knows or believes witnessed or has knowledge of the August 31, 2021 incident involving Defendant Tiagom Reis, the August 26, 2021 incident involving Defendant Samantha Sturman, the September 10, 2021 incident involving Defendant John Madera, and the October 18, 2021 incident involving Defendants Samantha Sturman and Arthur Sturman, or Plaintiff's emotional injuries or damages arising therefrom, Plaintiff identifies the following individuals:

1. The individuals identified by Plaintiff and Defendants in their initial disclosures

2. Other individuals identified in the FAC, including, but not limited to:

   a. Former New York City Mayor Bill de Blasio

   b. NYPD Deputy Inspector Adeel Rana

   c. New York City Councilmember Stephen Levin and staff members

   d. New York City Councilmember Lincoln Restler and staff members

3. Paul Schreiber
   Last known place of employment: Tech Matters Org./Atlantic Avenue Business Improvement District

4. Cody Winchester
    Last known place of employment: Investigative Reports and Editors

5. Julianne Cuba
   Last known place of employment: Streetsblog NYC

6. Gersh Kuntzman
   Last known place of employment: Streetsblog NYC

7. Jeff Novich
   Last known place of employment: Classpass

8. Richard Mintz

Last known place of employment: Mintz Communications

9. Reinhard Nann
Last known place of employment: Bees.com

10. Jana Sherwood
Plaintiff will provide the identifying information he possesses that is required by Local Civil Rule 26.3 on a confidential basis once the Court enters a confidentiality order in the case.

11. Rachael Sherwood
Plaintiff will provide the identifying information he possesses that is required by Local Civil Rule 26.3 on a confidential basis once the Court enters a confidentiality order in the case.

12. Shepard Sherwood
Plaintiff will provide the identifying information he possesses that is required by Local Civil Rule 26.3 on a confidential basis once the Court enters a confidentiality order in the case.

13. Jordan Sherwood
Plaintiff will provide a current address and place of employment, to the extent Plaintiff knows them on a confidential basis once the Court enters a confidentiality order in the case.

14. Benita Trenk
Plaintiff will provide the identifying information he possesses that is required by Local Civil Rule 26.3 on a confidential basis once the Court enters a confidentiality order in the case.

15. Moriah Trenk
Plaintiff will provide the identifying information he possesses that is required by Local Civil Rule 26.3 on a confidential basis once the Court enters a confidentiality order in the case.

16. Ari Trenk
Plaintiff will provide the identifying information he possesses that is required by Local Civil Rule 26.3 on a confidential basis once the Court enters a confidentiality order in the case.

17. Other individuals who may later by identified as having discoverable information whose identities are still unknown.

**Interrogatory No. 2:**

Identify any person and/or entity, including, but not limited to the media, Civilian Complaint

Review Board, NYPD's Office of the Inspector General ("OIG") or Internal Affairs Bureau, District

Attorney, Attorney General, U.S. Attorneys' Office or other law enforcement agency with whom

plaintiff, or anyone on plaintiff's behalf, communicated concerning the Incident.

**Response to Interrogatory No. 2:**

Plaintiff objects to the word "Incident" in the Interrogatory as vague because the

Interrogatory it is not clear which of the many events described in the FAC the use of the word

"Incident" refers to in this context, particularly given the scope of Plaintiff's municipal liability

claim.

Plaintiff objects to the Interrogatory's use of the term "communicated" as overbroad in

scope to the extent that it may refer to oral communications that were not recorded electronically

or otherwise.

Plaintiff further objects to the Interrogatory to the extent that the information it seeks is

already – and in some cases, singularly - within Defendants' knowledge, care, custody, or control

– for example, with respect to communications with City agencies.

Plaintiff further objects to the Interrogatory to the extent that the information it seeks is

more readily obtained through other means, such as from Defendant City, or through deposition

testimony.

Plaintiff further objects to this Interrogatory as vague and unduly burdensome to the extent

it asks Plaintiff to identify communications third parties may have made "on his behalf."

Subject to and without waiving the foregoing objections, and limiting Plaintiff's response to

persons who witnessed or have knowledge of the August 31, 2021 incident involving Defendant

Tiagom Reis, the August 26, 2021 incident involving Defendant Samantha Sturman, the September 10,

2021 incident involving Defendant John Madera, and the October 18, 2021 incident involving

Defendants Samantha Sturman and Arthur Sturman, to the extent persons or entities with whom

Plaintiff or others on Plaintiff's behalf communicated concerning the Incident are identified in the e-

mails and other electronic communications, as well as paper correspondence, disclosed with Plaintiff's

February 7, 2023 Initial Disclosures made pursuant to Fed.R.Civ.P. 26(a)(1)(A) and herewith, Plaintiff

refers Defendants to those documents referring to those individuals, pursuant to Fed.R.Civ.P. 33(d).

**Interrogatory No. 3**

Identify all documents and communications concerning (a) the Incident, and/or (b) any physical

and emotional injuries, and damages that plaintiff claims arose from, or were caused or exacerbated by,

the Incident.

**Response to Interrogatory No. 3:**

As seen in Plaintiff's Response to Interrogatory No. 5 below, Plaintiff does not claim that any

physical injury or condition was caused or exacerbated by the Incident. Plaintiff therefore objects to

this Interrogatory to the extent it seeks documents and communications concerning physical injuries as

overbroad and not proportional to the needs of the case, as well as because it seeks information that is

not relevant to any party's claim or defense, and therefore exceeds the scope of Fed.R.Civ.P. 26(b)(1).

Plaintiff's response does not include information or documents concerning physical injuries because

Plaintiff was not physically injured.

Plaintiff objects to the Interrogatory to the extent use of the term "communications" is unduly

burdensome to the extent that it may refer to oral communications that were not recorded electronically

or otherwise, including because information about such oral communications is more readily obtained

through other means, such as through deposition testimony. Plaintiff is not identifying oral

communications that relate to the Incident or Plaintiff's emotional injuries or damages.

Limiting Plaintiff's response to documents and communications concerning the August 31,

2021 incident involving Defendant Tiagom Reis, the August 26, 2021 incident involving Defendant

Samantha Sturman, the September 10, 2021 incident involving Defendant John Madera, the October 18, 2021 incident involving Defendants Samantha Sturman and Arthur Sturman, Plaintiff's emotional injuries and emotional injuries that resulted therefrom, and the related allegations in the FAC, to the extent responsive communications regarding the Incident are identified in the documents disclosed with Plaintiff's February 7, 2023 Initial Disclosures made pursuant to Fed.R.Civ.P. 26(a)(1)(A) and herewith, Plaintiff refers Defendants to those documents, pursuant to Fed.R.Civ.P. 33(d).

Beyond that, subject to and without waiving the foregoing objections, Plaintiff identifies the following documents and communications concerning the Incident:

1. **Documents related to August 13, 2021 incident:**

   a. Failprovidename.m4a (SHERWOOD_000001)

   b. Phone screenshots (SHERWOOD_000002-SHERWOOD_000003)

   c. CCRB emails regarding August 13, 2021 incident (SHERWOOD_000004-SHERWOOD_000009)

   d. Letter from CCRB dated October 20, 2022 regarding complaint number 202105205 (SHERWOOD_000010-SHERWOOD_000015)

   e. Letter from CCRB dated March 29, 2023 regarding complaint number 202105205 (SHERWOOD_000423)

   f. Documents related to FOIL request FOIL-2022-054-00426 (SHERWOOD_000761-SHERWOOD_000833)

   g. Photos and videos taken by Plaintiff regarding August 13, 2021 incident (SHERWOOD_000740)

2. **Documents related to August 26, 2021 incident:**

   a. Stopcallingdickhead.m4a (SHERWOOD_000016)

    b.   Phone screenshots (SHERWOOD_000017-SHERWOOD_000018)

    c.   CCRB emails regarding August 26, 2021 incident (SHERWOOD_000019-SHERWOOD_000022)

    d.   Letter from CCRB dated November 9, 2022 regarding complaint number 202105089 (SHERWOOD_000023-SHERWOOD_000024)

    e.   Letter from CCRB dated April 14, 2023 regarding complaint number 202105089 (SHERWOOD_000422)

    f.   Photos and videos taken by Plaintiff regarding August 26, 2021 incident (SHERWOOD_000741)

3.    **Documents related to September 10, 2021 incident:**

    a.   fake311operator.m4a (SHERWOOD_000025)

    b.   NYC DOI emails regarding September 10, 2021 incident (SHERWOOD_000026-SHERWOOD_000032)

    c.   CCRB emails regarding September 10, 2021 incident (SHERWOOD_000033-SHERWOOD_000034)

    d.   March 10, 2022 tweet from Twitter user @NYCBikeLanes (SHERWOOD_000035-SHERWOOD_000039)

    e.   Letter from CCRB regarding complaint number 202201433 (SHERWOOD_000040-SHERWOOD_000041)

    f.   Documents regarding FOIL request FOIL-2022-054-00451 (SHERWOOD_000744-SHERWOOD_000760)

    g.   Letter from DOI dated February 22, 2022 regarding case number 21-09270

(SHERWOOD_000735-SHERWOOD_000738)

    h.   Emails with Gersh Kuntzman at *StreetsblogNYC* regarding DOI letter

        (SHERWOOD_000733-SHERWOOD_000734; SHERWOOD_000739)

    i.   Photos and videos taken by Plaintiff regarding September 10, 2021 incident

        (SHERWOOD_000742)

4.    **Documents related to October 18, 2021 incident**

    a.   Original text from unidentified number (SHERWOOD_000042)

    b.   monday(phonecall after keep fucking around text).m4a (SHERWOOD_000043)

    c.   Phone screenshots (SHERWOOD_000044-SHERWOOD_000045)

    d.   Mariana Alexander emails regarding October 18, 2021 incident

        (SHERWOOD_000046-SHERWOOD_000055)

    e.   CCRB emails regarding October 18, 2021 incident (SHERWOOD_000056-

        SHERWOOD_000061)

    f.   Councilmember Restler emails regarding October 18, 2021 incident

        (SHERWOOD_000062)

    g.   DOI and IAB emails regarding October 18, 2021 incident (SHERWOOD_000063-

        SHERWOOD_000064)

    h.   Messages with Lincoln Restler (SHERWOOD_000065-SHERWOOD_000068)

    i.   Messages with Mariana Alexander (SHERWOOD_000069-SHERWOOD_000074)

    j.   Messages with Stephen Levin (SHERWOOD_000075-SHERWOOD_000079)

    k.   Emails from Justin Sherwood to TextNow regarding preservation requests

        (SHERWOOD_000080-SHERWOOD_000082)

l.   Letter from Gideon Oliver to TextNow regarding preservation request
(SHERWOOD_000083-SHERWOOD_000084)

m.   Emails from Gideon Oliver to TextNow regarding preservation requests
(SHERWOOD_000085-SHERWOOD_000087)

n.   Documents related to FOIL request FOIL-2022-858-00023 (SHERWOOD_000088-
SHERWOOD_000118)

o.   Documents related to FOIL request FOIL-2022-056-06956 (SHERWOOD_000119-
SHERWOOD_000126)

p.   Documents related to FOIL request FOIL-2022-056-07360 (SHERWOOD_000127-
SHERWOOD_000141)

q.   Documents related to FOIL request FOIL-2022-056-07443 (SHERWOOD_000142-
SHERWOOD_000148)

r.   Emails with Cody Winchester regarding FOIL requests (SHERWOOD_000447-
SHERWOOD_000448)

s.   Photos and videos taken by Plaintiff regarding October 18, 2021 incident
(SHERWOOD_000743)

t.   Letter from NYC Office of the Comptroller acknowledging receipt of Plaintiff's
Notice of Claim for Claim No. 2023PI001721 (SHERWOOD_002126)

5.   Complete docket from *Justin Sherwood v. City of New York, et al*, New York County
Supreme Court Index No. 160550/2022, as of February 13, 2023.
(SHERWOOD_000261-SHERWOOD_000365).

6.   Complete docket from *Justin Sherwood v. City of New York, et al*, New York County

Supreme Court Index No. 150464/2023, as of February 13, 2023.

(SHERWOOD_000366-SHERWOOD_000420).

7.      News articles linked to in the First Amended Complaint (SHERWOOD_000149-
SHERWOOD_000260)

8.      Documents related to FOIL request FOIL-2022-054-00171 (SHERWOOD_000456-
SHERWOOD_000457)

9.      Documents related to FOIL request FOIL-2022-056-07361 (SHERWOOD_000450-
SHERWOOD_000455)

10.     Documents related to FOIL request FOIL-2021-054-00321 (SHERWOOD_000458-
SHERWOOD_000732)

11.     Email related to FOIL request FOIL-2022-131-00026 (SHERWOOD_000449)

12.     Emails between Gideon Orion Oliver and Paul Schreiber (SHERWOOD_002118-
SHERWOOD_002125)

13.     Excel spreadsheet listing complaints that Plaintiff has submitted to 311 using the
Reported application (SHERWOOD_000421)

14.     Letter from IAB dated March 1, 2023 regarding IAB Log number 2022-4143
(SHERWOOD_000424)

15.     Twitter screenshots of conversation between Plaintiff and @PlacardAbuse
(SHERWOOD_000425-SHERWOOD_000433)

16.     Email correspondence between Plaintiff and NYPD members as well as employees of
other City agencies regarding Plaintiff's reports of reoccurring issues with parking
enforcement (SHERWOOD_000434-SHERWOOD_000446)

**Interrogatory No. 4:**

Identify all photographs, video or audio recordings, or their electronic equivalent (images and/or files on any electronic storage device such as cell phones, PDAs, computers) concerning (a) the Incident and/or (b) any injuries and/or damages arising from, or caused or exacerbated, by the Incident.

**Response to Interrogatory No. 4:**

Plaintiff objects to the word "Incident" in the Interrogatory as vague because it is not clear which of the many events described in the FAC the use of the word "Incident" refers to in this context, particularly given the scope of Plaintiff's municipal liability claim.

Plaintiff further objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information related to events or incidents other than the August 31, 2021 incident involving Defendant Tiagom Reis, the August 26, 2021 incident involving Defendant Samantha Sturman, the September 10, 2021 incident involving Defendant John Madera, and the October 18, 2021 incident involving Defendants Samantha Sturman and Arthur Sturman. For example, even if the use of the word "Incident" were clear in the context of this Interrogatory and it were clear which photographs, videos, or audio recordings, as a person who frequently took photos and/or videos (some of which may have audio) documenting illegally parked motor vehicles, Mr. Sherwood has many photos and/or videos and/or audio recordings records that document illegal parking conditions, which it would take many hours of Mr. Sherwood's – and counsel's – time to review for responsiveness and, if necessary, production. Mr. Sherwood is therefore limiting his response as stated below.

Subject to and without waiving the objections set forth above, and limiting Plaintiff's response to photographs, video or audio recordings concerning the August 31, 2021 incident involving Defendant Tiagom Reis, the August 26, 2021 incident involving Defendant Samantha Sturman, the September 10, 2021 incident involving Defendant John Madera, the October 18, 2021 incident involving Defendants Samantha Sturman and Arthur Sturman, as well as photographs, videos, or audio

recordings that Mr. Sherwood created on August 31, 2021, August 26, 2021, September 10, 2021, and

October 18, 2021 documenting illegal motor vehicle parking conditions, Plaintiff refers Defendants to:

1.    Failprovidename.m4a (SHERWOOD_000001);

2.    Stopcallingdickhead.m4a (SHERWOOD_000016);

3.    fake311operator.m4a (SHERWOOD_000025); and

4.    monday(phonecall after keep fucking around text).m4a (SHERWOOD_000043)

5.    Photos and videos taken by Plaintiff regarding August 13, 2021 incident
      (SHERWOOD_000740)

6.    Photos and videos taken by Plaintiff regarding August 25, 2021 incident
      (SHERWOOD_000741)

7.    Photos and videos taken by Plaintiff regarding September 10, 2021 incident
      (SHERWOOD_000742)

8.    Photos and videos taken by Plaintiff regarding October 18, 2021 incident
      (SHERWOOD_000743)

**Interrogatory No. 5:**

Describe all physical or emotional injuries, ailments, disabilities and pains that plaintiff claims

were caused or exacerbated by the Incident, and any condition that is a consequence of each such

injury, ailment, disability and pain.

**Response to Interrogatory No. 5:**

Plaintiff does not claim that any physical injury, ailment, disability, or pain was caused by the

Incident. Plaintiff therefore objects to this Interrogatory to the extent it seeks documents and

communications concerning physical injuries as overbroad and not proportional to the needs of the

case, as well as  because it seeks information that is not relevant to any party's claim or defense, and

therefore exceeds the scope of Fed.R.Civ.P. 26(b)(1). Plaintiff's response does not include information or documents concerning physical injuries because Plaintiff was not physically injured.

Plaintiff objects to the use of the word "describe" in the Interrogatory as vague to the extent that it is not clear what kind of description Defendants have in mind – or how extensive it should be.

Plaintiff objects to the use of the words "ailments" and "disabilities" in the Interrogatory as vague as applied to Plaintiff's emotional injuries and damages because it is not clear what those terms mean in the context of those injuries and damages.

Plaintiff further objects to this Interrogatory to the extent it seeks information more readily obtained through other means, such as deposition testimony.

Plaintiff is not providing a comprehensive description of Plaintiff's emotional injuries, ailments, or pains in response to this Interrogatory.

Subject to and without waiving the foregoing objections, Plaintiff suffered emotional injuries and "pains" including, but not limited to, fear, anxiety, and distress during and after the August 31, 2021, August 26, 2021, September 10, 2021, and October 18, 2021 incidents described in the FAC.

**Interrogatory No. 6:**

Identify any healthcare providers plaintiff saw or received treatment from for injuries identified in paragraph 6 above. If plaintiff did not see or receive treatment from any healthcare provider for any injuries identified in paragraph 6 above so state in writing.

**Response to Interrogatory No. 6:**

Plaintiff provides this answer presuming that Defendants meant to write "paragraph 5" in this Interrogatory as opposed to "paragraph 6." Plaintiff has not received treatment for any injuries identified in response to Interrogatory No. 5 and will therefore provide no further response to this Interrogatory.

**Interrogatory No. 7:**

If plaintiff claims that any injury or condition was exacerbated by the Incident, describe that injury or condition, and identify all healthcare providers who saw or treated plaintiff for each such pre-existing injury or condition in the past 10 years.

**Response to Interrogatory No. 7:**

Plaintiff does not claim that any injury or condition was exacerbated by the Incident and will therefore provide no further response to this Interrogatory.

**Interrogatory No. 8:**

Provide a computation of each category of economic damages that plaintiff claims were caused, in whole or in part, by the Incident, including without limitation lost income, out-of-pocket expenses, property damage, attorneys' fees, medical or pharmacy expenses, court fees, bail, commissary expenses, and/or travel expenses, and identify all documents upon which plaintiff's computations are based.

**Response to Interrogatory No. 8:**

Plaintiff does not claim that any economic damages were caused in whole or in part by the Incident and will therefore provide no further response to this interrogatory.[2]

**Interrogatory No. 9:**

If plaintiff is making a claim for lost income, identify all plaintiff's employers for the past 10 years, including the dates of employment.

**Response to Interrogatory No. 9:**

---

[2] To the extent the Interrogatory might be construed to relate to statutory attorney's fees under 42 U.S.C. § 1988, although they are not economic damages, Plaintiff objects to this Interrogatory as vague and premature insofar as it requests identification of attorneys' fees and expenses connected to prosecution of this action. Plaintiff reserves the right to file an application for such attorneys' fees and expenses, and to identify and document the amount and scope of such fees and expenses, at the time(s) provided for by the Federal Rules of Civil Procedure and 42 U.S.C. § 1988.

Plaintiff is not making a claim for lost income and will therefore provide no further response to this Interrogatory.

**Interrogatory No. 10:**

State whether plaintiff has been arrested on any occasion other than the Incident, and, if so, for each such arrest, provide the State, county or jurisdiction of the arrest, the date of the arrest and the arrest charges.

**Response to Interrogatory No. 10:**

Plaintiff objects to this Interrogatory because it seeks private and sensitive information, including information pertaining to arrests or convictions that may be sealed, expunged, or otherwise nullified pursuant to court order or by operation of state law, that is not relevant to any party's claim or defense, and therefore exceeds the scope of Fed.R.Civ.P. 26(b)(1). On the same grounds, it is burdensome and not proportional to the needs of the case, considering that such discovery would have no value in resolving the issues in the case, as it is absent probative value. Disclosing this information would impose serious burdens on Plaintiff's privacy interests that would  outweigh any potential benefit of disclosure to any issue in this litigation. Plaintiff also objects that the Interrogatory is overbroad and not proportional to the needs of the case in setting no time limitation on the responsive information sought and in setting no limitation on the type of arrest that would trigger a response. Based on those objections, Plaintiff will not be providing  a further response to this Interrogatory.

**Interrogatory No. 11:**

State whether plaintiff has been a defendant in a criminal proceeding (felony, misdemeanor, or violation) on any occasion other than the Incident, and, if so, for each criminal proceeding, provide the State, county, court, case or indictment number, date the prosecution was initiated, and the disposition.

**Response to Interrogatory No. 11:**

17

Plaintiff objects to this Interrogatory because it seeks private and sensitive information, including information pertaining to arrests or convictions that may be sealed, expunged, or otherwise nullified pursuant to court order or by operation of state law, that is not relevant to any party's claim or defense, and therefore exceeds the scope of Fed.R.Civ.P. 26(b)(1). On the same grounds, it is burdensome and not proportional to the needs of the case, considering that such discovery would have no value in resolving the issues in the case, as it is absent probative value. Disclosing this information would impose serious burdens on Plaintiff's privacy interests that would  outweigh any potential benefit of disclosure to any issue in this litigation. Plaintiff also objects that the Interrogatory is overbroad and not proportional to the needs of the case in setting no time limitation on the responsive information sought and in setting no limitation on the type of arrest that would trigger a response. Based on those objections, Plaintiff will not be providing a further response to this Interrogatory.

**Interrogatory No. 12:**

State whether plaintiff has been a party to any lawsuit or administrative proceeding, and, if so, provide the State, court or administrative body, caption, case, docket or index number, the date the lawsuit or proceeding was initiated, and the disposition.

**Response to Interrogatory No. 12:**

Plaintiff further objects to this Interrogatory as overbroad and not proportional to the needs of the case because it seeks private and sensitive information that is not relevant to any party's claim or defense, and therefore exceeds the scope of Fed.R.Civ.P. 26(b)(1).

On the same grounds, the Interrogatory is burdensome and not proportional to the needs of the case, considering that such discovery would have no value in resolving the issues in the case, but disclosing responsive information would impose serious burdens on Plaintiff's privacy interests that would outweigh any potential benefit of disclosure to any issue in this litigation.

18

Plaintiff also objects that the Interrogatory is overbroad and not proportional to the needs of the case in setting no time limitation on the responsive information sought and in setting no limitation on the type of lawsuit that would trigger a response to the Interrogatory.

Based on those objections, Plaintiff will not be providing a further response to this Interrogatory.

**Interrogatory No. 13:**

Identify all persons/entities who provided healthcare to plaintiff within the past ten years.

**Response to Interrogatory No. 13:**

Plaintiff objects to this Interrogatory because it seeks private and sensitive information that is not relevant to any party's claim or defense, and therefore exceeds the scope of Federal Rule of Civil Procedure 26(b)(1). It is burdensome and not proportional to the needs of the case, considering that such discovery would have no value in resolving the issues in the case, but disclosing ten years of medical information would impose serious burdens on Plaintiff's privacy interests. Plaintiff also objects that it is overbroad in seeking ten years of medical-related information. Based on those objections, Plaintiff will not be providing a further response to this Interrogatory.

**Interrogatory No. 14:**

Identify all persons/entities who provided healthcare insurance coverage to plaintiff within the past ten years.

**Response to Interrogatory No. 14:**

Plaintiff objects because the Interrogatory seeks information that is private and sensitive, and not relevant to any party's claims or defenses, and therefore exceeds the scope of Federal Rule of Civil Procedure 26(b)(1).

On the same grounds, the Interrogatory is burdensome and not proportional to the needs of the case, considering that such discovery would have no value in resolving the issues in the case, but disclosing ten years of private information related to insurance claims would impose serious burdens

on Plaintiff's privacy interests that would outweigh any potential benefit of disclosure to any issue in this litigation.

Plaintiff also objects that it is overbroad in time in seeking ten years of private, insurance-related information.

Based on those objections, Plaintiff will not be providing a further response to this Interrogatory.

**Interrogatory No. 15:**

State whether plaintiff has applied for or has received any government benefits, including without limitation, worker's compensation, food stamps, social security disability, Medicare and/or Medicaid, within the past 10 years. If so, identify each person/entity who provided benefits, or to whom plaintiff made an application for benefits, and all applicable claim numbers.

**Response to Interrogatory No. 15:**

Plaintiff objects to this Interrogatory as overbroad because it seeks private and sensitive information that is not relevant to any party's claim or defense, and therefore exceeds the scope of Fed.R.Civ.P. 26(b)(1).

On the same grounds, the Interrogatory is burdensome and not proportional to the needs of the case, considering that such discovery would have no value in resolving the issues in the case, but disclosing ten years of private, benefits-related and information would impose serious burdens on Plaintiff's privacy interests that would outweigh any potential benefit of disclosure to any issue in this litigation.

Plaintiff also objects that it is overbroad in time in seeking ten years of private information, including private medical information.

Based on those objections, Plaintiff will not be providing a further response to this Interrogatory.

**Interrogatory No. 16:**

State whether plaintiff made an application or claim for any disability or no-fault insurance coverage within the past 10 years. If so, for each application or claim identify the person/entity to whom plaintiff applied for coverage and all claim numbers.

**Response to Interrogatory No. 16:**

Plaintiff objects to this Interrogatory as overbroad because it seeks private and sensitive information that is not relevant to any party's claim or defense, and therefore exceeds the scope of Fed.R.Civ.P. 26(b)(1).

On the same grounds, the Interrogatory is burdensome and not proportional to the needs of the case, considering that such discovery would have no value in resolving the issues in the case, but disclosing ten years of private information related to insurance claims would impose serious burdens on Plaintiff's privacy interests that would outweigh any potential benefit of disclosure to any issue in this litigation.

Plaintiff also objects that it is overbroad in time in seeking ten years of private, insurance-related information, including private medical information.

Based on those objections, Plaintiff will not be providing a further response to this Interrogatory.

**Interrogatory No. 17:**

Identify all instances prior and subsequent to the Incident, in which plaintiff has made 311 complaints, including the dates, times, and subjects of the complaint, and locations.

**Response to Interrogatory No. 17:**

Pursuant to Fed.R.Civ.P. 33(d), Plaintiff refers Defendants to the Excel spreadsheet, as well as e-mails and other electronic communications, documenting Plaintiff's 311 complaints, disclosed with Plaintiff's February 7, 2023 Initial Disclosures made pursuant to Fed.R.Civ.P. 26(a)(1)(A) and herewith.

21

Beyond those documents and that information, Plaintiff objects to this Interrogatory as unduly burdensome, overbroad, and not proportional to the needs of the case, as searching for any other documentation regarding Plaintiff's 311 complaints – if any exists – would be difficult and time-consuming.

Plaintiff further objects to this Interrogatory as overbroad in that it does not contain any temporal limitation.

Plaintiff further objects to this Interrogatory to the extent that Defendants already possess the information Defendants seek, and because there are less burdensome means of Defendants' obtaining it than making Plaintiff search for it, such as extracting the information from their own databases.

Based on those objections, Plaintiff will not be providing a further response to this Interrogatory.

### PLAINTIFF'S RESPONSE TO DEFENDANTS' DOCUMENT DEMANDS

**Request No. 1:**

Produce all documents identified in your responses to the Interrogatories.

**Response to Request No. 1:**

Subject to and without waiving the objections set forth in the interrogatory responses above, which Plaintiff incorporates by reference,  please see the documents produced with Plaintiff's February 7, 2023 Initial Disclosures made pursuant to Fed.R.Civ.P. 26(a)(1)(A) and herewith.

**Request No. 2:**

Produce all documents and communications concerning the Incident.

**Response to Request No. 2:**

Please see Plaintiff's Response to Interrogatory No. 3 above, including the objections therein, which Plaintiff incorporates by reference.

**Request No. 3:**

Produce all documents concerning any injuries or damages that plaintiff claims were caused or exacerbated by the Incident.

**Response to Request No. 3:**

Please see Plaintiff's Responses to Interrogatories No. 5-7 above, including the objections therein, which Plaintiff incorporates by reference, as well as the documents produced with Plaintiff's February 7, 2023 Initial Disclosures made pursuant to Fed.R.Civ.P. 26(a)(1)(A) and herewith, to the extent the communications or other documents produced reflect Plaintiff's injuries or damages.

**Request No. 4:**

Produce all documents concerning economic damages or losses that plaintiff claims were caused by the Incident.

**Response to Request No. 4:**

Please see Plaintiff's Response to Interrogatory No. 8 above, including the objections therein, which Plaintiff incorporates by reference.

**Request No. 5:**

Produce all documents and communications relating to the defense of any criminal prosecution, appeal or petitions concerning the Incident, including without limitation, the files and documents in the possession of your criminal defense attorneys, appellate attorneys, C.P.L. 440, habeas, or probation or parole attorneys who were in any way involved in any aspect of your prosecution or incarceration.

**Response to Request No. 5:**

Not applicable.

**Request No. 6:**

Produce all documents concerning any complaints, or statements, made by plaintiff or anyone on plaintiff's behalf or communications to any person/entity, including without limitation the media, U.S. Department of Justice, U.S. Attorneys' Office, District Attorney's Office, N.Y.S. Attorney General, CCRB, or NYPD's OIG or IAB, or any law enforcement agency, concerning the Incident.

**Response to Request No. 6:**

Please see Plaintiff's Response to Interrogatory No. 2 above, including the objections therein, which Plaintiff incorporates by reference.

<u>**Request No. 7:**</u>

Produce all photographs, video or audio recordings, or their electronic equivalent (images and/or files on any electronic storage devices such as cell phones, PDA's, computers, CD-ROMs, or DVD's) concerning (a) the Incident, and/or (b) any injuries and/or damages arising from, or caused by or exacerbated by, the Incident. Defendant requests exact duplicates of all images and/or files on any electronic storage device, with all metadata, including without limitation all date, time and location stamps.

**Response to Request No. 7:**

Please see Plaintiff's Response to Interrogatory No. 4 above, including the objections therein, which Plaintiff incorporates by reference.

<u>**Request No. 8**</u>:

Produce all documents concerning the individual defendants or any involved City employees or officers, including, without limitation, documents from the media, internet searches, internet-based social network sites, any on-line databases including the NYC disciplinary databases, NYCLU

database, LAS Cop Accountability Project, CAPstat.nyc, other claims or lawsuits, and/or criminal proceedings.

**Response to Request No. 8:**

This Request calls for attorney work product and/or attorney-client communications. Plaintiff objects to producing attorney work product and attorney-client communications. Plaintiff is not searching for or producing any such information or documents in response to this Request.

Plaintiff further objects to the Request to the extent that it calls for Plaintiffs to produce documents and information that Defendants possess or that are equally available to Defendants.

Plaintiff will not be providing a further response to this Request.

**Request No. 9:**

If plaintiff claims that any pre-existing physical or emotional condition was exacerbated by the Incident, produce all documents concerning the pre-existing injury or condition that was exacerbated by the Incident.

**Response to Request No. 9:**

Not applicable.

**Request No. 10:**

Produce a completed medical release for plaintiff's healthcare records and healthcare insurance coverage records for each person/entity who provided healthcare for any physical or emotional injuries that plaintiff claims arose from, were caused by, or were exacerbated by the Incident (this includes without limitation releases for any EMS service, Central Booking pre-arraignment medical screening, and Correctional Health Services).[3] Copies of the standard NYS

---

[3] Produce a separate medical release for each healthcare provider and/or healthcare insurance coverage provider. The medical releases should be fully executed by plaintiff in the format acceptable to the healthcare provider or healthcare insurance coverage provider to whom it is addressed and should be initialed so as to permit defense counsel to speak to the

HIPAA release and NYCHHC HIPAA release are attached. If plaintiff received healthcare for any emotional injury from any healthcare provider (e.g., psychiatrist, psychologist, therapist, or social worker), for each such entity/person also produce a separate, signed release for psychotherapy notes. A blank psychotherapy note release is attached.

**Response to Request No. 10:**

Not applicable.

**Request No. 11:**

If plaintiff claims that any pre-existing condition was exacerbated by the Incident, produce completed medical releases for plaintiff's healthcare records and healthcare insurance coverage records for plaintiff's records concerning the treatment of any such pre-existing condition in the past 10 years. If plaintiff claims that any pre-existing emotional condition was exacerbated by the Incident, for each healthcare provider who provided healthcare for that condition, also produce a separate release for psychotherapy notes.

**Response to Request No. 11:**

Not applicable.

**Request No. 12:**

Produce completed medical releases for plaintiff's healthcare records for all entities/persons who provided healthcare and health insurance coverage to plaintiff in the past 10 years. Provide separate medical releases for each such person/entity. If plaintiff received healthcare for any emotional injury from any person (for example, psychiatrist, psychologist, therapist, or social worker), also produce a signed release for psychotherapy notes for each such entity/person.

---

healthcare provider. Authorizations for Correctional Health Services records must be addressed to NYC Health & Hospital, CHS Medical Records Unit, 55 Water Street 18th Floor, New York, New York 10041.

**Response to Request No. 12**:

Plaintiff objects to this Request as overbroad because it seeks private and sensitive information that is not relevant to any party's claim or defense, and therefore exceeds the scope of Federal Rule of Civil Procedure 26(b)(1). On the same grounds, it is burdensome and not proportional to the needs of the case, considering that such discovery would have no value in resolving the issues in the case, but disclosing ten years of healthcare and health insurance coverage records and medical releases would impose serious burdens on Plaintiff's privacy interests that would outweigh any potential benefit of disclosure to any issue in this litigation. Plaintiff further objects that the Request is overbroad in time and scope in seeking ten years of irrelevant, private information.

Based on those objections, Plaintiff will not be providing a further response to this Request.

**Request No. 13:**

If plaintiff is claiming loss of earnings, income, or earning capacity, produce all documents upon which the loss is computed, including without limitation tax records (federal and state), employment records, bookkeeping or accounting records, time and attendance records since the Incident, and similar records for ten (10) years before the Incident.

**Response to Request No. 13:**

Not applicable.

**Request No. 14:**

If plaintiff is claiming any loss of earnings, loss of earning capacity or lost income, produce a signed release permitting defendants to obtain plaintiff's employment records from each of plaintiff's employers for the past 5 years. A blank employment record release form is attached. Produce a separate release for each employer.

27

**Response to Request No. 14:**

Not applicable.

**Request No. 15:**

For each separate period of time when plaintiff was unemployed during the past 5 years, produce a signed release permitting defendants to obtain plaintiff's unemployment records.

**Response to Request No. 15:**

Plaintiff objects to this Request because it seeks personal and private employment information that is not relevant to any party's claim or defense, and therefore exceeds the scope of Fed.R.Civ.P. 26(b)(1).

On the same grounds, the Request is unduly burdensome and not proportional to the needs of the case, considering that such discovery would have no value in resolving the issues in the case, but disclosing five years of private employment information would impose serious burdens on Plaintiff's privacy interests that would likely outweigh any potential benefit of disclosure to any issue in the litigation.

Plaintiff further objects that the Request is overbroad in time and scope in seeking five years of irrelevant, private information.

Subject to and without waiving the objections set forth therein, Plaintiff further states the Request is not applicable to her claims, including because she is not claiming any loss of earnings, loss of earning capacity or lost income.

In light of the foregoing, Plaintiff will not be providing a further response to this Request.

**Request No. 16:**

If the plaintiff is claiming loss of earnings, income, or earning capacity, produce a signed release for plaintiff's federal tax records for the years since the Incident and for 5 years before the incident. A blank IRS Form 4506 is attached.

**Response to Request No. 16:**

Not applicable.

**Request No. 17:**

If plaintiff is or was a student on the date of the Incident, produce a signed release for the release of plaintiff's education records including, without limitation, attendance records, transcripts of grades, counseling records and disciplinary records for the past 5 years. The blank education release form is attached. Produce a separate release for each school.

**Response to Request No. 17:**

Not applicable.

**Request No. 18:**

For each claim with any insurance carrier (disability or no-fault) for physical, or emotional injuries within the past ten years, produce a signed release for plaintiff's records. A blank form for the release of insurance records is attached.

**Response to Request No. 18:**

Plaintiff objects to this Request because it seeks personal and private insurance information that is not relevant to any party's claim or defense, and therefore exceeds the scope of Fed.R.Civ.P. 26(b)(1).

On the same grounds, the Request is unduly burdensome and not proportional to the needs of the case, considering that such discovery would have no value in resolving the issues in the case, but disclosing ten years of private insurance information would impose serious burdens on Plaintiff's

privacy interests that would likely outweigh any potential benefit of disclosure to any issue in the litigation.

Plaintiff further objects that the Request is overbroad in time and scope in seeking ten years of irrelevant, private information.

In light of the foregoing, Plaintiff will not be providing a further response to this Request.

**Request No. 19:**

Produce all subpoenas served on any person/entity concerning the Incident, this litigation or plaintiff's injuries or damages that arose from, or were caused or exacerbated by, the Incident, and all documents received in response to any subpoena.

**Response to Request No. 19:**

Not applicable.

**Request No. 20:**

Produce all FOIA/FOIL requests served on any person/entity concerning the Incident, and all documents received in response to any such requests.

**Response to Request No. 20:**

Plaintiff objects to the word "Incident" in this Request as vague because the Interrogatory is not clear which of the many events described in the FAC the use of the word "Incident" refers to in this context, particularly given the scope of Plaintiff's municipal liability claim.

Plaintiff further objects to this Request to the extent it seeks documents that are already in Defendants' care, custody, and control, such as FOIL requests and responses from City agencies, and that it would be less burdensome for Defendants to obtain those documents from those City agencies.

Subject to and without waiving the foregoing objections, limiting Plaintiff's response to FOIL/FOIA requests concerning the August 31, 2021 incident involving Defendant Tiagom Reis, the August 26, 2021 incident involving Defendant Samantha Sturman, the September 10, 2021 incident

involving Defendant John Madera, the October 18, 2021 incident involving Defendants Samantha Sturman and Arthur Sturman, please see the following:

1. Documents related to FOIL request FOIL-2022-858-00023 (SHERWOOD_000088-SHERWOOD_000118)

2. Documents related to FOIL request FOIL-2022-056-06956 (SHERWOOD_000119-SHERWOOD_000126)

3. Documents related to FOIL request FOIL-2022-056-07360 (SHERWOOD_000127-SHERWOOD_000141)

4. Documents related to FOIL request FOIL-2022-056-07443 (SHERWOOD_000142-SHERWOOD_000148)

5. Documents related to FOIL request FOIL-2022-054-00171 (SHERWOOD_000456-SHERWOOD_000457)

6. Documents related to FOIL request FOIL-2022-054-00426 (SHERWOOD_000761-SHERWOOD_000833)

7. Documents related to FOIL request FOIL-2022-054-00451 (SHERWOOD_000744-SHERWOOD_000760)

8. Documents related to FOIL request FOIL-2022-056-07361 (SHERWOOD_000450-SHERWOOD_000455)

9. Documents related to FOIL requests made to the Kings County Brooklyn Attorney's Office (SHERWOOD_000834-SHERWOOD_002105)

10. Documents related to FOIL request FOIL-2022-054-00171 (SHERWOOD_000456-SHERWOOD_000457)

11. Documents related to FOIL request FOIL-2022-056-07361 (SHERWOOD_000450-SHERWOOD_000455)

12. Documents related to FOIL request FOIL-2021-054-00321 (SHERWOOD_000458-SHERWOOD_000732)

13. Email related to FOIL request FOIL-2022-131-00026 (SHERWOOD_000449)

**Request No. 21**:

Produce a signed <u>blanket</u> release under <u>Criminal Procedure Law</u> §§ 160.50 and 160.55 permitting defendants to obtain plaintiff's criminal records, and/or, if applicable, a signed blanket release under the <u>Family Court Act</u> § 375.1 permitting defendants to obtain plaintiff's Family Court records. The <u>blanket</u> release forms are attached.[4]

**Response to Request No. 21:**

Plaintiff objects to this Request because it seeks personal and private criminal history and Family Court information that is not relevant to any party's claim or defense, including information pertaining to arrests or convictions that may be sealed, expunged, or otherwise nullified pursuant to court order or by operation of state law, and therefore exceeds the scope of Fed.R.Civ.P. 26(b)(1).

On the same grounds, the Request is unduly burdensome and not proportional to the needs of the case, considering that such discovery would have no value in resolving the issues in the case, but disclosing <u>blanket</u> criminal history and Family Court information would impose serious burdens on

---

[4] This authorization differs from the authorization that may have been provided at the commencement of this litigation in that it is not limited to just documents pertaining to the arrest and/or prosecution that is the subject of this litigation.

Plaintiff's privacy interests that would likely outweigh any potential benefit of disclosure to any issue in the litigation.

Plaintiff further objects that the Request is overbroad in time and scope in seeking irrelevant, private information with no limitation whatsoever as to time or subject matter.

Plaintiff further objects to the extent that disclosure of responsive documents or information would violate the sealing provisions of New York Criminal Procedure Law §§ 160.50, *et seq.*, and/or any applicable provisions of the Family Court Act.

In light of the foregoing, Plaintiff will not be providing a further response to this Request.

**Request No. 22:**

Produce (a) all expert disclosures required pursuant to Federal Rule 26(a)(2) and (b) all communications that (i) concern compensation for the expert's study or testimony, (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed, and (iii) identify assumptions that the party's attorney provided and upon which the expert relied in forming the opinions to be expressed.

**Response to Request No. 22:**

Plaintiff objects to this Request to the extent it calls for information relating to expert disclosures to be provided before the time(s) set forth in the Federal Rules of Civil Procedure and/or by orders of this Court.

Plaintiff will provide expert disclosures as required under the Federal Rules of Civil Procedure and pursuant to any applicable schedule ordered by this Court.

**Request No. 23:**

Produce all documents concerning any claims against the City or its agents, servants or employees concerning the Incident, including without limitation all notices of claim, communications with the City Comptroller or its agents, 50-H hearing transcripts, and errata sheets relating thereto.

33

**Response to Request No. 23:**

Plaintiff refers Defendants to Plaintiff's Notices of Claim, previously produced as SHERWOOD_000270-SHERWOOD_000279 and SHERWOOD_000374-SHERWOOD_000384.

Plaintiff also refers Defendants to the letter from the NYC Office of the Comptroller acknowledging receipt of Plaintiff's Notice of Claim for Claim No. 2022PI035003, previously produced as SHERWOOD_000279.

Plaintiff further refers Defendants to the letter from the NYC Office of the Comptroller acknowledging receipt of Plaintiff's Notice of Claim for Claim No. 2023PI001721, produced herewith as SHERWOOD_002126.

**Request No. 24:**

Produce all retainer agreements, referral agreements, time and expense records and legal bills concerning the Incident or all criminal, administrative, and civil proceedings or prosecutions concerning the Incident, including this litigation.

**Response to Request No. 24:**

This Request calls for attorney work product and/or attorney-client communications. Plaintiff objects to producing attorney work product and attorney-client communications. Plaintiff is not searching for or producing any such information or documents in response to this Request.

Plaintiff further objects to this Request as overbroad and not proportional to the needs of the case because it seeks sensitive and private information that is not relevant to any party's claim or defense, and therefore exceeds the scope of Fed.R.Civ.P. 26(b)(1).

Plaintiff will not be providing a further response to this Request.

**Request No. 25:**

Produce all documents concerning any legal or litigation financing or funding from any person for any claims or lawsuits concerning the Incident.

34

**Response to Request No. 25**:

Plaintiff objects to this Request as overbroad and not proportional to the needs of the case because it seeks personal and private information that is not relevant to any party's claim or defense, and therefore exceeds the scope of Fed.R.Civ.P. 26(b)(1).

Plaintiff will not be providing a further response to this Request.

DATED:      May 4, 2023
            Brooklyn, New York

**GIDEON ORION OLIVER**

277 Broadway, Suite 1501
New York, NY  10007
t: 718-783-3682
f: 646-349-2914
Gideon@GideonLaw.com

/s/

**COHEN&GREEN P.L.L.C.**
1639 Centre Street, Suite 216
Ridgewood, New York 11385
(929) 888.9480 (telephone)
(929) 888.9457 (facsimile)
remy@femmelaw.com

35

## <u>VERIFICATION OF SUBSTANTIVE INTERROGATORY RESPONSES</u>

I, JUSTIN SHERWOOD**,** hereby declare under penalty of perjury that the following is true and correct: I have read the answers to the interrogatories above and they are true and correct to the best of my knowledge, information, and belief, except as to any objections interposed by counsel and any matters stated therein to be upon information and belief, and as to those matters I believe them to be true.

**Dated: May 4, 2023**
      **Brooklyn, New York**

_____
JUSTIN SHERWOOD

36