**Gideon Orion Oliver**
—ATTORNEY AT LAW—
He/him/his

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914*

*Not for service

May 30, 2023

**BY ECF**
Hon. Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Justin Sherwood v. City of New York, et al.,* 22-cv-7505 (BMC)

Your Honor:

    I am co-counsel for Plaintiff Justin Sherwood. I write to update the Court regarding developments in the case since Plaintiff submitted the May 22, 2023 application to adjourn the fact discovery deadline by 90 days (ECF 55).

    On May 23, 2023, counsel for Defendants City of New York, Tiagom Reis, and Arthur Sturman provided Plaintiff's counsel with a draft proposed confidentiality stipulation and proposed order. The next day, Plaintiff's counsel provided a draft with tracked proposed changes. However, as seen below, the parties were not, and have not been, able to come to agreement as to a proposed confidentiality stipulation and proposed order.

    On May 24, 2023, counsel for Defendants Reis and Arthur Sturman promised to provide verified responses to Plaintiff's first and second set of interrogatories.

    On or about May 24, 2023, Defendant Madera provided a verification for his responses to Plaintiff's first set of interrogatories and document demands, as well as responses to Plaintiff's second set of interrogatories and document demands[1].

    As of May 25, 2023, the motions to dismiss are fully briefed.

    On May 26, 2023, Defendants City, Reis, and Arthur Sturman provided new written responses and objections to Plaintiff's first set of interrogatories and document demands. They did not produce any additional documents. Many responses indicate Defendants have no responsive records, but that they are still searching for responsive records, and will supplement after 30 days.

---

[1] Unless the Court orders otherwise, the responses to Plaintiff's second set of interrogatories and document demands from those Defendants other than Madera will be due on June 16, 2023.

1

Several responses, such as those that relate to Plaintiff's requests for documents about City investigations and disciplinary proceedings regarding Mr. Sherwood's complaints, say Defendants will produce responsive documents once the Court has entered an appropriate confidentiality order.

Also on May 26, 2023, Mx. Green and I, and Mr. Schemitsch on behalf of Defendants City, Reis, and Arthur Sturman, met and conferred about the parties' dispute over a confidentiality stipulation and proposed order. The parties finalized their draft joint letter outlining their disputes over the confidentiality order over the weekend, and a copy of that letter is attached.

Also on May 26, 2023, Defendants served an offer of judgment pursuant to Fed.R.Civ.P. Rule 68.

After the parties received the Court's order rescheduling today's conference, and then the Court's order explaining why, we scheduled a further meet and confer for noon today. Counsel for all parties were present, and we met and conferred for almost a half hour. As a result of today's meet and confer, the parties came to the following agreements:

- Although both Plaintiff and counsel believe their objections and privilege assertions related to Defendants' interrogatories and document demands seeking information and documents regarding any prior arrests are wholly proper, Plaintiff will disclose responsive information, if any, and provide the requested unsealing release, once the Court has entered a confidentiality order under which Plaintiff can designate responsive information and documents, if any, as confidential or attorney's eyes only. The position of the Defendants represented by the Law Department is that this information should be provided without a confidentiality order.

- Defendant Madera has provide un-redacted versions of the documents he has so far provided in redacted form, which Plaintiff's counsel agrees to treat as attorney's eyes only until the Court resolves the parties' confidentiality dispute.

- Defendant Samantha Sturman will provided verified response to Plaintiff's first and second set of interrogatories, as well as responses and objections to Plaintiff's document demands, no later than June 2, 2023.

As far as counsel are aware, these issues remain for the Court to resolve at this time:

- The motions to dismiss;

- The motion to extend the discovery cutoff;

- Plaintiff's application that the Court "so order" the proposed TextNow subpoena, with the consent of all parties;

- Defendants' application to compel Plaintiff to provide private contact information for his family members, as well as information about any prior arrests, *without* a confidentiality order;

2

- The parties' disputes regarding the confidentiality issues.

On the latter issue, the parties' dispute boils down to whether it is appropriate to categorically designate records regarding City investigations and discipline as confidential. At the meet and confer, Plaintiff's counsel suggested that the parties modify ¶ 2 of the draft so that any party can designate documents and information as confidential as long as they have a good faith basis for doing so, suggesting that Defendants could use a broadly-worded order to designate law enforcement disciplinary records as confidential and Plaintiff could then immediately challenge those designations utilizing the process outlined for raising disputes about confidentiality designations with the Court. However, the parties were unable to come to an agreement and are at an impasse. Defendants represented by the Law Department believe this issue of what documents should be identified as confidential should be addressed as soon possible, namely at the conference.

The parties thank Your Honor for the Court's attention to these matters.

Respectfully submitted,

/S/

Gideon Orion Oliver

3