May 26, 2023

**BY ECF**
Hon. Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

   Re: *Justin Sherwood v. City of New York, et al.,* 22-cv-7505 (BMC)

Your Honor:

   I am co-counsel for Plaintiff Justin Sherwood. I write jointly with counsel for Defendants City of New York, Tiagom Reis, and Arthur Sturman ("Defendants") pursuant to the Court's Individual Practice III(A) to request the Court resolve a dispute as to the form of a confidentiality order in this case.

   Myself and Remy Green, Esq. for Plaintiff, and John Schemitsch, Esq. for Defendants met on this issue over the phone for approximately 10 minutes on May 26, 2023,[1] and reached an impasse specifically on the issue of whether the confidentiality order should specify in advance that police disciplinary records, including the Civilian Complaint Review Board, Internal Affairs Bureau, and Department of Investigation records referred to in the pleadings, are confidential.

   For context, clean versions of Plaintiff's proposed order and Defendants' proposed order are attached as Exhibits 1 and 2 respectively.  A redline between the two is attached as Exhibit 3.

**Plaintiff's Position**

   Defendants essentially seek to have the Court — notwithstanding the legislature's contrary policy choice — **pre**-rule that all disciplinary records are confidential.  That is, their proposed language simply dictates that New York City Police Department … personnel and disciplinary-related records and information" not only **could** be confidential, but "shall."  Ex. 2 ¶ 2.

   That approach fails for two reasons.  First, as Judge Gorenstein recently observed in ruling on the same dispute, it is not best practice to pre-designate *any* category of records, because "it is usually simplest for the parties not to attempt to stipulate to categories of documents that are protectible but rather to allow designation of **any** matter that the designating party in good faith believes is protectible."  *In re N.Y.C. Policing During Summer 2020 Demonstrations*, 2021 U.S. Dist. LEXIS 64949, at *3 (S.D.N.Y. Apr. 2, 2021) (emphasis in original) ("*In re Policing*").  Second, the records Defendants seek to predesignate are not confidential at all — rather, the vast majority of NYPD personnel and disciplinary records are now subject to New York's Freedom of Information

---

[1] That meeting lasted approximately 15 minutes, and took place by phone.  Remy Green and I attended for Plaintiff, and John Schemitsch attended for Defendants.

Law ("FOIL") following the June 12, 2020 repeal of New York Civil Rights Law § 50-a ("§ 50-a"), and therefore presumptively public.[2]

## I.      Pre-Designation is a Poor Approach Generally.

Defendants' approach amounts to having the Court pre-rule on a wide variety of materials — some of which (as set out below) obviously are not confidential as a matter of law.  As Judge Gorenstein observed in rejecting verbatim the same language in *In re Policing*:

> One of the purposes of a confidentiality order is to spare the Court from making rulings on the designation of materials as confidential unnecessarily and to instead institute a process by which such disputes are brought to the Court's attention only when necessary and only in the context of actual records that have been designated. *See generally Auction Houses Antitrust Litigation*, 2001 WL 690042, at *1 (S.D.N.Y. June 19, 2001); *Decarlo v. Archie Comic Publications, Inc.*, 2000 WL 781863, at *1 (S.D.N.Y. June 20, 2000). The fact that a party designates material as confidential is not entitled to any weight if it ever comes to pass that a Court must review that designation. *See Greater Miami Baseball Club Ltd. Partnership v. Selig*, 955 F. Supp. 37, 39 (S.D.N.Y. 1997). Thus, it is usually simplest for the parties not to attempt to stipulate to categories of documents that are protectible but rather to allow designation of **any** matter that the designating party in good faith believes is protectible under Fed. R. Civ. P. 26(c)(1).

> The Court sees no reason to depart from normal practice — particularly given that the parties' letters group together types of documents that may warrant differing treatment. Accordingly, the Court will eliminate the proposed language.

*In re Policing*, 2021 U.S. Dist. LEXIS 64949, at *2-3.

The same principles hold here.  The parties obviously disagree over how to treat certain records.  The Court should not essentially issue an advisory opinion on those records, but should instead wait for specific records — which provide crucial context to the dispute — to be challenged.

Beyond that, as set out above (*see* n. 2, above), and discussed below, the legislature made a clear policy decision that police disciplinary records belong to the public.

## II.     The Records Defendants Seek to Pre-Designate Are Presumptively Public, and Not Subject to Confidentiality.

---

[2] On June 12, 2020, New York's simultaneous repeal of Civil Rights Law § 50-a and enactment of sweeping revisions to FOIL took effect. See S.B. 8496, 243rd Leg., Reg. Sess. (N.Y. 2020); N.Y. Pub. Off. L. §§ 86(6) through 86(9); 87(4-a); 87(4-b); 89(2-b); and 89(2-c). As a result, all "law enforcement disciplinary records" within the meaning of FOIL § 86(6), including records of "law enforcement disciplinary proceeding[s]" within the meaning of FOIL § 86(7), are now presumptively subject to disclosure under FOIL. *See* N.Y. Pub. Off. L §§ 86(6), 86(7); *see also, e.g., New York Civil Liberties Union v. New York City Dep't of Correction*, 213 AD3d 530 (1st Dept. 2023); *New York Civil Liberties Union v. City of Rochester*, 210 AD3d 1400 (4th Dept. 2022); *New York Civil Liberties Union v. City of Syracuse*, 210 AD3d 1401 (4th Dept. 2022); *Matter of Lockwood v Nassau County Police Dept.*, 78 Misc 3d 1219[A], 2023 NY Slip Op 50265[U] (Sup Ct, Nassau County 2023); *New York Civil Liberties Union v New York City Dept. of Correction*, 2022 N.Y. Misc. LEXIS 1741 (Sup Ct, NY County, Apr. 19, 2022); *Rickner Pllc v City of NY*, 2022 N.Y. Misc. LEXIS 2233, at *5-6 (Sup Ct, NY County May 25, 2022); *Matter of Puig v City of Middletown*, 71 Misc 3d 1098 (Sup Ct, Orange County 2021); *Schenectady Police Benevolent Ass'n v. City of Schenectady*, 2020 NY Misc. LEXIS 10947, 2020 NY Slip Op 34346[U], at 8-11 (Sup. Ct., Schenectady Cnty. 2020); *Buffalo Police Benevolent Ass'n, Inc. v. Brown*, 69 Misc. 3d 998, 1004 (Sup. Ct., Erie Cnty. 2020).

Under Rule 26(c)(1), protective orders may be issued "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A party seeking a protective order "has the burden of showing that good cause exists for issuance of that order." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004) (*quoting In re "Agent Orange" Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir. 1987)). The movant — here, Defendants, as to the pre-designation language they demand — must submit a specific, non-conclusory demonstration of fact in order to establish good cause. The movant must also show that the disclosure will result in "a clearly defined, specific and serious injury." Therefore, sweeping allegations of harm that are unsubstantiated by specific examples will not satisfy the Rule 26(c) test. *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 621 F. Supp. 2d 55, 72 (S.D.N.Y. 2007) (internal citations and quotation marks omitted).

First, Defendants cannot possibly establish good cause for a blanket gag order over all police personnel and disciplinary records. Defendants' position is particularly indefensible given that the vast majority of NYPD personnel and disciplinary records are now subject to New York's FOIL, given the repeal of § 50-a. *See, e.g., Uniformed Fire Officers Ass'n v. De Blasio*, 846 F. App'x 25, 29 (2d Cir. 2021) (affirming denial of a preliminary injunction sought by police unions seeking to prevent the disclosure of disciplinary records and removing a temporary stay allowing the records— including allegations that are unsubstantiated, unfounded, and non-final—to be released to the public). Even before the Second Circuit's ruling, a growing consensus of district courts throughout New York have denied confidentiality protections for police employment and disciplinary records since the repeal of § 50-a, holding that there is no longer good cause within the meaning of Rule 26(c)(1) for shielding law enforcement records from disclosure with a protective order. *See, e.g., Mingo v. City of New York*, No. 19 Civ. 5806 (FB) (VMS), 2020 WL 7085359 (E.D.N.Y. Dec. 3, 2020) (denying Defendants' motion for a protective order for police disciplinary records and performance evaluations and allowing only "limited redaction of highly sensitive personal information such as Officer Defendants' home addresses and telephone numbers, social security numbers and the like"); *Casaccia v. City of Rochester*, No. 17-CV-6323 (FPG) (MJP) at *2 (W.D.N.Y. July 7, 2020) (prohibiting defendants from marking "any police personnel or disciplinary records, complaints of misconduct, internal investigatory records, or training materials as 'confidential' as such records are now publicly available"); *see also Walls v. City of New York*, No. 19 Civ. 337 (RPK) (VMS), 2020 WL 6899996, at *6–7 (E.D.N.Y. Nov. 24, 2020) (discussing the impact of the repeal of § 50-a on public access to police disciplinary records)).

Indeed, not only is pre-designating these records inappropriate, but it runs headlong into the "strong presumption [that] exists against granting or maintaining an order of confidentiality" for records subject to freedom-of-information or right-to-know laws. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 791 (3d Cir. 1994).[3]  In determining that all law enforcement disciplinary records should be public, with the exception of certain narrow and enumerated redactions that may be made on privacy grounds,[4] the New York legislature explicitly, and carefully, balanced New York law

---

[3] Or, put differently, to the extent Defendants argue that state FOIL law does not govern federal discovery law, as the City argued for decades when it suited the City, it is often proper to "rel[y] on [such laws] as a helpful guide in the spirit of comity." *King v. Conde*, 121 F.R.D. 180, 187-88 (E.D.N.Y. 1988).

[4] In repealing § 50-a, the legislature amended FOIL to require the redaction of certain specific information prior to disclosing such records, see N.Y. Pub. Off. L §§ 87(4-a) and 89(2-b), and otherwise permits the withholding of only such records related to "minor" or "technical infraction[s]" that "do not involve interactions with members of the public," "are not of public concern," and "are not otherwise connected to [the officer's] investigative, enforcement, training, supervision, or reporting responsibilities," see N.Y. Pub. Off. L §§ 86(9), 87(4-b), 89(2-c)

enforcement officers' privacy interests in protecting such records from disclosure against the strong public interest in disclosure of such law enforcement personnel and disciplinary records, and determined that continuing the regime of secrecy created by former § 50-a would be "contrary to public policy." S.B. 8496, 243rd Leg., Reg. Sess. (N.Y. 2020).

In sum, there is no basis in New York law for the City to make public records confidential, and this Court should not allow the City to do so. Rather, for the reasons above, the Court should enter the confidentiality order proposed by Plaintiff — which preserves all rights Defendants have to designate records, while allowing Plaintiff to challenge those designations as he is entitled to.

**Defendants' position**

The repeal of § 50-a does not affect the confidentiality of documents because § 50-a does not dictate discoverability in federal civil actions. Defendants respectfully request that the Court endorse the proposed Protective Order, attached as Exhibit 2. Discovery in federal litigation is governed by the Federal Rules of Civil Procedure. Therefore, §50-a is not applicable in federal courts because "in cases presenting federal questions, such as [§ 1983], discoverability, privileges, and confidentiality are governed by federal law, not state law." Crosby v. City of New York, 269 F.R.D. 267, 274 (S.D.N.Y. 2010). Specifically, § 50-a "does not govern discovery in federal cases, and there is no analogue in federal law to this provision." Mercado v. Division of New York State Police, 989 F. Supp. 521, 522 (S.D.N.Y. 1998). Federal courts rely on Rule 26 of the Federal Rules of Civil Procedure to determine the discoverability of officers' disciplinary histories, based on relevance and proportionality to the needs of the case. See Fowler-Washington v. City of New York, No. 19 CV 6590 (KAM)(RER), 2020 U.S. Dist. LEXIS 231544, at *11 (E.D.N.Y. Dec. 9, 2020) ("the repeal of 50-a governs what the public can access, not litigants' obligations under the Federal Rules of Civil Procedure"). Thus, the mere fact that certain disciplinary records are now publicly available pursuant to § 50-a does not mean that the records are relevant for the purposes of litigation, or that the entirety of law enforcement personnel and/or disciplinary records are subject to public disclosure.[5]

Moreover, law enforcement officers' disciplinary records should be deemed confidential to protect their privacy interests as well as to prevent other harms from occurring. See Buzzfeed, Inc. v. United States DOJ, No. 17-CV-7949 (VSB), 2019 U.S. Dist. LEXIS 38705, at *24-25 (S.D.N.Y. Mar. 11, 2019); King v. Conde, 121 F.R.D. 180, 189 (E.D.N.Y. 1988). Those harms include: (1) violating the privacy of non-party individuals who appear in said disciplinary records; and (2) discouraging individuals from filing complaints, coming forward as witnesses or being forthright in their interviews with disciplinary bodies. Indeed, Courts have held that confidentiality stipulations are appropriate in these instances, following the repeal of 50-a.  See e.g., Benjamin v. City of New York, 20-CV-2069, ECF No. 21, Transcript of September 22, 2020 Hearing (finding entry of a confidentiality order is appropriate for disciplinary records following the repeal of 50-a); Franklin v. City, 20-CV-3815 (MKV)(Oct. 9, 2020) (finding that the repeal of 50-a does not alter S.D.N.Y. Local Rule 83.10's standing confidentiality order); Elliot v. City, 20-CV-702 (NRB)(Nov. 18, 2020). Making private, sensitive, and/or sealed information pertaining to

---

[5] Subsequent to the repeal of § 50-a, Public Officers Law was amended to reflect that disclosure of disciplinary records is limited to: (1) the complaint or allegations, (2) name of the officer charged, (3) the transcript of any disciplinary hearing, (4) the disposition of the proceeding, and (5) any final written opinions or memos – far less than what plaintiffs are seeking here. N.Y. Pub. Off. Law §86.

non-parties available, with no protections, is an act that cannot be undone. Accordingly, the provision of the attached proposed Protective Order deeming certain disciplinary and personnel files confidential is necessary to prevent these harms.

Thank you for your attention to this matter.

Respectfully submitted,

/S/

Gideon Orion Oliver

# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------x

JUSTIN SHERWOOD,

                                    Plaintiff,

                -against-

CITY OF NEW YORK, ET AL.,

                              Defendants.

-----------------------------------------------------------------------------x

**STIPULATION AND
ORDER OF
CONFIDENTIALITY**

22-CV-7505 (BMC)

       **WHEREAS**, the parties intend to produce certain documents pursuant to Rule 26

of the Federal Rules of Civil Procedure that they deem to be confidential or otherwise inappropriate

for public disclosure; and

       **WHEREAS**, the parties seek to ensure that the confidentiality of these documents

and information remain protected; and

       **WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of

the Federal Rules of Civil Procedure;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and

among the attorneys for plaintiff and defendants, as follows:

       1.     As used herein, "Action" shall mean the pending action  captioned <u>Justin</u>

<u>Sherwood v. City of New York, et al.</u>, 22-CV-7505 (BMC).

       2.     "Confidential Materials" shall mean any portion of documents that contains

nonpublic business, commercial, financial, or personal information, the public disclosure of which

is either restricted by law or would likely, in the good faith opinion of the producing person,

seriously harm the producing person's business, commercial, financial, or personal interests or

cause the producing person to violate his, her, or its privacy or confidentiality obligations to others,

including but not limited to: (a) home addresses, non-business phone numbers, or personal e-mail addresses contained in New York City Police Department ("NYPD") records; (b) plaintiffs' and witness' medical records; and (c) records related to plaintiffs' sealed arrests that were not related to the incident(s) underlying the Complaints. Documents shall not be designated "Confidential Materials" to the extent that they relate to the incident(s) underlying the Complaints in the Actions or are otherwise publicly available. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated..

3.      As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party in the Actions who is not the "Producing Party," as defined herein, for that document or information.

4.      A Receiving Party and that party's attorneys shall not use Confidential Materials produced in discovery in the Actions for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

5.      A Receiving Party shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

a.      Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

b.      Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of

- 2 -

litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

c.    Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), the Receiving Party's attorney shall provide each such person with a copy of this Stipulation and Order of Confidentiality, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. The attorneys for a Receiving Party shall retain the signed consent and furnish a copy to the Producing Party's attorney upon request at a deposition or immediately before trial, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

6.    The Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the relevant portions of copies of the designated

transcript in their possession or under their control as directed by the Producing Party or that party's counsel.

7.      If a Receiving Party objects to the designation of any Confidential Materials as confidential, the Receiving Party shall state such objection in writing to the Producing Party, and counsel shall in good faith attempt to resolve such conflict.  If the conflict cannot be resolved among counsel, the Receiving Party's attorneys may request that the Court remove the designation. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

8.      Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request.  No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

9.      Nothing in this Stipulation shall be construed to limit a Producing Party's use of its own Confidential Materials in any manner, or to limit the use of Confidential Materials or their contents to the extent that they are publicly available or have been provided to a party through other lawful means, such as a public records request..

10.     This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

11.     This Stipulation will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including

- 4 -

all copies and non-conforming copies thereof, shall remain confidential for all time.  Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose without prior Court approval.

        12.    The Court will retain jurisdiction over all persons subject to this Stipulation to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.  Additionally, the Court reserves the right, in its sole discretion, to modify this Stipulation and Order of Confidentiality at any time.

**[SIGNATURES ON FOLLOWING PAGE]**

Dated:  May 24, 2023
         New York, NY

GIDEON OLIVER                          HON. SYLVIA O. HINDS-RADIX
Attorney at Law                        Corporation Counsel of the City of New York
*Attorney for Plaintiff*               *Attorney for defendants City, and Officers Sturman*
277 Broadway                           *and Reis*
Suite 1501                             100 Church Street
New York, NY 10007                     New York, NY 10007



By: _____       By: _____
      GIDEON OLIVER                          JOHN SCHEMITSCH



DOUGLAS LABARBERA                      JOHN BURNS
Worth, Longworth and London LLP        Karasyk & Moschella, LLP
*Attorney for Officer Madera*          *Attorney for Detecive Sturman*
111 John Street                        233 Broadway
Suite 640                              Suite 2340
New York, NY 10038                     New York, NY 10279



By: _____       By: _____
      DOUGLAS LABARBERA                      JOHN BURNS



SO ORDERED:

_____
THE HONORABLE BRIAN M. COGAN
UNITED STATES MAGISTRATE JUDGE

DATED:  _____

<u>EXHIBIT A</u>

The undersigned hereby acknowledges that they have read the Stipulation and Order of Confidentiality entered in the United States District Court for the Eastern District of New York dated May 24, 2023, in the action entitled <u>Justin Sherwood v. City of New York, et al.</u>, 22-CV-7505 (BMC), and understand the terms thereof.  The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____                    _____
              Date                                                                    Signature

                                                                       _____
                                                                                    Print Name

# Exhibit 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------x

JUSTIN SHERWOOD,

                                    Plaintiff,

                    -against-

CITY OF NEW YORK, ET AL.,

                                    Defendants.

------------------------------------------------------------------------------x

**STIPULATION AND
ORDER OF
CONFIDENTIALITY**

22-CV-7505 (BMC)

**WHEREAS**, the parties intend to produce certain documents pursuant to Rule 26

of the Federal Rules of Civil Procedure that they deem to be confidential or otherwise inappropriate

for public disclosure; and

**WHEREAS**, the parties will only produce these documents if appropriate

protection for their confidentiality is assured; and

**WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of

the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and

among the attorneys for plaintiff and defendants, as follows:

1.      As used herein, "Action" shall mean the pending action between plaintiff

and defendants captioned <u>Justin Sherwood v. City of New York, et al.</u>, 22-CV-7505 (BMC).

2.      "Confidential Materials" shall mean (a) New York City Police Department

("NYPD") personnel and disciplinary-related records and information, and records of

investigations regarding the conduct of Members of the Service of the NYPD conducted by the

NYPD, the Civilian Complaint Review Board, or other agencies and (b) other documents and

information that may in good faith, during the pendency of this litigation, be designated

"Confidential Material" by the defendants or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent that they are otherwise publicly available.

3.      As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party in the Actions who is not the "Producing Party," as defined herein, for that document or information.

4.      A Receiving Party and that party's attorneys shall not use Confidential Materials produced in discovery in the Actions for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

5.      A Receiving Party shall not use Confidential Materials produced in discovery in this Action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

6.      Plaintiff's attorney shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

a.      Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

b.      Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

- 2 -

c.      Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), the Receiving Party's attorney shall provide each such person with a copy of this Stipulation and Order of Confidentiality, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. The attorneys for a Receiving Party shall retain the signed consent and furnish a copy to the Producing Party's attorney upon request at a deposition or immediately before trial, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

7.      The Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded (during which time the entire deposition will be considered "Confidential"), of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that party's counsel.

8.      If a Receiving Party objects to the designation of any Confidential Materials as confidential, the Receiving Party shall state such objection in writing to the Producing Party, and counsel shall in good faith attempt to resolve such conflict.  If the conflict cannot be resolved among counsel, the Receiving Party's attorneys shall, request that the Court remove the designation.  Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

9.      Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request.  No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

10.     Nothing in this Stipulation shall be construed to limit a Producing Party's use of its own Confidential Materials in any manner.

11.     This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

12.     This Stipulation will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time.  Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose without prior Court approval.

- 4 -

13.    The Court will retain jurisdiction over all persons subject to this Stipulation to the extent necessary to enforce any obligations arising hereunder or to impose

sanctions for any contempt thereof. Additionally, the Court reserves the right, in its sole discretion,

to modify this Stipulation and Order of Confidentiality at any time.

Dated: May 23, 2023
      New York, NY

| | |
|---|---|
| GIDEON OLIVER | HON. SYLVIA O. HINDS-RADIX |
| Attorney at Law | Corporation Counsel of the City of New York |
| *Attorney for Plaintiff* | *Attorney for defendants City, and Officers Sturman* |
| 277 Broadway | *and Reis* |
| Suite 1501 | 100 Church Street |
| New York, NY 10007 | New York, NY 10007 |

By: _____    By: _____
     GIDEON OLIVER              JOHN SCHEMITSCH

| | |
|---|---|
| DOUGLAS LABARBERA | JOHN BURNS |
| Worth, Longworth and London LLP | Karasyk & Moschella, LLP |
| *Attorney for Officer Madera* | *Attorney for Detecive Sturman* |
| 111 John Street | 233 Broadway |
| Suite 640 | Suite 2340 |
| New York, NY 10038 | New York, NY 10279 |

By: _____    By: _____
     DOUGLAS LABARBERA       JOHN BURNS

SO ORDERED:

_____
THE HONORABLE BRIAN M. COGAN
UNITED STATES MAGISTRATE JUDGE

DATED: _____

- 6 -

## EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the Stipulation and Order of Confidentiality entered in the United States District Court for the Eastern District of New York dated May 23, 2021, in the action entitled Justin Sherwood v. City of New York, et al., 22-CV-7505 (BMC), and understands the terms thereof.   The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____                    _____
Date                                                               Signature


                                                                   _____
                                                                   Print Name


                                                                   _____
                                                                   Occupation

# Exhibit 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x

JUSTIN SHERWOOD,                                    **STIPULATION AND
                                                    ORDER OF
                                  Plaintiff,        CONFIDENTIALITY**

        -against-                                   22-CV-7505 (BMC)

CITY OF NEW YORK, ET AL.,

                                  Defendants.

---------------------------------------------------------------------------x

        **WHEREAS**, the parties intend to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem to be confidential or otherwise inappropriate for public disclosure; and

        **WHEREAS,** the parties seek to ensure that the confidentiality of these documents and information remain protectedthe parties will only produce these documents if appropriate protection for their confidentiality is assured; and

        **WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the attorneys for plaintiff and defendants, as follows:

        1.      As used herein, "Action" shall mean the pending action between plaintiff and defendants captioned Justin Sherwood v. City of New York, et al., 22-CV-7505 (BMC).

        2.      "Confidential Materials" shall mean any portion of documents that contains nonpublic business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or

personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others, including but not limited to: (a) home addresses, non-business phone numbers, or personal e-mail addresses contained in New York City Police Department ("NYPD") records; (b) plaintiffs' and witness' medical records; and (c) records related to plaintiffs' sealed arrests that were not related to the incident(s) underlying the Complaints. Documents shall not be designated "Confidential Materials" to the extent that they relate to the incident(s) underlying the Complaints in the Actions or are otherwise publicly available. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.~~(a) New York City Police Department ("NYPD") personnel and disciplinary related records and information, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agencies and (b) other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Material" by the defendants or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent that they are otherwise publicly available~~.

3.      As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party in the Actions who is not the "Producing Party," as defined herein, for that document or information.

4.      A Receiving Party and that party's attorneys shall not use Confidential Materials produced in discovery in the Actions for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

5. A Receiving Party shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions: use Confidential Materials produced in discovery in this Action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

6. Plaintiff's attorney shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

a. Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

b. Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), the Receiving Party's attorney shall provide each such person with a copy of this Stipulation and Order of Confidentiality, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. The attorneys for a Receiving Party shall retain the signed consent and furnish a copy to the Producing Party's

- 3 -

attorney upon request at a deposition or immediately before trial, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

7.6.    The Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded (during which time the entire deposition will be considered "Confidential"), of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the relevant portions of copies of the designated transcript in their possession or under their control as directed by the Producing Party or that party's counsel.

8.7.    If a Receiving Party objects to the designation of any Confidential Materials as confidential, the Receiving Party shall state such objection in writing to the Producing Party, and counsel shall in good faith attempt to resolve such conflict.  If the conflict cannot be resolved among counsel, the Receiving Party's attorneys shallmay, request that the Court remove the designation.  Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

9.8.    Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential

- 4 -

Materials and shall indicate whether any other party objects to that request.  No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

10.9.   Nothing in this Stipulation shall be construed to limit a Producing Party's use of its own Confidential Materials in any manner, or to limit the use of Confidential Materials or their contents to the extent that they are publicly available or have been provided to a party through other lawful means, such as a FOIL public records request..

11.10.  This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

12.11.  This Stipulation will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed.  All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time.  Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose without prior Court approval.

13.     The Court will retain jurisdiction over all persons subject to this Stipulation to the extent necessary to enforce any obligations arising hereunder or to impose

sanctions for any contempt thereof. Additionally, the Court reserves the right, in its sole discretion, to modify this Stipulation and Order of Confidentiality at any time.

**[SIGNATURES ON FOLLOWING PAGE]**

Formatted: Font: Bold

Formatted: Centered

- 6 -

Dated:  May 2~~43~~, 2023
       New York, NY

GIDEON OLIVER                                HON. SYLVIA O. HINDS-RADIX
Attorney at Law                             Corporation Counsel of the City of New York
*Attorney for Plaintiff*                     *Attorney for defendants City, and Officers Sturman*
277 Broadway                                *and Reis*
Suite 1501                                  100 Church Street
New York, NY 10007                          New York, NY 10007

By: _____                  By: _____
    GIDEON OLIVER                           JOHN SCHEMITSCH

DOUGLAS LABARBERA                            JOHN BURNS
Worth, Longworth and London LLP             Karasyk & Moschella, LLP
*Attorney for Officer Madera*                *Attorney for Detecive Sturman*
111 John Street                             233 Broadway
Suite 640                                   Suite 2340
New York, NY 10038                          New York, NY 10279

By: _____                  By: _____
    DOUGLAS LABARBERA                       JOHN BURNS

SO ORDERED:

_____
THE HONORABLE BRIAN M. COGAN
UNITED STATES MAGISTRATE JUDGE

DATED: _____

- 7 -

<u>EXHIBIT A</u>

The undersigned hereby acknowledges that ~~(s)he has~~they have read the Stipulation and Order of Confidentiality entered in the United States District Court for the Eastern District of New York dated May 2~~43~~, 202~~31~~, in the action entitled <u>Justin Sherwood v. City of New York, et al.</u>, 22-CV-7505 (BMC), and understand~~s~~ the terms thereof.  The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____

Date

_____

Signature

_____

Print Name

~~_____~~

~~Occupation~~