

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **JOHN SCHEMITSCH**<br>*Senior Counsel*<br>phone: (212) 356-3539<br>fax: (212) 356-1148<br>jschemit@law.nyc.gov |

June 2, 2023

**VIA ECF**
Honorable Brian Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:   <u>Justin Sherwood v. City of New York, et al.</u>, 22-cv-7505 (BMC)

Your Honor:

        I am a Senior Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants City of New York, Officer Reis, and Officer Sturman. Defendants submit the attached proposed Order of Confidentiality following the conference held on May 30, 2023. (<u>See</u> Exhibit A). Plaintiff opposes ¶2(a) of the attached proposed order and proposes that the Court strike it. The parties met and conferred via phone on June 1, 2023.

**Defendants' Position:**

        Defendants believe that the attached proposed Order of Confidentiality comports with the Court's order at the May 30, 2023 conference. Plaintiff opposes subsection (a) of paragraph 2 of the proposed order, which notes that ""Confidential Materials" shall mean any (a) New York City Police Department ("NYPD") personnel and disciplinary-related records and information, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agencies, which are not otherwise publicly available[.]" At the conference, when discussing whether NYPD disciplinary records would be confidential, the Court ordered entry of a confidentiality order, in particular noting as to disciplinary records it would designate what is not publicly available as confidential. As such, defendants believe the proposed language, which designates disciplinary records, "*which are not otherwise publicly available*" as confidential, comports with the Court's determinations, as was discussed at the conference. Additionally, defendants believe that this proposed order conforms with the present state of the law, and can submit cases in support (<u>see e.g.</u>, <u>Benjamin v. City of New York</u>, 20-CV-2069, ECF No. 21, Transcript of September 22, 2020 Hearing (finding entry of a confidentiality order is appropriate for disciplinary records following

the repeal of 50-a), however given the Court has ruled on this issue at the May 30, 2023 conference, defendants believe this issue is resolved.

       Thank you for your consideration herein.

**Plaintiff's Position:**

       Plaintiff's counsel recall and/or understand the conference and the Court's rulings somewhat differently than Defendants'. Defendants' position is, we think, essentially a reprise of the same position the Court rejected. We had hoped to have the transcript[1] to be able to sort out this disagreement, but, although we ordered it on an expedited basis immediately after the appearance, it is not yet ready.

       Plaintiff proposed that Defendants strike ¶2(a) from their proposed order. We hoped through that simple proposal to avoid bringing any issues to the Court for resolution. But Defendants have refused. Plaintiff now asks that the Court strike ¶2(a) and enter the proposed order without it. If the Court grants this application, Defendants can still designate law enforcement disciplinary records as confidential, if they believe they have a good faith basis for doing so. If Defendants designate law enforcement disciplinary records as confidential, Plaintiff can – and likely will – then challenge that designation, at the appropriate point in the litigation.

       On Plaintiff's view, the language Defendants propose in ¶2(a) is problematic on its face, because it creates a presumption that all law enforcement disciplinary records are confidential, unless they are otherwise publicly available. Defendants use the phrase "otherwise publicly available" as a carve-out from a category that is automatically confidential, and in that context, the phrase is either unclear or inconsistent with New York law.[2] As explained more fully in Plaintiff's May 26, 2023 letter regarding the protective order issue (ECF 59-1), while law enforcement disciplinary records were treated as presumptively confidential under New York law prior to the June 2020 repeal of New York Civil Rights Law 50-a, since the 50-a repeal and accompanying changes to New York's FOIL, those records are presumptively public, with the exception of certain

---

[1] Plaintiff began attempting to order the transcript immediately following the conference, asking for a speed that allowed us to have it to review before submitting the Order. Early this morning, the Court Reporter responded that our e-mails went into her spam folder, and, as a result, Plaintiff does not have the benefit of the transcript on this issue.

[2] That is, if "otherwise publicly available" means that a record is confidential unless it is literally, currently available to the public, the order is inconsistent with New York's Freedom of Information Law (or "FOIL"), as discussed at the conference. If it simply means potentially available under FOIL, that is not inconsistent, but as explained above, could cause some problems. *See, e.g., In re N.Y.C. Policing During Summer 2020 Demonstrations*, 2021 U.S. Dist. LEXIS 64949, at *3-4 (S.D.N.Y. Apr. 2, 2021) ("*In re Policing*").

enumerated categories of information like home addresses, non-business phone numbers, or personal e-mail addresses.[3]

We respectfully submit that the better path — and to the best of our recollection, the one the Court already charted — flips Defendants' approach on its head. Instead of attempting to resolve the parties' dispute about whether law enforcement disciplinary records are confidential now, an Order — like the one recently issued by Judge Gorenstein in the consolidated protest cases — should allow designation of records that "in the good faith opinion of the producing person" should be confidential, and then just carve out that "[d]ocuments shall not be designated 'Confidential Materials' to the extent that they … are otherwise publicly available" (defusing the need for the parties to litigate that term). Order, *In re New York City Policing During Summer 2020 Demonstrations*, 20-cv-8924, Dkt. No. 115, ¶ 2 (S.D.N.Y., Apr. 2, 2021). That path appropriate leaves the litigation of specific claims of confidentiality for a different "stage of the case." *In re Policing*, at *4.

---

[3] On June 12, 2020, New York's simultaneous repeal of Civil Rights Law § 50-a and enactment of sweeping revisions to FOIL took effect. See S.B. 8496, 243rd Leg., Reg. Sess. (N.Y. 2020); N.Y. Pub. Off. L. §§ 86(6) through 86(9); 87(4-a); 87(4-b); 89(2-b); and 89(2-c). As a result, all "law enforcement disciplinary records" within the meaning of FOIL § 86(6), including records of "law enforcement disciplinary proceeding[s]" within the meaning of FOIL § 86(7), are now presumptively subject to disclosure under FOIL. *See* N.Y. Pub. Off. L §§ 86(6), 86(7); *see also, e.g., Walls v. City of New York*, No. 19 Civ. 337 (RPK)(VMS), 2020 WL 6899996, 2020 US Dist. LEXIS 220046, at *24 (EDNY Nov. 24, 2020) (rejecting Defendants' application for a protective order that would have designated certain entries on CCRB and NYPD disciplinary records confidential, noting that redaction of "limited private police officer information from disclosure" such as "officer social security numbers, home addresses and private member names" would be appropriate); *Mingo v. City of New York*, No. 19-CV-5806 (FB)(VMS), 2020 U.S. Dist. LEXIS 229918, 2020 WL 7085359 (EDNY Dec. 3, 2020) (same); *Casaccia v. City of Rochester*, No. 17-CV-6323 (FPG)(MJP), Dkt. No. 85 (WDNY July 7, 2020) (prohibiting Defendants from marking "any police personnel or disciplinary records, complaints of misconduct, internal investigatory records, or training materials as 'confidential' as such records are now publicly available" and reasoning that "[b]ecause New York Civil Rights Law was repealed . . . the police officer personnel and disciplinary records previously produced by the City Defendants in this case . . . are no longer 'confidential'"); *New York Civil Liberties Union v. New York City Dep't of Correction*, 213 AD3d 530 (1st Dept. 2023); *New York Civil Liberties Union v. City of Rochester*, 210 AD3d 1400 (4th Dept. 2022); *New York Civil Liberties Union v. City of Syracuse*, 210 AD3d 1401 (4th Dept. 2022); *Matter of Lockwood v Nassau County Police Dept.*, 78 Misc 3d 1219[A], 2023 NY Slip Op 50265[U] (Sup Ct, Nassau County 2023); *New York Civil Liberties Union v New York City Dept. of Correction*, 2022 N.Y. Misc. LEXIS 1741 (Sup Ct, NY County, Apr. 19, 2022); *Rickner Pllc v City of NY*, 2022 N.Y. Misc. LEXIS 2233, at *5-6 (Sup Ct, NY County May 25, 2022); *Matter of Puig v City of Middletown*, 71 Misc 3d 1098 (Sup Ct, Orange County 2021); *Schenectady Police Benevolent Ass'n v. City of Schenectady*, 2020 NY Misc. LEXIS 10947, 2020 NY Slip Op 34346[U], at 8-11 (Sup. Ct., Schenectady Cnty. 2020); *Buffalo Police Benevolent Ass'n, Inc. v. Brown*, 69 Misc. 3d 998, 1004 (Sup. Ct., Erie Cnty. 2020).

Plaintiff therefore asks that the Court strike ¶2(a) from Defendants' proposed confidentiality order.

Respectfully submitted,

/s/
John Schemitsch
*Senior Counsel*

cc: **VIA ECF**
*All Counsel of Record*