UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x

JUSTIN SHERWOOD,

                                    Plaintiff,

       -against-

CITY OF NEW YORK, ET AL.,

                                  Defendants.

**[PROPOSED] ORDER OF CONFIDENTIALITY**

22-CV-7505 (BMC)

-----------------------------------------------------------------------------x

**WHEREAS**, by Order dated May 30, 2023, the Hon. Brian M. Cogan directed that certain documents produced in the course of discovery are confidential; and

**WHEREAS**, the parties intend to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem to be confidential or otherwise inappropriate for public disclosure; and

**WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**IT IS HEREBY ORDERED:**

1.    As used herein, "Action" shall mean the pending action between plaintiff and defendants captioned <u>Justin Sherwood v. City of New York, et al.</u>, 22-CV-7505 (BMC).

2.    "Confidential Materials" shall mean any (a) New York City Police Department ("NYPD") personnel and disciplinary-related records and information, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agencies, which are not otherwise publicly available, (b) personal identifying and contact information of non-party witnesses to this action, (c) documents and information pertaining to plaintiff's arrest and conviction history,

including documents obtained through executed releases for access to plaintiff's records that may be sealed pursuant to N.Y. C.P.L. §§ 160.50 and 160.55, and (d) other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Material" by the parties or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent that they are otherwise publicly available.

       3.      The parties shall not use Confidential Materials produced in discovery in this Action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

       4.      As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party in the Actions who is not the "Producing Party," as defined herein, for that document or information.

       5.      A Receiving Party and that party's attorneys shall not use Confidential Materials produced in discovery in the Actions for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

       6.      A Receiving Party shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

       a.      Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

       b.      Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of

          litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

      c.      Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), the Receiving Party's attorney shall provide each such person with a copy of this Order of Confidentiality, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. The Receiving Party's attorney shall retain the signed consent and furnish a copy to the Producing Party's attorney upon request at a deposition or immediately before trial, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

      7.      The Producing Party or their counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded (during which time the entire deposition will be considered "Confidential"), of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will

be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or their counsel.

8. If a Receiving Party objects to the designation of any Confidential Materials as confidential, the Receiving Party counsel shall state such objection in writing to the Producing Party, and the Producing Party shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the Receiving Party's attorneys shall, within 45 days of the initial objection, request that the Court remove the designation. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

9. Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

10. Nothing in this Order shall be construed to limit the Producing Party's use of their own Confidential Materials in any manner.

11. This Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

12. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the

Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party, or anyone receiving confidential documents pursuant to paragraph 6 herein, for any purpose without prior Court approval.

13.  The Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.  Additionally, the Court reserves the right, in its sole discretion, to modify this Order of Confidentiality at any time.

Dated: _____, 2023
         New York, NY

_____
THE HONORABLE BRIAN M. COGAN
UNITED STATES MAGISTRATE JUDGE

<u>EXHIBIT A</u>

The undersigned hereby acknowledges that (s)he has read the Order of Confidentiality entered in the United States District Court for the Eastern District of New York dated _____, 2023, in the action entitled <u>Justin Sherwood v. City of New York, et al.</u>, 22-CV-7505 (BMC), and understands the terms thereof.  The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____  
Date

_____  
Signature

_____  
Print Name

_____  
Occupation