

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914*

*Not for service*

September 27, 2023

**BY ECF**
Hon. Brian M. Cogan, United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

    Re:    *Justin Sherwood v. City of New York, et al.*, 22-cv-7505 (BMC)

Your Honor:

    I am co-counsel for Plaintiff. As set out below, Plaintiff hereby seeks a 30-day extension of the time for Plaintiff to move to de-designate certain records the Defendants represented by the Law Department (the "City Defendants") have designated as confidential under the Confidentiality Order at ECF No. 60-1 (So Ordered through the Court's June 5, 2023 Minute Order). In the alternative, Plaintiff asks for a 30-day extension of time to file a final stipulation and proposed order memorializing the terms of the settlement among the parties. Plaintiff is not including the City Defendants' position in this letter because, although Plaintiff understands the City Defendants will either join or consent, Plaintiff does not yet have their sign-off on a proposed joint application, or their position to include here.[1]

    As the parties noted in their June 29, 2023 letter, the parties have reached a settlement in principle. As detailed in the August 8, 2023 letter at ECF No. 62, two issues remained for the parties to resolve. Namely, as the parties explained in that joint letter: (1) the amount of attorneys' fees, costs, and expenses involved; and (2) "whether certain documents disclosed by Defendants in discovery warrant treatment as 'Confidential' under the protective order in the case," with the understanding that Plaintiff would be "making an application to the Court to rule" on confidentiality if an agreement could not be reached. As it stands, the parties have reached an agreement on the amount of attorney's fees, costs, and expenses, so the only remaining issue is the propriety of Defendants' blanket designations of records related to City agency investigations as confidential. On the latter issue, Paragraph 8 of the Confidentiality Order provides that a party objecting to a confidentiality designation must make an application within 45 days of objecting to that designation. Plaintiff served objections to the City Defendants' designations as to a list of specified documents on August

---

[1] Soon after a series of late afternoon phone conferences with the City Defendants' counsel, but after close of business, at the City Defendants' request, Plaintiff provided them with a proposed letter-application, soliciting their input and making it clear Plaintiff would be filing a letter with the Court this evening, one way or another. Although we followed up by e-mail and by phone, the City Defendants have not yet responded.

16, 2023, making any motion due on October 2, 2023[2] at the latest. Although Plaintiff has followed up with the City Defendants repeatedly over these past almost 45 days, reminding them of the need to resolve this issue and tomorrow's deadline, the City Defendants have not yet responded to Plaintiff's objections, claiming for the first time late this afternoon to need more time. Additionally, although Plaintiff proposed language to cover the parties' remaining dispute about confidentiality in a proposed settlement stipulation nearly two weeks ago, and followed up repeatedly, also late this afternoon, for the first time, the City Defendants responded they would not consent to including any language about the outstanding confidentiality dispute in a settlement stipulation.

Under the Confidentiality Order itself, the Court will retain jurisdiction to enforce the terms of the Confidentiality Order after the case is dismissed. Therefore, if the Court grants Plaintiff's application, the parties could finalize and file the stipulation and proposed order memorializing the settlement as to all but the outstanding confidentiality issues tomorrow, leaving the confidentiality issues to resolve separately.

In light of the above, therefore, Plaintiff seeks a 30-day extension of the time to make an application under Paragraph 8 of Confidentiality Order, if the parties cannot come to an agreement about the outstanding confidentiality issues within that time period. Since the parties' discussions have revealed that some remaining dispute is likely, Plaintiff also asks that the Court set a briefing schedule for such a motion as follows, with the understanding that the parties would inform the Court if they are able to resolve the dispute without intervention:

| | |
|---|---|
| Motion due: | Monday, October 30, 2023 |
| Opposition due: | Monday, November 13, 2023 |
| Reply, if any, due: | Monday, November 20, 2023 |

In the alternative, if the Court does not grant Plaintiff's application for additional time within which to make an application to remove the contested confidentiality designations, Plaintiff asks for an additional 30 days (until Monday, October 30, 2023), during which Plaintiff would move to remove the contested confidentiality designations (by October 2, 2023) and continue negotiations on that issue with the City Defendants, with the hope of coming to an agreement while Plaintiff's application is pending.

As always, Plaintiff and Plaintiff's counsel thank Your Honor for the Court's attention to these matters.

Respectfully submitted,

/S/

Gideon Orion Oliver

---

[2] Although the 45 days will run on September 30, 2023, as that is a Saturday, the deadline would be Monday, October 2, 2023.