# STATE OF NEW YORK

_____

8496

# IN SENATE

June 6, 2020
_____

Introduced by Sen. BAILEY -- read twice and ordered printed, and when printed to be committed to the Committee on Codes

AN ACT to amend the civil rights law and the public officers law, in relation to the disclosure of law enforcement disciplinary records; and to repeal section 50-a of the civil rights law relating thereto

*The People of the State of New York, represented in Senate and Assembly, do enact as follows:*

```
 1   Section 1. Section 50-a of the civil rights law is REPEALED.
 2   § 2. Section 86 of the public officers law is amended by adding four
 3  new subdivisions 6, 7, 8 and 9 to read as follows:
 4   6. "Law enforcement disciplinary records" means any record created in
 5  furtherance of a law enforcement disciplinary proceeding, including, but
 6  not limited to:
 7   (a) the complaints, allegations, and charges against an employee;
 8   (b) the name of the employee complained of or charged;
 9   (c) the transcript of any disciplinary trial or hearing, including any
10  exhibits introduced at such trial or hearing;
11   (d) the disposition of any disciplinary proceeding; and
12   (e) the final written opinion or memorandum supporting the disposition
13  and discipline imposed including the agency's complete factual findings
14  and its analysis of the conduct and appropriate discipline of the
15  covered employee.
16   7. "Law enforcement disciplinary proceeding" means the commencement of
17  any investigation and any subsequent hearing or disciplinary action
18  conducted by a law enforcement agency.
19   8. "Law enforcement agency" means a police agency or department of the
20  state or any political subdivision thereof, including authorities or
21  agencies maintaining police forces of individuals defined as police
22  officers in section 1.20 of the criminal procedure law, a sheriff's
23  department, the department of corrections and community supervision, a
24  local department of correction, a local probation department, a fire
25  department, or force of individuals employed as firefighters or
26  firefighter/paramedics.
```

EXPLANATION--Matter in *italics* (underscored) is new; matter in brackets
[ ] is old law to be omitted.

LBD16577-06-0

S. 8496                                    2

 9. "Technical infraction" means a minor rule violation by a person employed by a law enforcement agency as defined in this section as a police officer, peace officer, or firefighter or firefighter/paramedic, solely related to the enforcement of administrative departmental rules that (a) do not involve interactions with members of the public, (b) are not of public concern, and (c) are not otherwise connected to such person's investigative, enforcement, training, supervision, or reporting responsibilities.

§ 3. Section 87 of the public officers law is amended by adding two new subdivisions 4-a and 4-b to read as follows:

4-a. A law enforcement agency responding to a request for law enforcement disciplinary records as defined in section eighty-six of this article shall redact any portion of such record containing the information specified in subdivision two-b of section eighty-nine of this article prior to disclosing such record under this article.

4-b. A law enforcement agency responding to a request for law enforcement disciplinary records, as defined in section eighty-six of this article, may redact any portion of such record containing the information specified in subdivision two-c of section eighty-nine of this article prior to disclosing such record under this article.

§ 4. Section 89 of the public officers law is amended by adding two new subdivisions 2-b and 2-c to read as follows:

2-b. For records that constitute law enforcement disciplinary records as defined in subdivision six of section eighty-six of this article, a law enforcement agency shall redact the following information from such records prior to disclosing such records under this article:

(a) items involving the medical history of a person employed by a law enforcement agency as defined in section eighty-six of this article as a police officer, peace officer, or firefighter or firefighter/paramedic, not including records obtained during the course of an agency's investigation of such person's misconduct that are relevant to the disposition of such investigation;

(b) the home addresses, personal telephone numbers, personal cell phone numbers, personal e-mail addresses of a person employed by a law enforcement agency as defined in section eighty-six of this article as a police officer, peace officer, or firefighter or firefighter/paramedic, or a family member of such a person, a complainant or any other person named in a law enforcement disciplinary record, except where required pursuant to article fourteen of the civil service law, or in accordance with subdivision four of section two hundred eight of the civil service law, or as otherwise required by law. This paragraph shall not prohibit other provisions of law regarding work-related, publicly available information such as title, salary, and dates of employment;

(c) any social security numbers; or

(d) disclosure of the use of an employee assistance program, mental health service, or substance abuse assistance service by a person employed by a law enforcement agency as defined in section eighty-six of this article as a police officer, peace officer, or firefighter or firefighter/paramedic, unless such use is mandated by a law enforcement disciplinary proceeding that may otherwise be disclosed pursuant to this article.

2-c. For records that constitute "law enforcement disciplinary records" as defined in subdivision six of section eighty-six of this article, a law enforcement agency may redact records pertaining to technical infractions as defined in subdivision nine of section eighty-six of this article prior to disclosing such records under this article.

```
   S. 8496                            3

1     § 5. This act shall take effect immediately.
```