# S8496 (ACTIVE) - Details

See Assembly Version of this Bill:
   [A10611](A10611)
Law Section:
   Civil Rights Law
Laws Affected:
   Rpld §50-a, Civ Rts L; amd §§86, 87 & 89, Pub Off L

# S8496 (ACTIVE) - Summary

Relates to the disclosure of law enforcement disciplinary records.

# S8496 (ACTIVE) - Sponsor Memo

```
BILL NUMBER: S8496

SPONSOR: BAILEY

TITLE OF BILL:

An act to amend the civil rights law and the public officers law, in
relation to the disclosure of law enforcement disciplinary records; and
to repeal section 50-a of the civil rights law relating thereto


PURPOSE:

To repeal Civil Rights Law § 50-a.


SUMMARY OF PROVISIONS:

Section 1 repeals Civil Rights Law § 50-a.

Section 2 defines law enforcement agency (including police agencies and
departments, sheriffs departments, the Department of Corrections and
Community Supervision, local corrections and probation departments, fire
departments, and forces of individuals employed as firefighters or
firefighter/paramedics), law enforcement disciplinary proceeding, law
enforcement disciplinary records, and technical infraction.

Section 3 requires a law enforcement agency responding to a request for
law enforcement disciplinary records to redact specific categories of
personal information from the record before disclosing the record, and
allows the agency to redact portions of the record that only contain
minor, technical infractions that do not involve interactions with the
public, are not of public concern, and are not connected to the offi-
cer's investigative, enforcement, training, supervision, or reporting
responsibilities.

Section 4 provides the specific types of personal information that must
```

be redacted from a law enforcement agency's response to a request for disciplinary records.

Section 5 provides the effective date.

JUSTIFICATION:

Section 50-a of the New York State Civil Rights Law creates a special right of privacy for the "personnel records used to evaluate performance toward continued employment or promotion" of police officers, correction officers, and firefighters/paramedics employed by the State or political subdivisions, as well as those of peace officers working for the Department of Corrections and Community Supervision or local probation departments.

This exemption was adopted in 1976 by the Legislature in order to prevent criminal defense attorneys from using these records in cross-examinations of police witnesses during criminal prosecutions. However, current law, as narrowly interpreted by the Court of Appeals, prevents access to both the records of the disciplinary proceedings themselves and the recommendations or outcomes of those proceedings.

According to the 2014 annual report by the State Committee on Open Government to the Governor and the State Legislature, "this narrow exemption has been expanded in the courts to allow police departments to withhold from the public virtually any record that contains any information that could conceivably be used to evaluate the performance of a police officer."

Due to the interpretation of § 50-a, records of complaints or findings of law enforcement misconduct that have not resulted in criminal charges against an officer are almost entirely inaccessible to the public or to victims of police brutality, excessive use of force, or other misconduct. The State Committee on Open Government has stated that § 50-a "creates a legal shield that prohibits disclosure, even when it is known that misconduct has occurred." FOIL's public policy goals, which are to make government agencies and their employees accountable to the public, are thus undermined. Police-involved killings by law enforcement officials who have had histories of misconduct complaints, and in some cases recommendations of departmental charges, have increased the need to make these records more accessible.

FOIL already provides that agencies may redact or withhold information whose disclosure would constitute an unwarranted invasion of privacy. Recent changes to the Civil Service Law have created additional, non-discretionary protections against the release of certain sensitive information such as contact information. Furthermore, this bill adds additional safeguards in the FOIL statute. Finally, courts have the ability to protect against improper cross-examination and determine if police records are admissible in a trial, without the denial of public access to information regarding police activity created by § 50-a. The broad prohibition on disclosure created by § 50-a is therefore unnecessary, and can be repealed as contrary to public policy.

Repeal of § 50-a will help the public regain trust that law enforcement officers and agencies may be held accountable for misconduct.

LEGISLATIVE HISTORY:

New Bill

FISCAL IMPLICATIONS:

TBD

LOCAL FISCAL IMPLICATIONS:

TBD

EFFECTIVE DATE:
Immediately