# CCRB INVESTIGATIVE RECOMMENDATION

| Investigator: Lydia Woolley | Team: Squad #13 | CCRB Case #: 202105089 | ☐ Force  ☑ Discourt.  ☐ U.S. <br> ☐ Abuse  ☑ O.L.  ☐ Injury |
|---|---|---|---|

| Incident Date(s) Thursday, 08/26/2021  11:01 AM | Location of Incident: Over the phone | Precinct: 84 | 18 Mo. SOL 2/26/2023 | EO SOL 2/26/2023 |
|---|---|---|---|---|

| Date/Time CV Reported Thu, 08/26/2021  11:52 AM | CV Reported At: CCRB | How CV Reported: On-line website | Date/Time Received at CCRB Thu, 08/26/2021  11:52 AM |
|---|---|---|---|

| Complainant/Victim | Type | Home Address |
|---|---|---|
| ████████ | ████ | ████████████ |

| Subject Officer(s) | Shield | TaxID | Command |
|---|---|---|---|
| 1. DTS Samantha Sturman | 03035 | 947521 | 084 PCT |

| Witness Officer(s) | Shield No | Tax No | Cmd Name |
|---|---|---|---|
| 1. POF Jamie Williamson | 05873 | 955666 | 084 PCT |

| Officer(s) | Allegation | Investigator Recommendation |
|---|---|---|
| A.DTS Samantha Sturman | Off. Language: Detective Samantha Sturman made remarks to §87(2)(b) based upon the gender of §87(2)(b) | ████████ |
| B.DTS Samantha Sturman | Discourtesy: Detective Samantha Sturman spoke discourteously to §87(2)(b) | ████████ |
| C.DTS Samantha Sturman | Discourtesy: Detective Samantha Sturman acted discourteously toward §87(2)(b) | ████████ |

**Case Summary**

On August 26, 2021, █████████████████ filed this complaint via the CCRB website. This case was added to the agency's sensitive case list due to an article about this incident posted to StreetsBlog NYC on October 18, 2021 (**Board Review 11**).

On August 26, 2021, at 11:01 a.m., Detective Samantha Sturman called ███████s cell phone to discuss 311 complaints he had filed. Det. Sturman called ████████ a "dickhead" (**Allegation A: Offensive Language,** █████████ **Allegation B: Discourtesy,** ████████ and hung up the phone (**Allegation C: Discourtesy,** ████████ No arrest or summons resulted from this incident.

███████████ provided an audio recording of the phone call, which he recorded on his cell phone, to the investigation. The audio recording is in IA #3 (**Board Review 01**) and summarized in IA #7 (**Board Review 02**). There is no body worn camera (BWC) footage of this incident. The nature of the incident did not require the use of BWC as per the Patrol Guide.

**Findings and Recommendations**

**Allegation (A) Offensive Language: Detective Samantha Sturman made remarks to** ████████ **████████ based upon the gender of** █████████

**Allegation (B) Discourtesy: Detective Samantha Sturman spoke discourteously to** ████████

**Allegation (C) Discourtesy: Detective Samantha Sturman acted discourteously toward** █████████

███████████ testified that, on the morning of the incident, he filed approximately 20 complaints via 311 regarding illegally parked vehicles (**Board Review 03**). Det. Sturman called ████████ at 11:01 a.m. His statement was largely consistent with an audio recording of the phone call he provided when he filed this complaint. In the audio recording, Det. Sturman introduces herself by rank, last name, and command (**Board Review 01**). She asks if ████████ would like to come into the precinct to speak with community affairs and neighborhood coordination officers about his 311 complaints. ████████ says he would not like to come in and that Det. Sturman can address his concerns by not parking in the bike lane. ████████ says it is Det. Sturman's job to stop people from parking in bicycle lanes. At 00:55, ████████ says, "Go fuck off." At 00:58, Det. Sturman says, "Stop calling, dickhead," and the recording ends.

Det. Sturman said she was on patrol with her partner, Police Officer Jamie Williamson of the 84th Precinct, when she was assigned ████████s five complaints which he had filed that morning (**Board Review 04**). Det. Sturman called ████████ on speakerphone from her patrol car. Her description of the dialogue in the beginning of the call was largely consistent with the recording, though she quoted ████████ as saying, "Do your fucking job and fuck off, bitch." Without further conversation, she hung up the phone because there was "nothing else to say." Initially, Det. Sturman did not recall saying anything to ████████ after he said "fuck off." When presented with the audio recording, Det. Sturman acknowledged that she said, "Stop calling, dickhead." She said that, during the phone call, she thought she had hung up after ████████ said "fuck off." She meant to make the "dickhead" comment about ████████ to PO Williamson after hanging up with ████████

NYPD Patrol Guide, Procedure 200-02, notes that officers must render their services with courtesy and civility (**Board Review 05**). NYPD Patrol Guide, Procedure 203-10, notes that members of the service are prohibited from using discourteous or disrespectful remarks regarding someone's gender (**Board Review 06**). During stressful street encounters where an officer is attempting to maintain control of the situation, profane remarks may not constitute misconduct. However, gratuitous use of

**CCRB Case # 202105089**

profane language is unprofessional in other situations. <u>DCT Case #2018-18950</u> (**Board Review 10**).

Det. Sturman acknowledged hanging up on ██ § 87(2)(b) ██ and said she did so because "there was nothing left to say." The audio recording confirms that immediately prior to hanging up, she told him, "Stop calling, dickhead." Though Det. Sturman denied directing this language at ██ she acknowledged making the statement about him, and though she said she believed she had disengaged the call prior to making the statement, the fact that ██ § 87(2)(b) ██ heard the comment and provided an audio recording of the comment being made proves that Det. Sturman did not in fact disengage the call prior to making the statement. The term "dickhead" is inherently offensive in that it refers specifically to male genitalia. As defined by Merriam-Webster dictionary, the term is reserved for use against "a stupid, contemptible, or annoying man" (**Board Review 12**), and thus insults men with reference to their gender.

§ 87(2)(b), § 87(2)(g)
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
█████████████████████████████████.

### Civilian and Officer CCRB Histories

- § 87(2)(b)
  ███████████████████████████
  ████████████████
  ██ ██████████████████████████
  ███████
  ██ ██████████████████████████
  ████████████████████
  ██ ████████████████████████████
  ██████████████
- Det. Sturman has been a member of service for 13 years and has been a subject in four CCRB complaints and seven allegations, none of which were substantiated. § 87(2)(g) ███████
  █████████████████████████████

### Mediation, Civil, and Criminal Histories

- This complaint was not suitable for mediation.
- As of September 9, 2021, the New York City Office of the Comptroller has no record of a Notice of Claim being filed in regards to this complaint (**Board Review 08**).
- § 87(2)(b)
  ███████████████████████████████

_____

Squad:      ___13___

Investigator:    ___Lydia Woolley___      ___Inv. Lydia Woolley___      ___10/25/2021___
                 Signature                Print Title & Name           Date

**CCRB Case # 202105089**

Squad Leader:    <u>Laura Kastner</u>          <u>IM Laura Kastner</u>          <u>10/25/2021</u>
                    Signature              Print Title & Name              Date